**KISSINGER N. SIBANDA Esq, Attorney at Law,** *Pro Se*
The Law Offices of Kissinger N. Sibanda Esq
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID ELISON, DAVID BENIOFF, BILLY RAY, DARREN LEMKE, SKYDANCE PRODUCTIONS, LLC, a California Limited Company; and GEMINI PICTURES, LLC, a California Limited Liability Company.<br><br>*Defendants.* | **Case No:**<br><br>COMPLAINT:<br><br>DEMAND FOR JURY TRIAL<br><br><u>Federal Copyright Infringement:</u><br><br>17 U.S.C. §§ 101 et seq.,<br><br><u>Conspiracy to Deprive Legal Right</u>:<br><br>18 U.S.C. § 241 |

1. Plaintiff Kissinger N. Sibanda is an attorney, legal scholar, and science fiction writer (Plaintiff). The author of the science fiction novel "The Return to Gibraltar." Hereby alleges as follows:

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

**NATURE OF THE ACTION**

2. This is an action for federal copyright infringement of plaintiff's copyright asserted by Plaintiff against Defendants pursuant to the copyright laws of the United States, 17 U.S.C. §§ 101 et seq, and for such other relief as the Court deems just and proper.

**PARTIES**

**All individual parties are sued in their official and unofficial capacity.**

3. Plaintiff is an individual residing and domiciled in New Jersey. He is a licensed attorney and writer; and holds a PhD in Law (SJD) from Suffolk School of Law from Boston Massachusetts. Plaintiff is the owner of all copyright(s) in the book Return to Gibraltar (the "Book") and resides in New Jersey, reasonably close to this District where defendants execute an inordinate amount of business.

4. Defendant David Ellison produced "Gemini Men," and is CEO of all Skydance properties including Skydance LLC; and Skydance Media LLC. He over sees acquisition of intellectual property and was formerly an actor.

5. Defendants DAVID ELISON (CEO), SKYDANCE PRODUCTIONS, LLC, a California Limited Liability Company and GEMINI PICTURES, LLC, a California Limited Liability Company, produced and marketed "Gemini Men" to the public.

6. Defendants DAVID BENIOFF, BILLY RAY AND DARREN LEMKE are credited as writers of the film "Gemini Men." These three defendants marketed their film "Gemini Men" into the District. Copyright infringement has occurred in the District

because the film was screened HERE and the DVD sold into this District. All three defendants also substantial business ties to this District.

7. In addition, all defendants market their films and conduct business in this District making millions from targeting this District thus their contacts with this District are systemic and continuous satisfying *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Specific personal jurisdiction and long arm jurisdiction is proper under *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286 (1980) because defendants' revenue is extensive from their film(s) in the District and defendants have continuous and formal business ties with this District, now and in the future. Defendants screened "Gemini Men[1]," in New York from October 2019 to early 2020; injury has occurred in this district because of these screenings.

8. Furthermore, upon information and belief, Defendant Skydance Productions, LLC is a California limited liability company with its principal place of business in Santa Monica, California. Defendant Gemini Pictures, LLC is a California limited liability company with its principal place of business in Santa Monica, California but *conducts* substantial business in New York. Specifically, all defendants produced and marketed "Gemini Men" into this District and into the channels of commerce in New York despite being incorporated in Santa Monica. Defendants also conduct substantial business in New York through marketing and selling other goods (films) into this District. Thus, Defendants have entered their goods in general and specifically the

---

[1] The film received generally negative reviews.

- 3 -

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

film, "Gemini Men," into the stream of commerce in New York and into this District specifically, subjecting them to specific personal jurisdiction. *Id.*

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 (original federal jurisdiction) because there is federal jurisdiction based on federal law: 17 U.S.C §§ 101 et seq. And diversity jurisdiction, 28 U.S.C. §§1332, because parties have diverse state citizenship: New Jersey (plaintiff) and California (defendants), and the controversy is above $75,000. Even if there is no complete diversity jurisdiction between parties, this court has federal question jurisdiction under 28 U.S.C. §§1331.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400 because events occurred in this district and parties are in need of a venue to adjudicate this controversy.

11. The Court has personal jurisdiction over all Defendants. Defendants have conducted business in and directed to New York, including by making "Gemini Men," available for sale in New York. *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286 (1980). Furthermore, pursuant to 28 U.S.C 1391 a (2):

the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

## FACTUAL BACKGROUND

12. Plaintiff, Kissinger N. Sibanda wrote and published his book the "Return to Gibraltar" in August 11, 2011. The book details an African American who is cloned and used in a time travelling program without his permission. In marketing the book,

plaintiff Sibanda asserted that it would be a good fit for Will Smith as the lead. Exhibit: **C**.

13. In 2019, Defendants released the Picture, Gemini Men, directed by Ang Lee and starring Will Smith, Mary Elizabeth Winstead, Clive Owen, and Benedict Wong. The Picture follows a former hitman who is targeted by a younger clone of himself while on the run from the government. The defendants struggled to make the movie until plaintiff released his book in 2011, thereafter they changed the film's marketing strategy - taking themes, plots, characterizations, context, and cultural subtexts from the book to create their movie, "Gemini Men." Despite this, the Picture is regarded as a flop because the script is not well integrated[2]. And despite signing Will Smith as the lead[3].

14. While signing Will Smith as the lead in "Gemini Men," is not conclusive of copyright theft; it's the transformation of the Caucasian lead into a black lead based on "The Return to Gibraltar's" narrative, characters, cultural ethos and context as a model, which is the copyright infringement; specifically when such use and similarity to the

---

[2] Maher, Kevin (October 11, 2019). "Gemini Man review — someone order a hit on the shaky cameras and bad script". The Times. ISSN 0140-0460. https://www.thetimes.co.uk/article/gemini-man-review-someone-order-a-hit-on-the-shaky-cameras-and-bad-script-c2cf9ndjk Retrieved July 4th, 2023.

[3] Defendants filed for declaratory judgment in California, in a favorable forum with favorable precedent (*Cadkin v. Loose*); a type of forum shopping – seeking to have the two creative products- the Picture and the Book "declared as independent works which do not infringe each other; a defensive tactic. That attempt at declaratory judgment failed. However, for close to three years this matter has been in the wrong forum because defendants filed a request for declaratory judgment in the wrong forum. *See*, *Skydance Development et al v. Kissinger Sibanda* (Central District of California) (2:20-cv-08145 – CBM-JC). This was abuse of process and a conspiracy to deprive plaintiff of their legal copyright. It is discussed further in the second cause of action *infra*.

book is uncredited or given due recognition. "Gemini Men," as a movie, is simply put strikingly and substantially like "The Return to Gibraltar[4]."

15. Defendants struggled to make "Gemini Men" as follows: The screenplay for the Picture (the "Screenplay") was first written by Darren Lemke in 1997 (then titled The Cloning Project). The Screenplay was acquired by Walt Disney Pictures in 1997 and then by Plaintiffs in 2016., though out this developmengt defendants were unable to produce their film. Defendants initially cast Clint Eastwood, a white actor for the role but that changed when "The Return to Gibraltar," was published. Insert: Exhibit: **A.** There after the lead character in "Gemini Men," **H**enry **B**rogan became black, like the protagonist in "The Return to Gibraltar," **H**orace **B**ates. The similar initials of the protagonists, **HB**, in the two works of art is also worth noting[5].

---

[4] As an example, when the "Terminator," movie starring Arnold Schwarzenegger was made, appropriate credit is given to Harlan Ellison for the similarities of his books with the final "Terminator" movie. Unfortunately, this was done only after Ellison filed suit and fought for such recognition.

[5] The author's name is Kissinger N. Sibanda, and his nickname among friends is "Henry," after his namesake – Henry Kissinger.

- 6 -

COMPLAINT FOR COPYRIGHT INFRINGEMENT.



16. The publication of "The Return to Gibraltar," provided a fee meal for the defendants; not only did the book detail the cultural importance of the protagonist as a black person in a cinematic form (Exhibit: **A and C**), but it explained cloning and its science in the context of a complete narrative story; not just "ideas and facts" but a complete narrative pace and climax. In addition to use of the literary tool of deception in a cloned army used against the protagonist (documented in Exhibit: **A**).  Interesting enough, the protagonist in "The Return to Gibraltar" is a Harvard man, similarly to the younger version of the Will Smith clone in "Gemini Men."

**Narrative Theft:**

17. Such narrative elements lifted from the book provided the hook in rescripting defendants unproduced and unproductive script which they struggled to produce for

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

many years before the book was published. Insert: Exhibit: **A**. Most prominent of the copyright infringement is the stealing of the textual context of cloning the lead Henry Brogan character played by WILL Smith into an army without his permission and using this as a clandestine military unit: this is exactly what happens to the protagonist in "The Return to Gibraltar," – Horace Arthur Bates, whose DNA is used to clone a whole army of time travellers. (The process, context and manner of cloning was copied.) *See also*, *Baker v. Selden*, 101 U.S. 99 (1879); stating that description of processes can be copyrighted. Furthermore, author Kissinger N. Sibanda, reiterated that the lead for any adaptation of "The Return to Gibraltar," into a film would be perfect for Will Smith. Exhibit: **C** (*From Qunu to Big Apple*).



COMPLAINT FOR COPYRIGHT INFRINGEMENT.

18. On August 21, August 30, and September 1, 2020, Plaintiff sent emails to counsel for defendants asserting copyright infringement of the Book. Accordingly, the statute of limitations has not expired as three years have not passed since the initial notice of infringement on August 21, 2020[6].

19. Defendants thereafter filed a complaint for declaratory judgment in the Central District of California against plaintiff, despite knowing that plaintiff is domiciled in New Jersey. Ultimately defendants voluntarily dismissed their case against plaintiff. The issue of attorney fees triggered by filing the action in the wrong district was appealed in the Ninth Circuit but surprisingly affirmed. The California Forum refused to penalize its citizens for abuse of process and the copyright laws by forum shopping with the intension to render the statute of limitations for plaintiff's copyright infringement time-barred by filing in the wrong forum.

20. Plaintiff believes firmly that defendants' initial court action against plaintiff filed in Central California, the wrong forum, was deliberately intended not to adjudicate the underlying controversy but to waste-away the three-year statute of limitations on a copyright action in the wrong forum. A clever litigation tactic, which takes away from copyright holders their right to litigate controversies to a finality in the correct forum. A blueprint for other forum shoppers to do the same – file in the wrong forum and exhaust plaintiff's claim.

---

[6] This complaint/action falls within the three-year statute of limitation from August 21, 2020, expiring August 21, 2023.

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

**Contact With Defendants Regrading Copyrighted Material**

21. On or around early 2012, plaintiff shared with Will Smith's then stunt double at the time the book, its contents and they had a discussion regarding South Africa and Cape town. Plaintiff does not recall the actual name of the stunt double, but it was regarding possibly playing Hannibal Barca in plaintiff's work in development – "Hannibal the Great." The stunt double had recently returned from Cape Town, South Africa and limited discovery can produce the name given that defendants have all the names of Will Smith's stunt doubles on file.

22. In addition, on August 2013, after extensive clearance and approval, plaintiff mailed William Morris Endeavor (WME), to the attention of Dick Wolf, a copy of the book for possible development into a T.V. series entitled "D:SI," a television adoption of the "Return to Gibraltar." Exhibit: **D** (The Release). Defendants CEO, David Ellison shares the same legal representative (Ziffren Brittenham) with Dick Wolf. The two (Dick Wolf and David Ellison) know each other through David Ellison's father – Larry Ellison) and have a working relationship.

23. The two instances; Will smith's stunt double and WME submission, are proof of contact with plaintiff's copyrighted material. Notwithstanding that the book was available for publication and purchase after August 2011 on amazon and other outlets. These contact examples are not exhaustive because discovery has not occurred, but it is cited here as examples of known contact and provable contact and to demonstrate to the tribunal that this action is meritorious and not subjective and

satisfies Federal Rule of Civil Procedure Rule 8, on notice pleading regarding copyright infringement – contact and infringement.

24. Plaintiff also submits the book, "The Return to Gibraltar," and "Gemini Men," as physical exhibits attached to this complaint – Exhibits: **A** and **B** respectfully and mailed to the court.

## Legal Standard

25. Here, Plaintiff Kissinger N. Sibanda satisfies the legal requirements for copyright infringement under 17 U.S.C. § 106, because he <u>holds</u> a valid copyright in a published work, "The Return to Gibraltar." The first requirement. The infringement has <u>occurred by producing</u> a different creative work with striking and substantial similarities[7] to Sibanda's copyright in defendants' film, "Gemini Men," without Sibanda's acknowledgement, compensation or permission. The second requirement. Not merely the ideas and facts are substantially similar i.e., cloning, military abuse of cloning – but the *process* by which it is done to a black lead within the context of a plot, theme, and context – a copyrighted process has been stolen. In addition to the cinematic marketing hooks to the story to generate maximum market revenue by casting will Smith as the lead.

## AS FOR FIRST CAUSE OF ACTION

---

[7] This strikingly similarities and substantial likeness between "The Return to Gibraltar," and "Gemini Men," are triable facts and protected by law under 17 U.S.C. §§ 106 and 106 A.

17 U.S.C. §§ 101 et seq

(To all defendants)

26. Plaintiff repeats and realleges the allegations in paragraph 1 through 25 as if fully set forth herein. Defendants' Motion Picture, Gemini Men, infringes a valid and enforceable copyright in the Book, "The Return to Gibraltar," because it stole themes, plots, characters, context, and subtext from the Book without proper authorization or permission in violation of plaintiff's copyright pursuant to 17 U.S.C. §§ 101 et seq. This stolen narrative/process as described in the book, was not limited to mere merely facts and ideas but the actual three-plot narrative for a complete story, how the lead character evolves from his naivety to discovering he was in fact cloned. An analogy is "Julius Caesar" by William Shakespeare: one has to see a representation of the play to understand when plagiarism has occurred, not merely the fact that the play deals with Caesar. The adaptation of Shakespeare's Julius Caesar to modern settings, slight changes in costume, the race of characters playing Caesar – does not change the fact that it is the original work of William Shakespeare, when the narrative story, pace, language, themes, and plot is factored in, thus any adaptation must still reflect appropriate accreditation[8].

---

[8] Plaintiff does not argue that the whole of "Gemini Men" is an adaptation of "The Return to Gibraltar," but that the heart of Gemini Men was stolen from "The Return To Gibraltar," in a failed bid to resuscitate a sinking ship – the picture. It is accepted that one does not need to steal the whole song to violate the copyright of the original song; a verse, rhythm or a chorus is sufficient. *Williams v. Gaye*, No. 15-56880 (9th Cir. 2018) – The Blurred Lines case. When Alex Hailey was sued for copyright infringement for "Roots," it boiled down to minute but strikingly similar passages in Hailey's book with the work of Harold Courlander's "The African;" specifically the language describing Kunta Kinte's abduction while looking for a tree trunk to make a drum, and the use of the calling "'Yoo-hooo-ah-hoo"" first used by Harold Coulander in "the African." *See also*, Lee Lazare, "Bethesda Author Settles for $500,000." https://www.washingtonpost.com/archive/politics/1978/12/15/bethesda-author-settles-roots-suit-for-500000/f97b693c-5336-46b3-8ab0-1b19856e8964/ Retrieved July 3rd, 2023:

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

27. Furthermore, plaintiff has a valid, legal, and legitimate copyright in "The Return to Gibraltar," which defendants do not dispute, register in 2011 and made public in August of 2011.  Exhibit: **E** (Library of congress record of copyright for "The Return to Gibraltar.") Exhibit: **F** (Copyright page from "The Return to Gibraltar").

28. Defendants under the "heart of the book," doctrine pursuant to *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985); stole key copyrighted narratives: plots, characterizations, and scientific backstory and techniques (defamiliarization, romantic protagonist and sympathy) from "The Return to Gibraltar," to resuscitate a failed cinematic production with a white lead, thus creating a feature film using "The Return to Gibraltar," as an uncredited reference and prototype with a successful *black* protagonist – played by Will Smith having been exposed to "The Return to Gibraltar." *See specifically*, Exhibit: **C**. (Article – *From Qunu to Big Apple*.) Defendants failed to give due credit to an earlier work with a narrative story strikingly similar to its own.

---

"Haley testified last month that although he had not read "The African" before writing "Roots," three brief passages from Courlander's work had been inadvertently incorporated in Haley's work.

From "The African": . . . but the hunter is not allowed to fortet. All his senses must be burning. He must hear what the farmer cannot hear. He must smell what others cannot smell . . . his eyes must pierce the darkness."

From "Rotts": " . . . The hunter's senses must be fine. He must hear what others cannot, smell what others cannot. He must see through the darkness."

From "The African": " . . . drifted into sleep . . . Hwesuhunu drifted into wakefulness again. He felt his father's presence in the darkness. He reached out his hand, but there was nothing there to be felt. He spoke aloud, saying, 'So it shall be, I understand. This is the meaning of things.'"

From "Roots": "One night when Kunte had fallen asleep but drifted again into wakefulness . . . he lay staring up into the darkness . . . feeling around him, in some strange way, the presence of his holy-man grandfather, Kunte reached out in the darkness. There was nothing to be felt, but he began speaking aloud to the Alquaran Kairaba Kinta Kunte, imploring him to make know the purpose his mission here . . . "

Pursuant to the *Harper Court* decision, copyright infringement occurs under the heart-of-the-book doctrine when:

> "…the excerpts constituted a quantitatively insubstantial portion of the memoirs, they represented "the heart of the book" and were qualitatively substantial in view of their expressive value and their key role in the infringing work. Finally, noting that the effect of the use upon the potential market for the copyrighted work was the "single most important element of fair use," the Court found that the defendant's use "directly competed for a share of the market" and presented "clear-cut evidence of actual damage." *Id.*

29. In addition, defendants have deliberately reduced the <u>market value</u> of "The Return to Gibraltar," and its subsidiary rights (film) by stealing the originality of the concept, plot lines, characterizations and science-fiction hook and introducing the public to the book's "heart." This has watered down the book's market value and subsequent subsidiary film rights for any feature film – a motive of the defendants; devaluing of "The Return to Gibraltar." This is a real injury not imagined.

30. Defendants continue to reap from plaintiff's handwork without acknowledgement or renumeration for the benefit and plaintiff's foundational handwork and importance of the copyrighted material in the development of their film – Gemini Men.

## AS FOR SECOND CAUSE OF ACTION

**(To all defendants)**

18 U.S.C. § 241:

31. Plaintiff repeats and realleges the allegations in paragraph 1 through 31, as if fully set forth herein. States that pursuant to 18 U.S.C § 241: If two or more persons conspire to **injure**, **oppress**, threaten, or **intimidate** any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same. *Id*

COMPLAINT FOR COPYRIGHT INFRINGEMENT .

32. Defendants jointly conspired/embarked on a scheme to file a declaratory judgment in the wrong forum, California Central District, for purposes of depriving plaintiff of his protected legal remedy under 17 U.S.C. §§ 101 et seq to advocate for copyright infringement in the correct forum. A plain to exhaust plaintiff's right-to-sue by placing the matter in the wrong form. Despite defendants being told, as soon as the lawsuit was filed, that plaintiff did not reside in California, Exhibit: **H**, defendants conspired and continued to exert a concerted effort to file in the wrong forum for purposes of exhausting plaintiff's statute of limitations and forum shopping.

32. When it became clear that plaintiff was about to win his motion to dismiss on lack of personal jurisdiction, defendants voluntarily dismissed their case against plaintiff under Federal Rule of Civil Procedure 41 (a), without a memorandum of law and late into the proceedings. Exhibit: **I**.  In violation of Rule **41 (a)** stating that:

(1) *By the Plaintiff.*

   (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

      (i) a notice of dismissal before the opposing **party serves either an answer** or a motion for summary judgment; or

      (ii) a stipulation of dismissal signed by all parties who have appeared.

33. Thus, defendants found a favourable forum in which to harass plaintiff, and which does not respect the federal rules of civil procedure's Rule 41 (a)  direction as

legislated by congress:[9] i.e. late Rule **41 (a)** voluntary dismissals after a party files and **answer** need to be briefed by both parties and cannot be merely requested and entered by one side, because they are prejudicial. Contrast the legislative language with what defendants did. See, Exhibit. **I** (Defendants late request to dismiss).

34. The deliberate misfiling of a lawsuit, here *Skydance Development LLC et al v. Kissinger Sibanda*, 2:20-cv-01845, in the Central District of California, and then dismissing it, under Rule FRCP Rule 41.a, for purposes of undermining the Copyright Act violates plaintiff's right pursuant to 18 U.S.C. § 241 and constitutes a separate cause of action different from the appeal as this issue was never litigated and no *res judicata* applies. Misfiling was an attempt by defendants to deprive plaintiff of his copyright in a favourable forum, regardless of the issues and facts surrounding plaintiff's actual domicile. Exhibit: **G** (Email to Skydance attorney Ashlee Lin): an abuse of the declaratory judgment act, Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201–02; specifically stating that the Act was not legislated for fencing of claims; *Wilton v. Seven Falls:* The "distinctive feature" that the Court highlighted is the "unique and substantial discretion," which the DJA grants the federal courts. *Wilton*, 515 U.S. at 286. The Supreme Court summarized the general policy underlying *Wilton* as follows: "In the declaratory judgment context, the normal principle that federal courts should

---

[9] In the Initial action, *Skydance Development et al v. Kissinger Sibanda*, 18-cv-0845, filed September 20th, 2020: Sibanda filed his motion to dismiss the action on December 29th, 2020. Defendants then filed their voluntary dismissal notice on July 7th, 2021, after taking limited discovery on the issue (plaintiff's specific jurisdiction) and failing to brief their supplemental brief on the issue. Defendants requested three extensions to file a supplemental brief on Sibanda's personal jurisdiction but ultimately abandoned that purported supplemental. *Id. See also*, Exhibit: **H** (mandate of District Court).

adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. In so holding, the Court reinforced the two policy preferences that motivated the district court in the case: avoidance of piecemeal litigation and prevention of forum shopping. *Id*. at 280.

35. Defendants DAVID BENIOFF, BILLY RAY and DARREN LEMKE, even though claiming to be the originators /writer of "Gemini Men," did not join the initial action for declaratory judgment commenced in the Central District of California. This is surprising because these three defendants, who are credited as writers of "Gemini Men," have the most to lose if the copyright to "Gemini Men" had been adjudicated against them. It is unheard of that writers are omitted from a copyright action questioning whether or not they wrote a creative work: this is the case with the original action commenced by defendants styled *"Skydance Development LLC, Skydance Media LLC, Gemini Pictures v. Kissinger Sibanda."* Nonetheless Skydance LLC acted in their agency and made sufficient representations that their represented David Benioff, Billy Ray and Darren Lemke.

## PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

i. For damages, not limited to compensatory damages, in such amount as may be found, or as otherwise permitted by law; including appropriate credit on the

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

picture "Gemini Men," and percentage royalties to be determined by parties and adjusted to market value.

ii. For plaintiff's attorney's fees, costs, and disbursement in this action and other relevant statutes; and

iii. For punitive damages against defendants.

For such other and further relief as the court may deem just and proper.

Dated: 07/5/2023                                                                                  LIVINGSTON, NJ

By: /s/Kissinger N. Sibanda

**KISSINGER N. SIBANDA ESQ**
The Law Offices of Kissinger N. Sibanda
LL. B (Hons); LL.M (State / Trial); LL.M ( Federal/ Trial)
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 0703

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF Dr. Kissinger N. Sibanda demands a trial by jury.

Date: July 5, 2023

/s/ KISSINGER N. SIBANDA
*Pro Se Plaintiff*

COMPLAINT FOR COPYRIGHT INFRINGEMENT.