UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA,<br><br>       *Plaintiff*,<br><br> -against-<br><br><br>DAVID ELLISON; DAVID BENIOFF; BILLY RAY, DARREN LEMKE; ASHLEE LIN; SKYDANCE PRODUCTIONS, LLC, a California Limited Liability Company; GEMINI PICTURES, LLC, a California Limited Liability Company; and FOSUN PICTURES, INC.,<br><br>       *Defendants*. | Civil Action No. 1:23-CV-05752 (JMF) |

**MOTION OF DEFENDANT ASHLEE LIN
<u>FOR SANCTIONS PURSUANT TO RULE 11</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 5
II.  FACTUAL BACKGROUND......................................................................................... 6
     A. Procedural History .................................................................................................. 6
     B. Plaintiff Engages in Harassing Conduct Demonstrating Animus Towards Ms. Lin ........... 7
     C. Plaintiff's Claim for "Conspiracy to Deprive Legal Right" .............................................. 10
     D. Ms. Lin's Compliance with Rule 11(c)(2) ............................................................... 11
III. ARGUMENT.................................................................................................................. 11
     A. Legal Standard ...................................................................................................... 11
     B. Although Pro Se, Plaintiff Is a Practicing Litigator Who Should Be Held to the Highest Standards in Complying with Rule 11 ................................................................................ 12
     C. Plaintiff Amended His Complaint to Add Ms. Lin for an Improper Purpose.................... 14
     D. Plaintiff's Claim for "Conspiracy to Deprive Legal Right" Is Frivolous ......................... 16
IV.  CONCLUSION .............................................................................................................. 18

Case 1:23-cv-05752-JMF   Document 73-1   Filed 09/11/23   Page 3 of 19

**TABLE OF AUTHORITIES**

**CASES**

*Amimon, Inc. v. Shenzhen Hollyland Tech Co.*, No. 20-CV-9170 (ER), 2023 WL 2478159 (S.D.N.Y. Mar. 13, 2023) ................................................................................................ 15

*Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011) ..... 16

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991) ............................ 11

*Cadiz v. Loose*, 569 F.3d 1142 (2009) ........................................................................................... 7

*Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259 (2d. Cir. 1994) ........ 10

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990) ................................................................ 11

*Cornett v. Bank of New York*, No. 91 Civ. 0605 (CSH), 1992 WL 88197 (S.D.N.Y. Apr. 17, 1992) ......................................................................................................................................... 12

*De la Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp.2d 250 (S.D.N.Y. 2003) ................ 11

*Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 4847076 (S.D.N.Y. Oct. 15, 2021) ................ 15

*Fishoff v. Coty Inc.*, 634 F.3d 647 (2d Cir. 2011) ......................................................................... 11

*Gottwald v. Sebert*, 2023 WL 3959051 (NY June 13, 2023) ....................................................... 15

*Healey v. Chelsea Res., Ltd.*, 947 F.2d 611 (2d Cir. 1991) .......................................................... 11

*Kelly v. Albarino*, 485 F.3d 664 (2d Cir. 2007) ........................................................................... 15

*Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406 (S.D.N.Y. Mar. 20, 2015) .................... 4

*McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 1:22-CV-1138-GHW, 2023 WL 4422495, (S.D.N.Y. July 10, 2023) ............................................................................................................ 11

*Morley v. Ciba-Geigy Corp.*, 66 F.3d 21 (2d Cir. 1995) .............................................................. 10

*Officemax Inc. v. Cinotti*, 966 F. Supp. 2d 74 (E.D.N.Y.2013) ..................................................... 4

*Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887 (S.D.N.Y. 1978) ................................................... 17

*Sheindlin v. Brady*, 597 F. Supp. 3d 607 (S.D.N.Y. 2022) .......................................................... 15

*Smith v. Educ. People, Inc.*, 233 F.R.D. 137 (S.D.N.Y. 2005) ..................................................... 12


*Smith v. The Educ. People, Inc.*, No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008) .................................................................................................................................... 12

*Williams v. Halperin*, 360 F. Supp. 554 (S.D.N.Y. 1973) ............................................................ 17

## **STATUTES**

17 U.S.C. §§ 101 ............................................................................................................................ 9

18 U.S.C. § 241 ............................................................................................................................ 10

Fed. R. Civ. P. 11 ......................................................................................................................... 11

Fed. R. Ev. 408 .............................................................................................................................. 7

Fed. R. Civ. 41.a .......................................................................................................................... 10

**I.     INTRODUCTION**

Defendant Ashlee Lin ("Ms. Lin") is counsel to the other named Defendants in the above-captioned lawsuit and has acted as Skydance Productions, LLC and Gemini Pictures LLC's (collectively "Skydance") counsel since the inception of the present dispute with Plaintiff, Kissinger Sibanda ("Plaintiff" or "Sibanda"). Plaintiff, an attorney himself, has claimed the big-budget motion picture *Gemini Man* (the "Picture") infringes upon the copyright in his 2011 self-published book titled *The Return to Gibraltar* (the "Book") – despite the screenplay for the Picture being written in 1997.

After receiving several emails threatening legal action from Plaintiff, Skydance—by and through Ms. Lin—filed a declaratory judgment of non-infringement action in California against Plaintiff. *Skydance Development, LLC et al. v. Sibanda*, C.D. Cal. Case No. 2:20-cv-08145 (the "Declaratory Judgment Action"). While the filing of the Declaratory Judgment Action was a privileged activity that cannot form the basis for liability, Plaintiff has asserted a claim against all Defendants, including Ms. Lin, for "conspiracy to deprive [a] legal right." *See, e.g., Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406, at *8 (S.D.N.Y. Mar. 20, 2015) ("Under New York law, 'statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding.'" (quoting *Officemax Inc. v. Cinotti*, 966 F. Supp. 2d 74, 79 (E.D.N.Y.2013))); *Gottwald v. Sebert*, 2023 WL 3959051 (NY June 13, 2023) (reaffirming doctrine).

Plaintiff's inclusion of Ms. Lin is not only baseless and extraordinary but is the culmination of a years long campaign of disparagement and harassment aimed at disqualifying Ms. Lin as Skydance's chosen counsel. Whether this is because he is threatened at the prospect of facing Ms. Lin on the substance of the copyright claim or simply because he does not like her,

Plaintiff's conduct over the years has been both unprofessional, demeaning, and unbefitting of an officer of the court. As Plaintiff's past attempts at disqualification have failed, he resorts to abusing judicial process in concocting a purported conflict of interest between Ms. Lin and the other named Defendants by naming her in a frivolous, fabricated claim. This Court should not countenance such behavior and an award of sanctions is justified to put an end to Plaintiff's harassing, relentless campaign to deprive Skydance of its chosen counsel, and to deter any such conduct in the future.

Even setting aside the motivations in naming Ms. Lin as a party, Plaintiff's failure to withdraw his claim against her, when presented with unequivocal authority demonstrating that his claim has no merit, justifies sanctions regardless. This is especially the case, when Plaintiff is a licensed, practicing attorney and has touted his extensive legal education and litigation experience. Accordingly, Defendant Ashlee Lin respectfully requests that this Court grant her motion and award her reasonable attorneys' fees to deter further frivolous filing by Plaintiff and to deter his harassing and targeted campaign against Ms. Lin.

## II.    FACTUAL BACKGROUND

### A. Procedural History

On September 4, 2020, Skydance filed the Declaratory Judgment Action in the Central District of California seeking a declaration that the Picture does not infringe the Book, particularly given the screenplay for the Picture pre-dates the publication of the book by fourteen years. The Declaratory Judgment Action, ECF No. 1.

Plaintiff, a New Jersey resident, objected to the jurisdiction of the California court and Skydance sought jurisdictional discovery on the basis that Plaintiff likely had commercial ties to California. On February 16, 2021, the court granted Skydance's request for jurisdictional discovery, specifically authorizing (1) a deposition of Plainitff; (2) requests for production; and

(3) up to ten interrogatories. *Id.*, ECF No. 43, 48. Skydance thereafter propounded the authorized discovery.

In response Plaintiff began a campaign of frivolous filings. First, he filed "multiple largely overlapping/duplicative" motions seeking to quash the very discovery already authorized by the California court. *See id.*, ECF Nos. 51–55 and Minute Order dated March 1, 2021. Plainitff also filed a motion to recuse the magistrate judge on the basis that she "ignor[ed] the gravity of issues raised in [his] motions to quash" and "[a] search on IMDB for actors and actresses returns six actors and actresses with the same surname" as the judge. *Id.*, ECF No. 59. Plaintiff further filed a motion for jurisdictional discovery of Skydance (despite that Skydance had already consented to jurisdiction by filing the action). *Id.*, ECF No. 78. All of Plaintiff's motions were denied. *Id.*, ECF Nos. 65, 109.

After Skydance voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(2), *id.*, ECF No. 90, Plainitff opposed and moved to strike the voluntary dismissal, *id.*, ECF Nos. 91, 92. After the court affirmed the dismissal, Plainitff then unsuccessfully moved for attorneys' fees and costs, despite clear authority that neither fees nor costs are recoverable as a result of a voluntary dismissal. *See id.*, ECF No. 122.

On March 4, 2022, Plaintiff appealed the district court's denial of an award of attorneys' fees. *Id.*, ECF No. 124. His appeal was summarily denied on May 19, 2023. *Id.*, ECF No. 134. Plaintiff filed this action shortly thereafter.

### B. Plaintiff Engages in Harassing Conduct Demonstrating Animus Towards Ms. Lin

While litigation can often be contentious and heated, Plaintiff has pushed beyond normal decorum and has harassed and demeaned Ms. Lin, demonstrating conduct unbecoming of the legal profession. For instance, in early email communications regarding a forthcoming motion to

dismiss by Plaintiff, Ms. Lin relayed her client's position that Plaintiff's purported bases were meritless. Plaintiff focused his response not on the substance of these arguments or the authorities that Ms. Lin directed him to, but Ms. Lin's skill as a lawyer and her legal education. *See* Declaration of Angelo G. Labate ("Labate Decl.") Ex. A. Plaintiff wrote to Ms. Lin "the cases you cited were irrelevant to this court, but as a new lawyer[1] perhaps you do not understand the meaning to relevancy…I hold two Masters in Trial, not a mere JD like your self!" *Id.*

Plaintiff continued this harassing conduct throughout the Declaratory Judgment Action, including during Plaintiff's ***completely unmeritorious appeal*** of the district court's denial of Plaintiff's patently meritless motion for fees ***after a voluntary dismissal***.[2] In October 2021, while his motion for fees and costs was pending, Plaintiff reached out to Ms. Lin with a settlement demand.[3] When this demand was rejected, Plaintiff again resorted to insults unfitting of the legal profession, writing "I am inclined to doubt my offer was forwarded to your client because of the many mistakes you have made during litigation amounting in many instances to legal malpractice, including but not limited to failure to preserve issues for an Appeal by submitting a one page document/motion; this essentially destroyed your client's chances on appeal." Labate Decl. Ex. B. Plaintiff then escalated this harassing campaign against Ms. Lin as the appeal continued.

---

[1] Notably, as of the time of this email, Ms. Lin had been practicing for ten years.

[2] Indeed, the Ninth Circuit (where the appeal was pending) had previously and unequivocally held that when a plaintiff in a copyright suit voluntarily dismisses the complaint without prejudice, the defendant is not a prevailing party and not entitled to costs or fees. *Cadiz v. Loose*, 569 F.3d 1142 (2009).

[3] This exhibit, while purportedly an email chain containing an offer of compromise, is offered for "another purpose" other than proving the validity or amount of the claims at issue – namely it is being used to demonstrate Plaintiff's "bias" and animus towards Ms. Lin. *See* Fed. R. Ev. 408(b).

On March 7, 2022, Plaintiff emailed Ms. Lin with a purported notice pursuant to Federal Rule of Appellate Procedure 27 that he would be moving to disqualify Ms. Lin from the appeal of the denial of his motion for fees and costs. Labate Decl. Ex. C. Plaintiff had no legitimate grounds to seek disqualification (Ms. Lin has never represented Plaintiff), so instead he resorted to (unjustifiably) claiming she was not competently representing her client. Indeed, the grounds for the alleged need for disqualification were stated as: "1. Conflict of interest. 2. Ineffective legal assistance. 3. Vexatious litigation not in the interest of Skydance LLC et al on appeal, which resulted in unnecessary billing of client and failure to secure declaratory judgment for client." *Id.*

Plaintiff continued that he "strongly believe[d] that failure to brief the attorney fees and costs motion in the District Court thereby effectively handicapping Skydance et al LLC on appeal by waiving arguments is no innocuous for your client because it has waived argument which could have supported the District judge's conclusions in their Order…The judge did not give much support for her order because you did not argue effectively for your client but in conclusory language citing only one case…This is what your client now stands on for Appeal – merely one case." *Id.* Plaintiff ended by stating that "[m]ost objective overseers would not deem this as effective legal counsel in the client's best interest" and that his adversary, Skydance, "require[d] a fresh opinion by a different set of attorneys and law firm, who are not emotionally invested as yourself and Eisner LLP." *Id.; see also* Labate Decl. Ex. D ("Then file a formal notice of appearance so that I can file my motion to disqualify. Otherwise I have to verify this with Skydance Media general counsel, as I have already said before— its not rocket science…I am giving you March 30th, 2022, then I am contacting the bar"). The Ninth Circuit disagreed with Plaintiff's insistence that Skydance (*again his adversary*) needed more effective counsel, as

Skydance was completely victorious on appeal, as the authority Ms. Lin relied upon demonstrated concretely that Plaintiff's appeal was meritless.

More recently, when Ms. Lin was waiving service of the baseless allegations leveled against her, Plaintiff revealed his true intention in naming her as a defendant was merely an artifice to finally accomplish his desire to disqualify Ms. Lin as Skydance's counsel. When Ms. Lin sent her waiver service, Labate Decl. Ex. E, and Plaintiff responded "you cannot represent other defendants, unless I receive a signed affidavit to that effect." Labate Decl. Ex. F. Plaintiff reiterated this point when Ms. Lin informed Plaintiff that Skydance also waived service. *See* Labate Decl. Ex. G.

### C. Plaintiff's Claim for "Conspiracy to Deprive Legal Right"

Plaintiff filed the present action on July 6, 2023, asserting claims for both copyright infringement and "conspiracy to deprive legal right" against all of the Defendants. ECF No. 1. The express basis for Plaintiff's claim is the filing of the Declaratory Judgment Action:

> Defendants jointly conspired/embarked on a scheme to file a declaratory judgment in the wrong forum, California Central District, for purposes of depriving plaintiff of his protected legal remedy under 17 U.S.C. §§ 101 et seq to advocate for copyright infringement in the correct forum. A plain [sic] to exhaust plaintiff's right-to-sue by placing the matter in the wrong forum. Despite defendants being told, as soon as the lawsuit was filed, that plaintiff did not reside in California. . . .
>
> The deliberate misfiling of a lawsuit, here *Skydance Development LLC et al v. Kissinger Sibanda*, 2:20-cv-01845, in the Central District of California, and then dismissing it, under Rule FRCP Rule 41.a, for purposes of undermining the Copyright Act violates plaintiff's right pursuant to 18 U.S.C. § 241 and constitutes a separate cause of action different from the appeal as this issue was never litigated and no res judicata applies. Misfiling was an attempt by defendants to deprive plaintiff of his copyright in a favourable forum, regardless of the issues and facts surrounding plaintiff's actual domicile.

ECF No. 1 at ¶¶ 32–34.

On July 20, 2023, Plaintiff amended his Complaint to add Ms. Lin as a named defendant to this claim. ECF No. 40 at ¶ 10: "ASHLEE LIN was the lead lawyer responsible for the first litigation and its pleadings."

### D. Ms. Lin's Compliance with Rule 11(c)(2)

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, this motion was served on Plaintiff on August 18, 2023. However, his claim for "Conspiracy to Deprive Legal Right" against all defendants was not withdrawn within 21 days after service. Labate Decl. ¶ 3.

### III. ARGUMENT

### A. Legal Standard

Under Rule 11(b) of the Federal Rules of Civil Procedure, a plaintiff must assert claims or legal contentions that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and cannot be "presented for any improper purpose." Fed. R. Civ. P. 11(b). "'An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'" *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (quoting *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d. Cir. 1994)). "Accordingly, courts in the Second Circuit have found sanctions appropriate in cases where a plaintiff files a claim that is clearly deficient and where he advances no plausible argument in favor of validity." *De la Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp.2d 250, 262 (S.D.N.Y. 2003).

"Under Rule 11, courts may impose monetary sanctions in the form of reasonable 'attorneys' fees incurred in [a] defense' against a baseless filing." *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 1:22-CV-1138-GHW, 2023 WL 4422495, at *1 (S.D.N.Y. July 10,

2023) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 406–07 (1990)); *see also* Fed. R. Civ. P. 11(c)(4) (permitting, if "on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees").

When a party's legal contentions are challenged as violating Rule 11, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (internal quotation marks and citation omitted); *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success.") (internal quotation marks omitted).

Further, the "signature [on a pleading] certifies to the court that the signer has read the document…and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *see also* Fed. R. Civ. P. 11(b).

### B. Although Pro Se, Plaintiff Is a Practicing Litigator Who Should Be Held to the Highest Standards in Complying with Rule 11

The mandates of Rule 11(b) expressly apply to both represented and unrepresented parties alike. Fed. R. Civ. P. 11(b) ("an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief. . ." (emphasis added)). *See also Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879, at *8 (S.D.N.Y. Nov. 15, 2011) ("Rule 11 does not exempt pro se plaintiffs, though their status is certainly relevant to a court's inquiry into whether to impose sanctions.")

Indeed, "sanctions may be particularly appropriate when the offending party, although proceeding pro se, has demonstrated (and, in this case, affirmatively asserted) competence in finding and understanding the applicable law." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142

(S.D.N.Y. 2005), aff'd sub nom. *Smith v. The Educ. People, Inc.*, No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008); *see also Cornett v. Bank of New York*, No. 91 Civ. 0605 (CSH), 1992 WL 88197, *6 (S.D.N.Y. Apr. 17, 1992) (granting Rule 11 Motion finding plaintiff who "has shown an ability to find the law and to make legal arguments . . . may be held to a somewhat higher standard than other pro se parties").

Here, although Plaintiff is a representing himself pro se, he is a licensed attorney admitted to practice in the District of Columbia since 2013. Labate Decl. ¶¶ 12-13; *see also* Am. Compl. ECF 40 at 1 (caption indicating Plaintiff's bar number). He is an active member of the bar in good standing. Labate Decl. ¶ 14, Ex. J. According to his own sworn declaration filed in the Declaratory Judgment Action, he is an experienced litigator with significant legal education and training:

> Defendant Counsel, Kissinger Sibanda, **holds three law degrees**: An LL. B achieved with Honours from the University of London in England in 2007) (JD equivalent);, a Masters in Trial Advocacy from Temple James Beasley School of Law (Nationally ranked number one Trial program in the country) (2011), and a second Masters in Trial Advocacy from California Western School of Law in Federal Defence (2016). The first American attorney to graduate with both federal and state Advocacy Masters degrees from American Universities. . . .
>
> Defendant counsel is one of a few American attorneys ***holding a double Master's in advocacy that covers both State and Federal Litigation***, internationally.
>
> Defendant Counsel also undertook the Southern District of New York's Federal Pro Bono Clinic in 2010.
>
> Defendant Counsel has written for numerous newspapers on Constitutional matters including, "The Jerusalem Post," in Israel an[d ]is considered a Constitutional expert.
>
> Defendant Counsel is a published author and his most popular legal work is, Lemba Jewish Rights: A Case for Religious Freedom (2006): a first amendment treatise.

> Defendant Counsel *is an experienced attorney specialising in litigation*, therefore Counsel's experience, knowledge, reputation and education establishes that $1300/Hr. is a reasonable rate for him. This is the rate a partner or principal would bill in a law firm for similar legal services to a client. Attorney Sibanda cannot be treated as an associate in his own Law firm .
>
> Defendant Counsel is the Head of litigation and founder of, "The Law Offices of Kissinger N. Sibanda."

Labate Decl ¶ 11, Ex. H (emphases added).)  As affirmed on the caption for his Amended Complaint in this action, Plaintiff operates his own law office: The Law Office of Kissinger N. Sibanda.  ECF No. 40.  The website for his law office touts experience in "litigation…especially Federal litigation" and notes "Constitutional Rights, Civil Rights Law and International Law" as several of his practice areas.  Labate Decl. ¶ 14, Ex. J. Plaintiff has also practiced before this Court on behalf of clients other than himself on a *pro hac vice* basis. *Id.* ¶ 15, Ex. I. Further, many of Plaintiff's communications with Ms. Lin have touted his extensive legal experience and education – including asserting his multiple legal degrees are of a higher caliber than a JD. *See* Labate Decl. Exs. A-D.

Given Plaintiff is a practicing litigator bound by professional rules of responsibility, who has "affirmatively asserted" his familiarity with Rule 11 and general competence in law, Plaintiff should be held to the highest standards of complying with Rule 11 despite being pro se.  *See Smith*, 233 F.R.D. at 142.

### C.  Plaintiff Amended His Complaint to Add Ms. Lin for an Improper Purpose

Plaintiff amended his complaint for the improper purpose of hamstringing his adversary by fabricating grounds for disqualifying Ms. Lin as Skydance's chosen counsel. This improper purpose is not only evidenced by the patently frivolous nature of the claim asserted against Ms. Lin, discussed below, but also the years of harassment and animus Plaintiff has demonstrated towards Ms. Lin, coupled with his prior attempt at disqualification.  Plaintiff, a member of the

bar, has for years insulted Ms. Lin's legal training, expertise, and competence rather than confront the substance of her arguments. *See* Labate Decl. Exs. A-D. Plaintiff pursued a meritless quest for fees in the district court on a basis foreclosed by clear authority – and when he lost, he turned his ire towards Ms. Lin. During the appeal of the district court's denial of his motion for attorney's fees and costs, Plaintiff sent Ms. Lin a notice of his intention to move to disqualify her as Skydance's counsel. *See* Labate Decl. Ex. C. Plaintiff's stated grounds – conflict of interest, ineffective assistance of counsel, excessive fees, and failure to obtain declaratory judgment – however, would belong, *if ever arising*, to Skydance rather than Plaintiff. *Id.* It would pervert our adversarial system to allow litigants to disqualify their opponents' counsel merely on belief that it is in their adversary's best interests that they receive new counsel. Or worse yet, based on personal animus – as Plaintiff's years of unprofessional and harassing conduct demonstrate, here.

After losing to Skydance at the Ninth Circuit – despite his claims Ms. Lin's counsel was ineffective – Plaintiff filed the instant action and amended his complaint to create a new basis to disqualify Ms. Lin. Plaintiff's amendment is a thinly-veiled pretext to accomplish what he could not at the Ninth Circuit – namely to deprive Skydance of its chosen legal representation and to weaponize his personal animus towards Ms. Lin. It is Skydance's decision as to which lawyers will represent their interests and Plaintiff, without an actual basis for a personal conflict of interest, has no say in the matter. As Plaintiff signed, filed, and maintained a pleading for the improper purpose of disqualifying his adversary's counsel without credible basis he should be sanctioned by this Court to deter similar actions in the future.

**D. Plaintiff's Claim for "Conspiracy to Deprive Legal Right" Is Frivolous**

Plaintiff's purported claim for conspiracy to deprive a legal right is patently frivolous. Even the most cursory review of relevant case law would make clear that such claim is absolutely prohibited by well-established law.

First, "[u]nder New York law 'statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding.'" *Gottwald v. Sebert*, 2023 WL 3959051 (NY June 13, 2023) (New York Court of Appeal reaffirming the doctrine); *Lipin*, 2015 WL 1344406, at *8 (quoting *Officemax Inc.*, 966 F. Supp. 2d at 79); *see also Amimon, Inc. v. Shenzhen Hollyland Tech Co.*, No. 20-CV-9170 (ER), 2023 WL 2478159, at *14 (S.D.N.Y. Mar. 13, 2023) (dismissing defamation claim based on statements made during litigation); *Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 4847076, at *4 (S.D.N.Y. Oct. 15, 2021) (the privilege applies not only to pleadings but also to statements made between attorneys and parties as well as in judicial proceedings); *Sheindlin v. Brady*, 597 F. Supp. 3d 607, 633 (S.D.N.Y. 2022) (statements that are part of a written communication made in the course of a judicial proceeding fall within the litigation privilege under New York common law); *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) (litigation privilege "is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege"). Furthermore, as this District made clear in *Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011), Rule 11 sanctions are appropriate where the litigation privilege precludes a plaintiff's claims:

> Sanctions are appropriate in this case because plaintiffs failed to undertake a reasonable inquiry into the law that governs and clearly precludes the claims against the Subway defendants that are premised on alleged crimes for which no cause of action exists and that implicate the litigation privilege.

*Id.*, 2011 WL 13130879, at *11.

Here, Plaintiff's claim for conspiracy to deprive a legal right is expressly based on Skydance's filing of the Declaratory Judgment Action, which is unquestionably a protected judicial proceeding. All statements made by Skydance (and its attorney) during that litigation and in connection with that litigation are also unquestionably privileged. The filing of that action in the Central District of California, regardless of whether Plaintiff believes that district was an appropriate forum, simply cannot serve as the basis for a claim. If Plaintiff had an issue with the forum, his remedy was to object to the forum in that case (which he did). That Plaintiff has asserted his claim against certain Defendants who were not even parties to the Declaratory Judgment Action further highlights the frivolity of the claim.

Second, "conspiracy to deprive [a] legal right" is not a legally cognizable civil claim. Plaintiff purports to bring the claim under 18 U.S.C. § 241.[4] However, Title 18 expressly deals

---

[4] 18 U.S.C. § 241 reads:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to

with crimes and criminal procedure. *See id.* Case law has long made explicitly clear that Section 241 provides no private right of action that would allow Plaintiff to bring a civil claim under this section. *See, e.g., Williams v. Halperin*, 360 F. Supp. 554, 556 (S.D.N.Y. 1973) ("Section 242 of Title 18 does not create a private right of action; this is a criminal provision for deprivation of civil rights under color of law."); *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978) ("Sections 241, 242 and 245 of Title 18 provide criminal remedies for the violation of certain constitutional rights, not a private right of action.").

Accordingly, Plaintiff had no basis to bring—and no basis to maintain—his claim for conspiracy to deprive a legal right against Ms. Lin.

IV.    **CONCLUSION**

Under Rule 11, Plaintiff is prohibited from filing pleadings that have an improper purpose. Here, Plaintiff amended his complaint to add Ms. Lin as a defendant to a meritless claim solely with the intent to disqualify Ms. Lin as Skydance's counsel – after his other attempts to improperly disqualify Ms. Lin failed. Plaintiff's refusal to withdraw his baseless and improper claim is a clear violation of Rule 11.

Ms. Lin therefore respectfully requests that this Court (i) grant her Motion and (ii) authorize an award of sanctions in the amount of the reasonable fees for the time required to fully brief this Motion (and attend any hearing), which in no event shall be less than $5,000.00.[5]

---

> commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[5] Mr. Labate has spent time in excess of $5,000 in fees for preparing this Motion on Ms. Lin's behalf and expects to spend additional time in connection with any reply and hearing. Labate Decl. ¶ 16. Ms. Lin will be prepared to submit a fee request to the Court documenting such fees.

Dated: September 11, 2023
New York, New York

**By:** */s/ Angelo G. Labate*
Evangelos Michailidis
Angelo G. Labate
EISNER, LLP
152 West 57th Street, 48th Floor
New York, NY 10019
(646) 876-2600
emichailidis@eisnerlaw.com
alabate@eisnerlaw.com

*Attorneys for Ashlee Lin*