UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA,<br><br>                            *Plaintiff*,<br><br>   -against-<br><br>DAVID ELLISON; DAVID BENIOFF; BILLY RAY, DARREN LEMKE; ASHLEE LIN; SKYDANCE PRODUCTIONS, LLC, a California Limited Liability Company; GEMINI PICTURES, LLC, a California Limited Liability Company; and FOSUN PICTURES, INC.,<br><br>                            *Defendants*. | Civil Action No. 1:23-CV-05752 (JMF) |

**MOTION OF DEFENDANTS SKYDANCE PRODUCTIONS, LLC, GEMINI PICTURES, LLC, DAVID ELLISON, DAVID BENIOFF, BILLY RAY AND DARREN LEMKE <u>FOR SANCTIONS PURSUANT TO RULE 11</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 4

II. FACTUAL BACKGROUND ......................................................................................... 5

   A.  Procedural History .................................................................................................. 5

   B.  Plaintiff's Claim for "Conspiracy to Deprive Legal Right" ................................... 6

   C.  Moving Defendants' Compliance with Rule 11(c)(2) ........................................... 8

III. ARGUMENT .................................................................................................................. 8

   A.  Legal Standard ........................................................................................................ 8

   B.  Although Pro Se, Plaintiff Is a Practicing Litigator Who Should Be Held to the Highest Standards in Complying with Rule 11 ........................................................................ 9

   C.  Plaintiff's Claim for "Conspiracy to Deprive Legal Right" Is Frivolous ........................ 12

IV. CONCLUSION............................................................................................................. 14

# TABLE OF AUTHORITIES

**CASES**

*Amimon, Inc. v. Shenzhen Hollyland Tech Co.*, No. 20-CV-9170 (ER), 2023 WL 2478159 (S.D.N.Y. Mar. 13, 2023) .................................................................................................. 11

*Andrews v. Barnes and Nobles Incorporated*, S.D.N.Y Case No. 1:19-cv-01710-DAB at ECF No. 13 ............................................................................................................................... 10

*Bates v. Offit Kurman Attorneys at Law LLP et al.*, S.D.N.Y. Case No. 1:19-cv-02814-KPF at ECF No. 11 ....................................................................................................................... 10

*Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011) ..... 11

*Bright v. Annucci et al.*, S.D.N.Y Case No. 7:18-cv-11111-NSR-VR ....................................... 10

*Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259 (2d. Cir. 1994) .......... 7

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990) .................................................................. 7

*Cornett v. Bank of New York*, No. 91 Civ. 0605 (CSH), 1992 WL 88197 (S.D.N.Y. Apr. 17, 1992) ......................................................................................................................................... 8

*De la Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp.2d 250 (S.D.N.Y. 2003) ................... 7

*Diarra v. New York City*, S.D.N.Y Case No. 116-cv-07075-VSB-OTW at ECF No. 8 ............... 10

*Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 4847076 (S.D.N.Y. Oct. 15, 2021) ................. 11

*Fishoff v. Coty Inc.*, 634 F.3d 647 (2d Cir. 2011) ........................................................................... 8

*Healey v. Chelsea Res., Ltd.*, 947 F.2d 611 (2d Cir. 1991) ............................................................. 8

*Kelly v. Albarino*, 485 F.3d 664 (2d Cir. 2007) ........................................................................... 11

*Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406 (S.D.N.Y. Mar. 20, 2015) .................... 3

*Marquez-Ortiz v. United States of America*, S.D.N.Y. Case No. 1:20-cv-05793-JPO-RWL ....... 10

*McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 1:22-CV-1138-GHW, 2023 WL 4422495, (S.D.N.Y. July 10, 2023) ........................................................................................................ 7

*Morley v. Ciba-Geigy Corp.*, 66 F.3d 21(2d Cir. 1995) .................................................................. 7

*Officemax Inc. v. Cinotti*, 966 F. Supp. 2d 74 (E.D.N.Y.2013) ...................................................... 3

*Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887 (S.D.N.Y. 1978) .................................................. 13

*Sheindlin v. Brady*, 597 F. Supp. 3d 607 (S.D.N.Y. 2022) ............................................................ 11

*Smith v. Educ. People, Inc.*, 233 F.R.D. 137 (S.D.N.Y. 2005) ........................................................ 8

*Smith v. The Educ. People, Inc.*, No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008) 8

*Stapleton v. New York City Department of Education*, S.D.N.Y. Case No. 1:22-cv-09351-PAE-SDA .................................................................................................................................... 10

*Veras V. NYC Department of Education*, S.D.N.Y. Case No. 1:22-cv-00056-JLR-SN ............... 10

*Williams v. Halperin*, 360 F. Supp. 554 (S.D.N.Y. 1973) ............................................................. 13

**STATUTES**

17 U.S.C. §§ 101 ............................................................................................................................. 5

18 U.S.C. § 241 ............................................................................................................................... 6

Fed. R. Civ. P. 11 ............................................................................................................................ 7

Fed. R. Civ. P. 41 ............................................................................................................................ 5

I.     **INTRODUCTION**

Defendants Skydance Productions, LLC and Gemini Pictures, LLC (collectively, "Skydance") released the hit motion picture entitled *Gemini Man* (the "Picture") in 2019. However, the screenplay for the Picture was first written by Defendant Darren Lemke in 1997—***fourteen years prior*** to the self-publication of Plaintiff Kissinger Sibanda's ("Plaintiff" or "Sibanda") book entitled *The Return to Gibraltar* (the "Book"). Nevertheless, in August 2020, Plaintiff began sending emails to Skydance (copying various, seemingly random, industry participants) claiming that the Picture infringed Plaintiff's copyright in the Book, and threatening legal action.

Given Plaintiff's repeated and completely unmerited threats, Skydance filed an action against Plaintiff for declaratory judgment of non-infringement in California. (*Skydance Development, LLC et al. v. Sibanda*, C.D. Cal. Case No. 2:20-cv-08145 (the "Declaratory Judgment Action").) The filing of that lawsuit, of course, is privileged activity that cannot form the basis of any liability under well-established law. *See, e.g., Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406, at *8 (S.D.N.Y. Mar. 20, 2015) ("Under New York law, 'statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding.'" (quoting *Officemax Inc. v. Cinotti*, 966 F. Supp. 2d 74, 79 (E.D.N.Y.2013))).

Despite this, Plaintiff has asserted a claim against all Defendants for "conspiracy to deprive [a] legal right" based on Skydance's filing of the Declaratory Judgment Action. Notably, four of the Defendants were not parties to or otherwise involved in the Declaratory Judgment Action.

4

As a licensed, practicing attorney who touts extensive legal education and experience, Plaintiff should be more than aware that such a claim has no legal merit whatsoever. At the very least, when presented with unequivocal authority making clear that his claim is frivolous, Plaintiff should have withdrawn his claim. Instead, Plaintiff persists, meriting the filing of this motion and warranting the imposition of sanctions under Rule 11(b).

Accordingly, Defendants Skydance Productions, LLC, Gemini Pictures, LLC, David Ellison, David Benioff, Billy Ray, and Darren Lemke (the "Moving Defendants") respectfully request that this Court grant the motion and award them reasonable attorneys' fees to deter further frivolous filings by Plaintiff.

## II.   FACTUAL BACKGROUND

### A. Procedural History

On September 4, 2020, Skydance filed the Declaratory Judgment Action in the Central District of California seeking a declaration that the Picture does not infringe the Book, particularly given the screenplay for the Picture pre-dates the publication of the book by fourteen years. (The Declaratory Judgment Action, ECF No. 1.)

On February 16, 2021, the court granted Skydance's request for jurisdictional discovery, specifically authorizing (1) a deposition of Sibanda; (2) requests for production; and (3) up to ten interrogatories. (*Id.*, ECF No. 43, 48.) Skydance thereafter propounded the authorized discovery.

In response Sibanda began a campaign of frivolous filings. First, he filed "multiple largely overlapping/duplicative" motions seeking to quash the very discovery already authorized by the court. (*See id.*, ECF Nos. 51–55 and Minute Order dated March 1, 2021.) Sibanda also filed a motion to recuse the magistrate judge on the basis that she "ignor[ed] the gravity of issues

5

raised in [his] motions to quash" and "[a] search on IMDB for actors and actresses returns six actors and actresses with the same surname" as the judge. (*Id.*, ECF No. 59.) Sibanda further filed a motion for jurisdictional discovery of Skydance (despite that Skydance had already consented to jurisdiction by filing the action). (*Id.*, ECF No. 78.) All of Sibanda's motions were denied. (*Id.*, ECF Nos. 65, 109.)

After Skydance voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(2) (*id.*, ECF No. 90), Sibanda opposed and moved to strike the voluntary dismissal (*id.*, ECF Nos. 91, 92.) After the court affirmed the dismissal, Sibanda then unsuccessfully moved for attorneys' fees and costs, despite clear authority that neither fees nor costs are recoverable as a result of a voluntary dismissal. (*See id.*, ECF No. 122.)

On March 4, 2022, Sibanda appealed the district court's denial of an award of attorneys' fees. (*Id.*, ECF No. 124.) His appeal was summarily denied on May 19, 2023. (*Id.*, ECF No. 134.) Sibanda filed this action shortly thereafter.

### B. Plaintiff's Claim for "Conspiracy to Deprive Legal Right"

Plaintiff filed the present action on July 6, 2023 asserting claims for both copyright infringement and "conspiracy to deprive legal right" against all of the Moving Defendants. (ECF No. 1.) The express basis for Plaintiff's claim is the filing of the Declaratory Judgment Action:

> Defendants jointly conspired/embarked on a scheme to file a declaratory judgment in the wrong forum, California Central District, for purposes of depriving plaintiff of his protected legal remedy under 17 U.S.C. §§ 101 et seq to advocate for copyright infringement in the correct forum. A plain [sic] to exhaust plaintiff's right-to-sue by placing the matter in the wrong forum. Despite defendants being told, as soon as the lawsuit was filed, that plaintiff did not reside in California. . . .
>
> The deliberate misfiling of a lawsuit, here *Skydance Development LLC et al v. Kissinger Sibanda*, 2:20-cv-01845, in the Central District of California, and then dismissing it, under Rule FRCP Rule 41.a, for purposes of undermining the Copyright Act violates

6

> plaintiff's right pursuant to 18 U.S.C. § 241 and constitutes a separate cause of action different from the appeal as this issue was never litigated and no res judicata applies. Misfiling was an attempt by defendants to deprive plaintiff of his copyright in a favourable forum, regardless of the issues and facts surrounding plaintiff's actual domicile.

(ECF No. 1 at ¶¶ 32–34.)  That Defendants David Benioff, Billy Ray, and Darren Lemke were not at all involved in the Declaratory Judgment Action did not stop Plaintiff from asserting this claim against them as well.  Instead, Plaintiff acknowledges they were not involved in the Declaratory Judgment Action but makes the nonsensical and completely unsupported allegation that Skydance "acted in their agency":

> Defendants DAVID BENIOFF, BILLY RAY and DARREN LEMKE, even though claiming to be the originators /writer of "Gemini Men," did not join the initial action for declaratory judgment commenced in the Central District of California. This is surprising because these three defendants, who are credited as writers of "Gemini Men," have the most to lose if the copyright to "Gemini Men" had been adjudicated against them. It is unheard of that writers are omitted from a copyright action questioning whether or not they wrote a creative work: this is the case with the original action commenced by defendants styled *"Skydance Development LLC, Skydance Media LLC, Gemini Pictures v. Kissinger Sibanda."*  Nonetheless Skydance LLC acted in their agency and made sufficient representations that their represented David Benioff, Billy Ray and Darren Lemke

(*Id.* at ¶ 35.)

On July 20, 2023, Plaintiff amended his Complaint to add Skydance's lead counsel in the Declaratory Judgment Action as a named defendant to this claim.[1]  (ECF No. 40 at ¶ 10: "ASHLEE LIN was the lead lawyer responsible for the first litigation and its pleadings.")

---

[1] Defendant Ashlee Lin is moving for sanctions under Rule 11 by separate motion.

### C. Moving Defendants' Compliance with Rule 11(c)(2)

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, this motion was served on Plaintiff on August 18, 2023. However, his claim for "Conspiracy to Deprive Legal Right" against all defendants was not withdrawn within 21 days after service. (Declaration of Ashlee N. Lin ("Lin Decl.") ¶ 2.)

## III. ARGUMENT

### A. Legal Standard

Under Rule 11(b) of the Federal Rules of Civil Procedure, a plaintiff must assert claims or legal contentions that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and cannot be "presented for any improper purpose." Fed. R. Civ. P. 11(b). "'An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'" *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (quoting *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d. Cir. 1994)). "Accordingly, courts in the Second Circuit have found sanctions appropriate in cases where a plaintiff files a claim that is clearly deficient and where he advances no plausible argument in favor of validity." *De la Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp.2d 250, 262 (S.D.N.Y. 2003).

"Under Rule 11, courts may impose monetary sanctions in the form of reasonable 'attorneys' fees incurred in [a] defense' against a baseless filing." *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 1:22-CV-1138-GHW, 2023 WL 4422495, at *1 (S.D.N.Y. July 10, 2023) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 406–07 (1990)); *see also* Fed. R.

Civ. P. 11(c)(4) (permitting, if "on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees").

When a party's legal contentions are challenged as violating Rule 11, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (internal quotation marks and citation omitted); *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success.") (internal quotation marks omitted).

### B. Although Pro Se, Plaintiff Is a Practicing Litigator Who Should Be Held to the Highest Standards in Complying with Rule 11

The mandates of Rule 11(b) expressly apply to both represented and unrepresented parties alike. Fed. R. Civ. P. 11(b) ("an attorney ***or unrepresented party*** certifies that to the best of the person's knowledge, information, and belief. . ." (emphasis added)). *See also Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879, at *8 (S.D.N.Y. Nov. 15, 2011) ("Rule 11 does not exempt pro se plaintiffs, though their status is certainly relevant to a court's inquiry into whether to impose sanctions.")

Indeed, "sanctions may be particularly appropriate when the offending party, although proceeding pro se, has demonstrated (and, in this case, affirmatively asserted) competence in finding and understanding the applicable law." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005), aff'd sub nom. *Smith v. The Educ. People, Inc.*, No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008); *see also Cornett v. Bank of New York*, No. 91 Civ. 0605 (CSH), 1992 WL 88197, *6 (S.D.N.Y. Apr. 17, 1992) (granting Rule 11 Motion finding plaintiff who

9

"has shown an ability to find the law and to make legal arguments . . . may be held to a somewhat higher standard than other pro se parties").

Here, although Plaintiff is a representing himself pro se, he is a licensed attorney admitted to practice in the District of Columbia since 2013. (Lin Decl. ¶ 3, Ex. B.) He is an active member of the bar in good standing. (*Id*.) According to his own sworn declaration filed in the Declaratory Judgment Action, he is an experienced litigator with significant legal education and training:

> Defendant Counsel, Kissinger Sibanda, **holds three law degrees**: An LL. B achieved with Honours from the University of London in England in 2007) (JD equivalent);, a Masters in Trial Advocacy from Temple James Beasley School of Law (Nationally ranked number one Trial program in the country) (2011), and a second Masters in Trial Advocacy from California Western School of Law in Federal Defence (2016). The first American attorney to graduate with both federal and state Advocacy Masters degrees from American Universities. . . .
>
> Defendant counsel is one of a few American attorneys **holding a double Master's in advocacy that covers both State and Federal Litigation**, internationally.
>
> Defendant Counsel also undertook the Southern District of New York's Federal Pro Bono Clinic in 2010.
>
> Defendant Counsel has written for numerous newspapers on Constitutional matters including, "The Jerusalem Post," in Israel an[d ]is considered a Constitutional expert.
>
> Defendant Counsel is a published author and his most popular legal work is, Lemba Jewish Rights: A Case for Religious Freedom (2006): a first amendment treatise.
>
> Defendant Counsel **is an experienced attorney specialising in litigation**, therefore Counsel's experience, knowledge, reputation and education establishes that $1300/Hr. is a reasonable rate for him. This is the rate a partner or principal would bill in a law firm for similar legal services to a client. Attorney Sibanda cannot be treated as an associate in his own Law firm .

> Defendant Counsel is the Head of litigation and founder of, "The Law Offices of Kissinger N. Sibanda."

(Lin Decl ¶ 4, Ex. C at pp.7–8.] (emphases added).) As affirmed on the caption for his Complaint in this action, Plaintiff operates his own law office: The Law Office of Kissinger N. Sibanda. (ECF No. 1.) The website for his law office touts experience in "litigation…especially Federal litigation" and notes "Constitutional Rights, Civil Rights Law and International Law" as several of his practice areas. (Lin Decl. ¶ 5, Ex. D.)

Moreover, Plaintiff has also appeared before this Court in multiple different cases representing clients other than himself, including on a *pro hac vice* basis. *See, e.g., Diarra v. New York City*, S.D.N.Y Case No. 116-cv-07075-VSB-OTW at ECF No. 8 (Order granting *pro hac vice* motion); *Andrews v. Barnes and Nobles Incorporated*, S.D.N.Y Case No. 1:19-cv-01710-DAB at ECF No. 13 (Order granting *pro hac vice* motion); *Bates v. Offit Kurman Attorneys at Law LLP et al.*, S.D.N.Y. Case No. 1:19-cv-02814-KPF at ECF No. 11 (Order granting *pro hac vice* motion). In fact, Plaintiff is **currently** representing three different plaintiffs in three different cases pending before this Court. *Marquez-Ortiz v. United States of America*, S.D.N.Y. Case No. 1:20-cv-05793-JPO-RWL; *Veras V. NYC Department of Education*, S.D.N.Y. Case No. 1:22-cv-00056-JLR-SN; *Stapleton v. New York City Department of Education*, S.D.N.Y. Case No. 1:22-cv-09351-PAE-SDA; *Bright v. Annucci et al.*, S.D.N.Y Case No. 7:18-cv-11111-NSR-VR.

Given Plaintiff is a practicing litigator bound by professional rules of responsibility, who has "affirmatively asserted" his familiarity with Rule 11 and general competence in law, Plaintiff should be held to the highest standards of complying with Rule 11 despite being pro se. *See Smith*, 233 F.R.D. at 142.

### C. Plaintiff's Claim for "Conspiracy to Deprive Legal Right" Is Frivolous

Plaintiff's purported claim for conspiracy to deprive a legal right is patently frivolous. Even the most cursory review of relevant case law would make clear that such claim is absolutely prohibited by well-established law.

First, "[u]nder New York law 'statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding.'" *Lipin*, 2015 WL 1344406, at *8 (quoting *Officemax Inc.*, 966 F. Supp. 2d at 79); *see also Amimon, Inc. v. Shenzhen Hollyland Tech Co.*, No. 20-CV-9170 (ER), 2023 WL 2478159, at *14 (S.D.N.Y. Mar. 13, 2023) (dismissing defamation claim based on statements made during litigation); *Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 4847076, at *4 (S.D.N.Y. Oct. 15, 2021) (the privilege applies not only to pleadings but also to statements made between attorneys and parties as well as in judicial proceedings); *Sheindlin v. Brady*, 597 F. Supp. 3d 607, 633 (S.D.N.Y. 2022) (statements that are part of a written communication made in the course of a judicial proceeding fall within the litigation privilege under New York common law); *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) (litigation privilege "is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege"). Furthermore, as this District made clear in *Bletas v. Deluca*, No. 11 CIV. 1777 (NRB), 2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011), Rule 11 sanctions are appropriate where the litigation privilege precludes a plaintiff's claims:

> Sanctions are appropriate in this case because plaintiffs failed to undertake a reasonable inquiry into the law that governs and clearly precludes the claims against the Subway defendants that are premised on alleged crimes for which no cause of action exists and that implicate the litigation privilege.

*Id.*, 2011 WL 13130879, at *11.

      Here, Plaintiff's claim for conspiracy to deprive a legal right is expressly based on Skydance's filing of the Declaratory Judgment Action, which is unquestionably a protected judicial proceeding. All statements made by Skydance (and its attorney) during that litigation and in connection with that litigation are also unquestionably privileged. The filing of that action in the Central District of California, regardless of whether Plaintiff believes that district was an appropriate forum, simply cannot serve as the basis for a claim. If Plaintiff had an issue with the forum, his remedy was to object to the forum in that case (which he did). That Plaintiff has asserted his claim against certain Defendants who were not even parties to the Declaratory Judgment Action further highlights the frivolity of the claim.

      Second, "conspiracy to deprive [a] legal right" is not a legally cognizable civil claim. Plaintiff purports to bring the claim under 18 U.S.C. § 241.[2] However, Title 18 expressly deals with crimes and criminal procedure. *See id.* Case law has long made explicitly clear that

---

[2] 18 U.S.C. § 241 reads:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

13

Section 241 provides no private right of action that would allow Plaintiff to bring a civil claim under this section. *See, e.g., Williams v. Halperin*, 360 F. Supp. 554, 556 (S.D.N.Y. 1973) ("Section 242 of Title 18 does not create a private right of action; this is a criminal provision for deprivation of civil rights under color of law."); *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978) ("Sections 241, 242 and 245 of Title 18 provide criminal remedies for the violation of certain constitutional rights, not a private right of action.").

Notably, Plaintiff asserts this claim against all of the Moving Defendants, despite the fact that Defendants Ellison, Ray, Benioff, Lemke were not parties to or otherwise involved in the filing of the Declaratory Judgment Action. (*See* Declaratory Judgment Action, ECF No. 1.)

Accordingly, Plaintiff had no basis to bring—and no basis to maintain—his claim for conspiracy to deprive a legal right against any of the Defendants.

## IV.    CONCLUSION

Under Rule 11, Plaintiff had a duty to conduct a bare minimum amount of diligence regarding his claims, which would have revealed plainly that his claim is not viable. Even without conducting his own diligence, Plaintiff—a licensed attorney and a self-proclaimed litigation expert—should have at least withdrawn the claim upon receiving notice of this Motion and the legal authorities set forth herein. Plaintiff's refusal to withdraw his claim is a clear violation of Rule 11.

Moving Defendants therefore respectfully request that this Court (i) grant their Motion and (ii) authorize an award of attorney's fees in the amount of reasonable fees incurred by

Moving Defendants for fully briefing this Motion (and attending any hearing), which in no event shall be less than $5,000.00.[3]

DATED: September 12, 2023
   Beverly Hills, California

              By: /s/ *Ashlee Lin*
                  Ashlee Lin (*pro hac vice* pending)
                  EISNER, LLP
                  9601 Wilshire Blvd., 7th Floor
                  Beverly Hills, CA 90210 Ph. (310) 855-3200
                  Fax: (310) 855-3201
                  Email: alin@eiserlaw.com

---

[3] Moving Defendants have incurred in excess of $5,000 in fees for bringing this Motion and expect to incur additional fees in connection with any reply and hearing. (Lin Decl. ¶ 6.) Moving Defendants will be prepared to submit a fee request to the Court documenting such fees.