**DR. KISSINGER N. SIBANDA Esq, Attorney at Law**
The Law Offices of Kissinger N. Sibanda Esq
 PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
Email:  ksibanda@temple.edu
Telephone: 862-250-9684
Attorney for Plaintiff.

**United States District Court**
**For the Southern District Of New York**

_____

| | |
|---|---|
| KISSINGER N. SIBANDA | ) |
| | ) |
| | ) |
| _Plaintiff,_ | ) 1:23-cv-05752- JMF |
| v. | ) |
| | ) |
| DAVID ELLISON, David Lemke, | ) |
| Billy Ray, David Lemke | ) |
| Skydance Productions LLC, | ) |
| Gemini Pictures LLC, Ashlee Lin, | ) |
| Fosun Pictures, Inc. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _Defendant_ | ) |
| | ) |

_____)

MEMORANDUM OF LAW

<u>PLAINTIFF'S OMNIBUS OPPOSITION</u>
<u>TO DEFENDANTS' JOINT MOTIONS FOR DISMISSAL</u>

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

# Table of Contents

Legal Authorities………………………………………………………….………3

I. Deep Issues……………………..………………………………………....…5

II. Preliminary Statement……………………………..…………………………6

III. Procedural History…………………………………………………………10

Legal Argument……………………………………….……………………14

IV. WAIVER OF PERSONAL JURISDICTION DEFENCE BY DEFENDANTS…………14

V. DEFENDANTS DID NOT MEET THEIR BURDEN OF PROOF UNDER RULE 12 (b)6………………………………………………………………………16

VI. Statute of limitations To Sue For Copyright Infringement For "The Return to Gibraltar" Should Be Subject To Equitable Toiling and Equitable Estoppel In Favour Of Plaintiff's Claims……………………………………………………………………..18

VII. PLAINTIFF IS PROTECTED BY THE BERNE CONVENTION…………………18

VIII. PLAINTIFF'S REQUEST TO AMEND  THE 18 U.S.C. SECTION 241 AND SUBSTITUTE WITH "CIVIL CONSPIRACY: ABUSE OF PROCESS AND DEPRIVE RIGHT"……………………………………………………………………26

IX. PLAINTIFF'S REQUEST TO AMEND AND ADD "UNJUST ENRICHMENT"……26

X. X. PLAINTIFF'S SUMMARY OF REBUTTAL ARGUMENT AND REQUEST TO DENY DEFENDANTS' MOTIONS TO DISMISS…………………………………..32

Conclusion……………………………………………………….………33

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

**Legal Authorities:**

**Federal Cases**:

*Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009)……………………………………………..12

(*AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022 [157 Cal.Rptr.3d 368]……………………..22

*Alabama Great Southern RR v. Carroll*, Ala. 1892 – 1……………………………………………23

 *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)……*possum*

*Conley v. Gibson*, 335 U.S. 41, 48 (1957)………………………………….………………………..7

*Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007)……………………………………………10

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147

(2019)…………………………………………………………………………………………………..8

*Krist v. Pearson Educ., Inc.,* 419 F. Supp. 3d 904 (E.D. Pa. 2019)…………………………………..10

*UAB "Planner5D" v. Facebook, Inc.*, 534 F. Supp. 3d 1126 (N.D. Cal. 2021)…………………10

*In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 333 (S.D.N.Y.2003)……………8

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)……………………………..6

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007)………………………………….………………13

*Jenkins v. N.Y. Dep't of Corr.*, No. 1-cv-0754 (DAB) (GWG), 2002 U.S. Dist. LEXIS 1997,

*13-14 (S.D.N.Y. Feb. 8, 2002)……………………………………………………….…….…..20

*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1582 [47 Cal.Rptr.2d 752]…29

*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779,793.)……………………..26

*Tellabs, Inc. v. Makor Issues and Rights, Ltd,* 551 U.S. 308, 322 (2007)………………………..…9

 *Swiekiewicz  v, Sorema*, N,A, 22 Ill.534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1, 88 FEP

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, Inc*., No. 21-1370 (2d Cir. 2023)………………………………………………………………………………….22

**Federal Law:**

Berne Implementation Act (1988)………………………………………………………10,22

17 U.S.C. §§ 101 et seq.……………………………………………………………….*passum*

28 U.S.C.A. § §  2201-02 (Declaratory Judgment)…….……………………………….*passum*

 Federal Rule of Civil Procedure Rule 8.a…………………………….…….…….…….*passum*

 Federal Rule of Civil Procedure Rule 12.b…………………………….…….…….…….*passum*

Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A …………….……………………...….*passum*

Fed.Rules Civ.Proc.Rule 11(b)(2), 28 U.S.C.A ……………………………………….*passum*

**Foreign Law:**

South Africa Copyright Act (1978)……………………………………………………23

**International Law:**

Berne Convention………………………………………………………………….*passum*

**Legal Principles:**

Issue Estoppel……………………………………………………………………...23

Equitable Estoppel………………………………………………………………….23

Equitable toiling………………………………………………………………….23

**Other Sources**

 Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. B (2011)………………26

Conclusion………………………………………………………………………….33

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

# I. Deep Issue:

Under *Sullivan*'s liberal reading of a claim - <u>might be stated if amended</u> - should this court dismiss plaintiff's claims and deny a second amendment (plaintiff's first requested amendment)[1]?

## II. Preliminary Statement[2]:

Defendants Ashley Lin, represented by Angelo Labate, ( *herein* "Defendant Lin") and David Ellison, David Lemke, Billy Ray, Skydance Productions LLC, Gemini Pictures LLC, represented by Ashlee Lin, (*herein*, Skydance Defendants)  have submitted two motions to dismiss, substantively similar to the  sanctions motions against Attorney Sibanda for docketing a complaint for two causes of action against them - 17 U.S.C. §§ 101 et seq., herein "Copyright Act" and 18 U.S.C. § 241 under a "civil conspiracy" theory ( now wishes to amend to Civil Conspiracy).

---

[1]     Under *Sullivan v. North Babylon Union Free School Distr.*, 2016 WL 11673810, at *9 (E.D.N.Y. Mar. 21, 2016) ("Although the Court's general practice is to grant leave to amend the complaint when granting a motion to dismiss, the district court has the discretion to deny leave to amend where **there is no indication from a liberal reading of the complaint that a valid claim might be stated**") (internal quotations omitted). (**Emphasis added.**) The *Sullivan* test is whether a valid claim **might be stated** if amended? In *Sullivan* the court granted in part and denied in part the request to file a second amendment.
        Problems with plaintiff's pleading is not substantive but vehicular. The facts are legitimate and properly stated. The lack of standing for the criminal statute does not nullify the plausibility for civil conspiracy if amended or defendants' criminal liability if federal judge so recommends. Plaintiff has already indicated his intention to change that specific claim to civil conspiracy. Plaintiff repeats that initial request (stated in sanctions response), but now also requests to amend to add civil conspiracy and unjust enrichment, as discussed in this response.

[2]      In addition, the three cases ( S*ullivan*, *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021), and *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000)  cited by Lin and Labate stating that amendment should be denied - none is a copyright case or remotely similar to this matter at bar - where a copyright was infringed and parties sought to cover their tracks by *res judicata* in the wrong forum; like the matter at bar. Also, the *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) decision, cited by defendants was actually reversed on appeal by the Second circuit.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff takes the position that these two motions to dismiss are filled with assumptions, inaccuracies and presuppositions which do not foreclose defendants' burden of proof under Rule 12 (b) 6. In any event, plaintiff is suing for both direct and contributory copyright infringement which have two different elements.

A: "To establish a prima facie case of direct infringement, a plaintiff must show ownership of the allegedly infringed material and demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Giganews, Inc.,* 847 F.3d 657, 666 (9th Cir. 2017) (internal quotation marks omitted). *Waidhofer v. Cloudflare, Inc.,* No. CV 20-6979 FMO (ASX), 2021 WL 8532943, at *4 (C.D. Cal. Sept. 29, 2021).

B.  To establish a claim for contributory infringement, a plaintiff must show that the defendant "(1) ha[d] knowledge of another's infringement and (2) either (a) materially contribute[d] to or (b) induce[d] that infringement." VHT, 918 F.3d at 745 (internal quotation marks omitted) *Waidhofer v. Cloudflare, Inc.,* No. CV 20-6979 FMO (ASX), 2021 WL 8532943, at *5 (C.D. Cal. Sept. 29, 2021)[3].

In regards to the articulated point by Labate, that Plaintiff Sibanda has not "registered a copyright," and is precluded under the Copyright Act. That's a factual misrepresentation -

In 1988, with the Berne Implementation Act, Congress modified Section 411 of the copyright Act allowing "foreign works," to be excluded from registration before commencing

---

[3] If granted a second amendment, theories A and B will be further articulated and the one Copyright Infringement split into two claims.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

litigation pursuant to the Berne Convention agreement of automatic protection among rotifers. A foreign work is defined as a work from a foreign nation or foreign national. Plaintiff has dual citizenship; South African and American; and is protected under his South African citizenship for purposes of registration under Berne Convention. Both the United States and South Africa are signatories to the Berne Convention.

Under Section 104(b)(1) of the Copyright Act protects foreign works if, upon the work's first publication, one or more author(s) of the work (i) is a national or domiciliary of the United States; (ii) i**s a national, domiciliary, or sovereign authority of a treaty party**; or (iii) is a stateless person wherever that person is.

This means that a party to the Berne Convention has its citizens' rights (copyrights) protected in the U.S. automatically pre-litigation:

A "foreign work" need not comply with Section 411 (a)  of the Copyright Act to be protected and litigation ready because of the Berne Convention, this is well understood Copyright law defendants should be aware of. Plaintiff Sibanda need not register his copyright but can register it after the litigation begins to collect additional statutory and attorney damages as a South African national. Plaintiff's claims in his lawsuit are  valid claims in regard to Copyright infringement and failure to file a notice of claim under section 411 (a) of that Act is not grounds for dismissal[4].

Furthermore, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 203*

---

[4] Compendium of U.S. Copyright. Law https://www.copyright.gov/comp3/chap2000/ch2000-foreign-works.pdf Section: 2002.2.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

*L. Ed. 2d 147 (2019)*,  a case which comes t this court as a Supreme Court case but was docketed in Southern Florida and which defendants rely on heavily - did not repeal the <u>Berne Implementation Act of 1988</u> ( made the U.S. compliant with the its Berne Convention obligation for automatic copyright protection).  *Fourth Est. Pub. Benefit Corp.,*  is not an authority that the United States., is no longer signatory to the Berne Convention: but is a particularised case which defendants fail to correctly locate in the regime of International Copyright law or its particular facts and context (photographs).

*Fourth Est. Pub. Benefit Corp*., dealt with the interpretation of Section 411 of the Copyright Act in regards to a copyright lawsuit focused on photographs. The question was - when litigation can start - whether upon application to register a copyright or completion of registration by the register? It did not state that when facts are different *Fourth Est. Pub. Benefit Corp*. has become the rule book moving forward, but instead limited its interpretation to the particularised set of facts. The Supreme Court has no power to legislate such a broad holding thus *Fourth Est. Pub. Benefit Corp*. was distinguished and the courts have refused to follow it on at least three instances:

*Krist v. Pearson Educ., Inc.*, 419 F. Supp. 3d 904 (E.D. Pa. 2019), *UAB "Planner5D" v. Facebook, Inc.,* 534 F. Supp. 3d 1126 (N.D. Cal. 2021),  *Waidhofer v. Cloudflare, Inc.,* No. CV 20-6979 FMO (ASX), 2021 WL 8532943, at *1 (C.D. Cal. Sept. 29, 2021). In all the above three cases defendant's motion to dismiss were DENIED. *Fourth Estate*, is a photographs case, simple and plain. It is not legislation by Congress.

The confusion over application and complete registration before a U.S. work can

commence Copyright litigation, is not over and appears will require Congress's intervention at some point to clarify the types of material *Fourth Estate* is applicable to (photographs) or to adopt its own legislation on the subject as a result of the confusion with the cases and expand Fourth Estate to all material.

In addition, Interpretation of *Fourth Estate* should be as narrow as possible to make the U.S.'s compliance with the Berne Convention more complaint and to allow U.S. works ( other than those covered in *Fourth Estate*) to enjoy the same rights as "Foreign Works." The court is also reminded that International Law, from a jurisprudence point, becomes a part of U.S. law when adopted and must be followed by courts. *The Paquete Habana*, 175 U.S. 677 (1900). Congress's intent by adopting the Berne convention should be strengthened by judicial decisions; not weakened.

As already stated, lack of registration for a work classified as a "foreign work,"  is not fatal to a Copyright lawsuit's liability claim; it merely dictates damages. Bernie  Convention Implementation Act (1988). A foreign work, so categorised because it originates from a foreign national, like plaintiff with South African citizenship, can commence an action without registration as a result of the U.S's ratification of the Bene Convention. Defendants are mistaken that foreign works, of people protected as "foreign nationals," with citizenship other than the United States need to first register before they can commence their lawsuit. In fact defendants do not even address foreign nationality of plaintiff in their motions to dismiss.

The South African Copyright act also states that it protects "South African Citizens and works by South Africans."  The work [ The Return to Gibraltar] was protected at the moment it

was created. SOUTH AFRICA COPYRIGHT ACT (1978). Article I.

Accordingly, a South African [Kissinger N. Sibanda ] carries his protected status into the American theatre under the Berne Convention:

 "The Return to Gibraltar," has a historic footnote as the first science fiction novel by an African born black author in the modern era; this is definitively claiming foreign cultural rights and significance consistent with that it is eligible as a foreign work of South African origin by a South African national.  Defendants do not even mention the Berne Convention once in their joint motions to dismiss - this is negligence given the clear fact that a mere search of the plaintiff returns the fact that he was born in South Africa; there is also other information in the public[5] domain[6]. This kind of negligence and omission, while engaged in condescending litigation for sanctions, known in litigation circles as Rambo litigation, should not go unnoticed by the Court.

Defendants received their cease and desist email in August of 2020. They were on notice of their Copyright infringement and yet showed no remorse or interest in making amends, instead they filed a declaratory judgment in the wrong forum in the hopes of pocketing a default judgment, in violation of *Brillhart*. If defendants lawsuit against plaintiff  was meritorious in *Skydance I* or in good faith, they should have willing transferred it to this court once it became obvious that plaintiff is domiciled in New Jersey and the nationality of plaintiff[7]. Defendants are

_____

[5] Interview with Ken Sibanda, South Africa Broadcasting Corporation, SABC, https://www.youtube.com/watch?v=dApvZ8-w9J4

[6] Interview with Ken Sibanda, South African Broadcasting Corporation, SABC: https://www.youtube.com/watch?v=qxPu0d3RBAI

[7] Plaintiff's first work, is a collection of poems entitled, "If God was a poet," published in Johannesburg, South Africa, Exhibit: 2. Followed by "The Songs of Soweto," published in 1999. Exhibit: 3.

aware of the nationality facts because Exhibit: <u>8</u> ( An interview of plaintiff with South African

Media) is attached to the original complaint and the first amended complaint. *Id*.

### III. Procedural History

### *Skydance I:*

### *2:20-cv-08145 -CBM-JC*

Defendant Lin, acting as attorney then, filed a declaratory judgment action against

attorney Sibanda, *Skydance Development, LLC et al. v. Sibanda*, C.D. Cal.Case No. 2:20-

cv-08145 (the "Declaratory Judgment Action"), ( h*erein* Skydance I ). Seeking to create *res*

*judicata* effect and deprive plaintiff of his right to sue in the correct forum where he is domiciled.

Dat No. 42 ( *Skydance I*).

Defendant, Attorney Sibanda,  in that case moved for dismissal and the court approved to agree

stating that Docket No. 42 ( *Skydance I*), that:

> **Docket Text:**  42
> **MINUTE ORDER IN CHAMBERS - ORDER RE REQUEST FOR JURISDICTIONAL**
> **DISCOVERY by Judge Consuelo B. Marshall. Plaintiffs fail to provide the Court the method of**
> **discovery or how much time Plaintiffs are requesting. Plaintiffs are required to file a declaration**
> **advising the Court of the nature of discovery Plaintiffs wish to conduct and how much time is needed**
> **no later than Thursday, February 11, 2021. Failure to file a declaration will result in the Court**
> **granting Defendant's Motion to Dismiss for lack of personal jurisdiction. (lom)**

Plaintiff thereafter embarked on an unnecessary campaign of "limited jurisdictional

discovery," to prolong the proceedings and on three separate occasions requested extra time to

brief a supplemental brief on defendant' s personal jurisdiction. Dkt. No <u>76, 83</u>. All of this ex

parte extensions were opposed by Attorney Sibanda and  Attorney Sibanda was successful in

limiting plaintiff's jurisdictional discovery. Dkt. No. 77.

Plaintiffs, in that matter, then voluntarily dismissed their case pursuant to Federal Rule of

Civil Procedure 41(a)(2). Dkt. No. <u>90</u>,  after close to 12 months, despite the fact that attorney

Sibanda had filed an answer, with no supplemental brief submitted by defendants. The court

granted the voluntary dismissal. Dkt No. <u>95</u>. Plaintiffs in that matter had successfully misled the

court to think they intended to file a supplemental brief on the issue of personal jurisdiction, then

abandoned their case after close to a year. *Id*. *See also*, Dkt. No. <u>76</u>.

      Attorney Sibanda) opposed and moved to strike the voluntary dismissal. Dkt.  Nos. <u>93.</u>

Plaintiff then moved for attorneys' fees and costs. Dkt. No. <u>122</u>.

      On March 4, 2022, Attorney Sibanda appealed the district court's denial of an award of

attorneys' fees. Dkt.  No. 124., based on the circuit split decision regarding *Fogerty v. Fantasy,*

*Inc., 510 U.S. 517 (1994)*. Attorney Sibanda's appeal was denied on May 19, 2023[8]. Dkt. No.

<u>134</u>.

      As a collateral matter, in those proceedings - attorney Sibanda, also moved at one point to

have the magistrate judge recused from the matter because there was evidence of the magistrate's

niece being affiliated as an actress with Skydance films; according to IMDB, the Internet

database. Dkt. No. <u>59</u>.

      Throughout this litigation, *Skydance I*, defendants failed to convince the court that

attorney Sibanda's motions were sanctionable and had no merit, submitting several motions and

requests for sanctions. All DENIED.

       Instead, Attorney Sibanda's request for leave to file a motion to dismiss, after an answer

---

[8] Labate, states that the appeal was denied summarily. While it was dismissed by "summary Order," the decision took over a year to render and there was no finding of Attorney Sibanda's appeal as frivolous. The court refused to reverse based on *Chadkin v. Loose*, and did not address the Circuit split on the issue. Labate also punctuates each dismissed motion with inappropriate observations that those motion should have not been made because there was authority stating that the motions are not necessary ( sic). This is untrue, the courts are still adversarial proceedings.

was filed, was granted. Dkt. No. 40. As well as limiting Plaintiff Skydance's limited

jurisdictional discovery request.

As a general concern: Plaintiffs in *Skydance I*, refused any overtures to settle this matter

and only offered what their termed as a zero-dollar-walk-away. In other words, Attorney Sibanda

was supposed to get zero dollars and release them from any future claims[9]. *See also*, Exhibit: 5.

A remarkable expectation.

### *Skydance II*
### 1:23-cv-05752 (JMF)

Plaintiff, attorney Sibanda, filed this instant action on July 6th of 2023. Soon after

defendants waived summons and filed two sanctions motions. Dkt. Nos. 73 and 80.  These two

sanctions motions are pending. Defendants then submitted two more motions - to dismiss with

essentially the same identical arguments stated in the sanctions motions. Dkt. Nos. 94 and 97.,

plaintiff responds.

<u>ARGUMENT</u>

**IV. WAIVER OF PERSONAL JURISDICTION DEFENCE BY DEFENDANTS**

As a matter of pointed advocacy, defendants have waived the following affirmative

defences by failing to assert these defences in their pleadings both the sanctions motions and the

---

[9] Attorney Sibanda is willing to submit emails to chambers to show this bad faith settlement if the court deems it necessary to further understand the acrimonious interaction of defendants towards attorney Sibanda. It is mentioned here to give a fuller picture to the court of the previous proceedings and interaction between parties since defendants wish to continue to make that interaction relevant to this matter and ignore the merits of this current matter on its own accord. Rule 408, does not allow disclosing of settlement offers to show liability but it allows the settlement proceedings to be used to show other impermissible purposes. This is how Attorney Sibanda is using it here. In the same manner that defendants cite settlement negotiations in their sanctions motions; emails specifically, to support their point that Attorney Sibanda has engaged in what they term as "a pattern of misconduct " (sic) towards them. Here, the lack of settlement offer or unfair terms of a zero-dollar-walk-away is necessary for the court to understand the level of disrespect defendants have towards Attorney Sibanda as a black person; and the underlying lack of merit for their own defence. The only offer ever offered to Attorney Sibanda has been a zero-dollar-walk-away with a signed mutual release.

motions to dismiss:

A "delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where ... the defence was asserted in a timely answer." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (internal quotation marks omitted). Here, defendants have waived heir defence of lack of personal jurisdiction because they have not raised that defence in any of their court submissions; not even in a letter to the court. Instead, they have given this court reasonable expectation that they wish to defend its merits including filing letters, sanctions motions and motion to dismiss under rule 12 (b) 6. It is apparent that defendants want to argue the merits  (or lack off).

"A defendant will waive objection to the absence of personal jurisdiction by giving the plaintiff a 'reasonable expectation' that she 'will defend the suit on the merits.'" 2015 WL 5579751, at *2.

 Defendants David Ellison, David Lemke, Billy Ray, Skydance Productions LLC, Gemini Pictures LLC, and Ashley Lin are now <u>estopped</u> from raising the following affirmative defences:

(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process.

- because they have demonstrated an eagerness to engage with the merits in this forum including filing a *pro hac vice* motion, motions for sanctions, motions for dismissal and a waiver of service acknowledgement. Defendants have failed to make any mention of these defences in their pleadings, a requirement to preserve these affirmative defences.

Defendants' **response** to the first amendment complaint, their *motion to dismiss*, did not even raise any of these affirmative defences in passing or footnote. In addition,  Defendants have not filed a rule 12 (b) 2 motion. As a matter of law, "a defendant will waive objection to the absence of personal jurisdiction by giving the plaintiff a 'reasonable expectation' that she 'will defend the suit on the merits[10].'"  *German American Financial Advisors & Trust Co. v. Rigsby*, No. 15-1612, 2015 WL 5579751 (7th Cir. Sept. 23, 2015) at *2.

**V. DEFENDANTS DID NOT MEET THEIR BURDEN OF PROOF UNDER RULE 12 (b)6**

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P.12(b) (6); *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favour of the plaintiff. *Twombly*, 550 U.S. at 556-57. **A complaint should never be dismissed because the court is doubtful that the plaintiff will not be able to prove all of the factual allegations contained therein**. *Id*. ( Emphasis added).

The burden of this motion lies with the moving party. Motion to Dismiss, Rule 12(b) does not raise the pleading standard to the level required to survive a motion for summary judgment. See *In re Initial Public Offering Sec. Litig.,* 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003).

The Supreme Court articulated the appropriate standard a court must follow in deciding a

---

[10] More pointedly, it is defendant Lin, in her capacity as an attorney in this matter, who has waived these affirmative defences on behalf of her co-defendants.

motion to dismiss an action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). First, a court must accept all factual allegations set forth in the complaint as true. *Tellabs, Inc. v. Makor Issues and Rights, Ltd*, 551 U.S. 308, 322 (2007). Second, the court must consider the complaint in its entirety; "the inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinised in isolation, meets that standard." *Id*.

Finally, the court must conduct a comparative inquiry: "[a] complaint will survive if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id*. at 324.

As stated, on a motion to dismiss, the Court must assume that all of the facts alleged in the Amended Complaint are true, construe those facts in the light most favourable to Plaintiffs [ here, Sibanda ], and draw all reasonable inferences in favour of Plaintiffs. See *Abdullahi v. Pfizer, Inc.,* 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders,* 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008) (Chin, J.).

Furthermore, the decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) expanded *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) from antitrust cases to Federal Rule of Civil Procedure Rule 8.a pleading per se. Ashcroft v. Iqbal, 556 U.S. 662 (2009) expanded *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) from antitrust cases to Federal Rule of Civil Procedure Rule 8.a pleading per se. Herein given the acronym by legal scholars of: *Twiqbal*.

While defendants succeeded in stating the legal standard for dismissal of a complaint

under *Iqbal* and *Twombly* and all the prevailing cases, they failed to meet their burden of proof for showing that an amendment would be futile because they cited incorrect facts, ignoring plaintiff's South African citizenship.

It is incumbent on the movant to show that dismissal is warranted, that the claims fail to plead a plausible claim under the law and facts and that even if amended the result is futile. - because of the facts and law. Defendants did not foreclose this evidential standard, only stating arguments with the assumption that plaintiff is solely an American and the copyright should have been registered before the litigation started. A fatal factual and legal mistake.

In addition, defendants did not show how from an evidential sense, civil conspiracy is amended to a civil claim. Only stating that defendant Lin, the only Lawyer on that claim "has complete immunity for her actions." The failed to take this court through the three steps necessary to warrant dismissal. *Tellabs, Inc. v. Makor Issues and Rights, Ltd*, 551 U.S. 308, 322 (2007).

- A favourable inference for Plaintiff Sibanda is that his amendment will correct the minor issues in the first amended complaint ( because facts are meritorious) and that it should be granted in the interest of justice. Stating a novel pleading, criminal statute, does not negate the civil action. *Id*. The court does not look at isolated claims to determine dismissal in isolation in the complaint but the whole complaint as a whole. *Id*. at 324.

A plaintiff need not foreclose his case on the complaint but only show it is plausible. *Twiqbal*. If this court is inclined to grant plaintiff permission to file a second amendment, Plaintiff Sibanda will include the civil conspiracy claim ( as outlined in his sanctions motion)

and an unjust enrichment claim - thus bringing the claims to three, in the second amended

complaint; Copyright Infringement, Civil Conspiracy and Unjust Enrichment. Defendants' tone

in their motions; and attitude towards plaintiff suggests that despite knowing that they have taken

from plaintiff; the only issue is that - he can't prove it because they assumed he is merely a U.S.

citizen. They are wrong in their conclusion.

### VI. Statute of limitations To Sue For Copyright Infringement For "The Return to Gibraltar" Should Be Subject To Equitable Toiling and Equitable Estoppel In Favour Of Plaintiff's Claims.

Equitable tolling may be applied when plaintiffs are "prevented from asserting their

claims by some kind of wrongful conduct on the part of the defendant." *Seattle Audubon Society*

*v. Robertson,* 931 F.2d 590 (9th Cir. 1991). Here, defendants sought to seek a *res judicata*

decision in the wrong forum which from the beginning. The court in that matter told them it

would dismiss their case against Attorney Sibanda for lack of personal jurisdiction:

> **Docket Text:** 42
> **MINUTE ORDER IN CHAMBERS - ORDER RE REQUEST FOR JURISDICTIONAL DISCOVERY by Judge Consuelo B. Marshall. Plaintiffs fail to provide the Court the method of discovery or how much time Plaintiffs are requesting. Plaintiffs are required to file a declaration advising the Court of the nature of discovery Plaintiffs wish to conduct and how much time is needed no later than Thursday, February 11, 2021. Failure to file a declaration will result in the Court granting Defendant's Motion to Dismiss for lack of personal jurisdiction. (lom)**

Plaintiff sent defendants a cease and decease letter in August of 2020, the statute of

limitation under the Copyright Act is three years - and would end in August of 2023. However

from September 2020 to August of 2021, the case was being adjudicated in a one federal court on

the west coast as a declaratory judgment. This is despite the obvious fact that defendants have a

satellite office, Eisner LLP in New York, in which Labate could have brought the action to

determine the case and controversy on its merits; and not jurisdiction. Why was this not done?

Plaintiffs, in the S*kydance I* matter, expected Attorney Sibanda to accept a zero-dollar-settlement for mutual release of claims (sic) if he would abrogate his copyright infringement claim. Defendant Lin stated in numerous emails that this was the only offer plaintiffs in the *Skydance I*, matter were willing to offer. *Id*.

Plaintiff Sibanda could not bring the same claim in a different federal court on the East Coast - a second complaint, while the California action was taking place. Two courts can not adjudicate the same claim.  This equitably toiled the statute of limitation for plaintiff's copyright claim until California had adjudicated. Equitable, because plaintiff's case against Attorney Sibanda, in *Skydance I*, was fundamentally premised on a lack of personal jurisdiction deliberately[11]. Defendants became aware of this fact when the California Central District's judge Marshall told them she intended to dismiss the case. Dkt.no. 42; immediately, defendants asked for "limited jurisdictional discovery," to waste more time. Dk. No. 43. Defendants then sought three extensions to supplement their opposing brief on the motion to dismiss on the issue of personal jurisdiction. Dkt No. 77, 83, 89. Thereafter Defendants voluntarily dismissed their case. Dkt. No. 92. This kind of behaviour shows deliberate intent to waste time on defendants  part because they did not even supplement their brief - what was the use for the limited jurisdictional discovery on a simple point of domicile? Defendants had already served Attorney Sibanda in New Jersey. Moreover, as noted in the *Skydance I*, defendants  ( plaintiff's in that matter) never

---

[11] Whether the motive to file the case in the wrong court was motivated by a desire to deprive plaintiff of his copyright lawsuit ( toil statute of limits) or an error - is ultimately a triable issue for the jury to determine based on facts. But the evidence weighs in the favour of plaintiff - that it was for nefarious reasons because plaintiff's in *Skydance I*, could have transferred the matter to the Southern District and have law offices in New York. In addition, plaintiffs received notice that Attorney Sibanda was resident in New Jersey soon after they filed their legal action in California. They ignored this.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

sued the  publisher of the book "Proteus boos," so the idea that they could show that sales of

books attributed to Proteus Books established  personal jurisdiction over Sibanda in California

( which is what defendants claimed they were doing) was frivolous because Proteus Books was

not a defendant in the action and The Return to Gibraltar is published by Proteus Books.

Defendants must accept the mistake for their failure to transfer *Skydance I* to the correct

venue which wasted 12 months in the wrong court - from complaint to voluntary dismissal. This

is squarely their fault, and equity is relevant here, especially considering that Eisner LLP has a

New York office, from which Labate works and could have transferred the matter to its proper

venue, Souther District of New York or New Jersey.

This means, the actual statute for limitations adds the months when the California matter

was on going - 12 months ( from complaint to voluntary dismissal). The actual statute of

limitations is now August of 2024 under theory one.

Under a theory two of statute of limitations, the court could add three years from the time the

California action ended, from November 2021, because infringement is ongoing and the initial

cease and desist letter from August 2020 has been ignored. The new statute of limitation would

be from the end of the first *Skydance I* matter in the California District court (ignoring Ninth

Circuit appeal), November 2021 to November 2024; a difference of three months from theory

one.

## VII. PLAINTIFF IS PROTECTED BY THE BERNE CONVENTION[12]

The Berne convention memoralises three important principles:

_____

[12] *See also*, Exhibits: 2 and 3, plaintiff's work focused on South Africa.

(1) The three basic principles of the Berne Convention are as following:

(a) Works originating in one of the Contracting States (that is, works the author of which is a national of such a State or works first published in such a State) must be given the same protection in each of the other Contracting States as the latter grants to the works of its own nationals (principle of "national treatment"). Under the Agreement on Trade-Related Aspects of Intellectual Property Rights (TRIPS Agreement), the principles of national treatment, automatic protection and independence of protection.
(b) Protection must not be conditional upon compliance with any formality (principle of "automatic" protection)
(c) Protection is independent of the existence of protection in the country of origin of the work (principle of "independence" of protection)[13].

Defendants did not discuss these three international copyright principles anchored in internal copyright law and percolating this area of law; relevant to these facts at bar. Plaintiff is a national of South Africa with South African citizenship  and does not need to register his work for the work to have automatic copyright protection here in the States and to have litigation rights to sue for infringement in line with the Berne convention. *Id.*

The Berne Convention's Article 3 states that:

(1) The protection of this Convention shall apply to:
(a) authors who are nationals of one of the countries of the Union, for their works, whether published or not.

As noted above, in 1988 Congress made American Copyright Law compliant with the above Article 3 of the Berne Convention giving "foreign works," more protection than that of U.S. nationals, unfortunately. Defendants assumed plaintiff is only American. A fatal mistake in their legal reasoning.

The South African copyright Acts of 1978 states that, one doesn't have to register

---

[13] BERNE CONVENTION:
Article (1): Life of Author plus 50 years.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

copyright on a work for it to be protected. Copyright is automatically assigned the moment an original creative work takes a tangible form.[14]  A literary work [ here, The Return To Gibraltar ] is protected for the life of the author plus 50 years. Its receives international protection via the Berne Convention of which the U.S. is a party. A South African citizen can later register their copyright with the U.S. copyright office after starting their lawsuit to receive more statutory damages and an injunction order.

In addition,  plaintiff has a valid registered Copyright with the U.S Copyright office[15], but the right to sue has been rebutted by plaintiff on the basis of foreign citizenship and the ball is now in the defendants' court based on that square rebuttal: that, plaintiff is protected under the Berne Convention[16]. Moreover, the burden of proof on a motion to dismiss is on the movant, not the non-movant to show that the complaint should be dismissed. It was incumbent on the movants [ Lin and Skydance ] to show that this area of law ( Berne convention ) does not apply to plaintiff ( Kissinger N. Sibanda); defendants failed to do this in their moving papers because of negligent assumptions, subjective animus and failure to do complete research in this area of law [17]. Not surprising because defendants have stated in the past - one does not need to read the complete work of a creative product to seek a declaratory judgment; a conclusory statement that contradicts Rule 11's mandate to research and verify signed pleadings. Exhibit: 4. ( Ashlee Lin

---

[14] SOUTH AFRICA COPYRIGHT ACT (1978). Articles 1-3.

[15] As noted, a foreign national does not need to register his copyright until after the litigation commences to collect statutory and attorney damages. The right to commence litigation is enshrined in he Berne Convention for foreign nationals.

[16] *See*, Plaintiff's Copyright registration. Exhibit: 6.

[17] Also, the labelling of Attorney Sibanda as inherently or habitually frivolous did not help defendants in this regard.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

email). Defendants ( Lin specifically), also stated wrongly that one can use objective legal reason

to determine a copyright dispute. Exhibit: <u>4</u> and <u>5</u>. Disputes are concluded based on the

particular facts of any dispute,  this is a subjective measure[18].

### VIII. PLAINTIFF'S REQUEST TO AMEND  THE 18 U.S.C. SECTION 241 AND  SUBSTITUTE WITH "CIVIL CONSPIRACY: ABUSE OF PROCESS AND DEPRIVE RIGHT."

As an initial rebuttal, Defendants jointly, wrong argue that under *Lipin v. Hunt*, No. 14-

cv-1081 (RJS), 2015 WL 134406, at *8 (S.D.N.Y. Mar. 20, 2015), an attorney is entitled to

judicial immunity and no conspiracy claim can be legally valid against the attorney in all fact

situations. This is a misreading of the case[19].

The *Lipin* court,  stated that:

> <u>Under New York law</u>, "<u>statements</u> made by parties, attorneys, and witnesses in the course
> of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the
> motive with which they are made, so long as they are material and pertinent to the issue
> to be resolved in the proceeding." O*fficemax Inc. v. Cinotti*, 966 F. Supp. 2d 74, 79
> (E.D.N.Y. 2013) (citations and internal quotation marks omitted).  (Emphasis added).

Hon Judge Sullivan was making an an evidential ruling which rendered Lipin's claims of

defamation frivolous because the statements were protected under absolute immunity. This is an

---

[18] By way of example, juries are only allowed to consider the facts and evidence they have heard and seen, not "objective theories" divorced form the facts.

[19] Lipin had brought the claim against Hunt for the tenth time in that matter; for something that happened in a Maine probate court, ten years ago. Plaintiff Sibanda has only sued defendants once, in the instant claim before Judge Furman. This draws no comparison to Lipin's vexatious conduct because  attorney Sibanda has a constitutional right, First Amendment, to approach the court's for redress and injury when there are underlying facts. Comparisons between Attorney Sibanda and Lipin ( a former law student) have no basis in the facts and show instead that defendants injure facts in their advocacy, which is not unexpected given Exhibit: <u>4</u> and their history:

> "As the latest instalment in this saga, Plaintiff brings this action - at least the tenth case she has initiated based on these same claims - against ten Defendants, including the Clerk of Court for the United States Court of Appeals for the Second Circuit, Catherine O'Hagan Wolfe. In an Order dated September 18, 2014, the Court granted Defendant Wolfe's motion to dismiss the Complaint and issued a filing sanction against Plaintiff. (Doc. No. 107.) The Second Circuit - which, like several other courts, has an active filing sanction of its own against Plaintiff pertaining to these same claims - affirmed this Court's Order on November 26, 2014. (Doc. No. 120.)" *Lipin v. Hunt*, No. 14-cv-1081 (RJS), 2015 WL 134406, at *8 (S.D.N.Y. Mar. 20, 2015).

evidential holding - not what Labate and Lin wrongly state in their motions to dismiss - a general

principal of law that cuts across the particularity of facts and law.

As defendants clearly acknowledge, *Lipin* was a defamation matter. Here, Attorney

Sibanda is not limiting the civil conspiracy to "statements," as the only evidence of the

conspiracy an this is not a defamation matter. Moreover, defendants have not shown why *Lipin*

should apply to a conspiracy which happened in California? The *Lipin* case is inapplicable to this

matter and any comparisons are self serving but factually void.

The *Lipin* court did not state that every conspiracy, including conspiracies that happened

in California should be protected under New York Law - only that "statements," "under New

York Law," enjoy absolute privilege and cannot form the basis of a defamation claim.  The

choice of law is the initial hurdle defendants failed to overcome - California law applies to this

conspiracy not New York Law. *Lipin v. Hunt*, No. 14-cv-1081 (RJS), 2015 WL 134406, at *8

(S.D.N.Y. Mar. 20, 2015). This is a pointed rebuttal.

Plaintiff has already stated that in regards to conspiracies, the federal courts apply the law

of where it occurred and not the forum law. Actions sounding in tort are governed by the law of

the place of injury. *Alabama Great Southern RR v. Carroll*, Ala. 1892 – 1. The documented waste

of time and attorney fees happened in California not New York. This is the injury, expressed as

money and time.

The civil conspiracy by defendants at hand occurred in California not New York. *Lipin v.*

*Hunt*, No. 14-cv-1081 (RJS), 2015 WL 134406, at *8 (S.D.N.Y. Mar. 20, 2015) is not the

controlling authority regardless of defendants impassioned advocacy because unlike Lipin who

sued under New York law for her claims; here, attorney Sibanda's claims are based on Federal and California law; as well as invoking International Law ( Berne Convention). But the civil conspiracy is based on California law.

In fact, interesting enough, the same *Lipin* court held that:

"Plaintiff should have raised these misconduct allegations before the courts in which the allegedly improper conduct occurred." *Lipin v. Hunt*, No. 14-cv-1081 (RJS) (S.D.N.Y. Mar. 20, 2015).

This echoes plaintiff Sibanda's response to defendants' two frivolous sanctions motions, pending before this court; frivolous because plaintiff has not engaged in any bad faith litigation by filing the first and only lawsuit against defendants; in comparison to Lipin who had filed ten lawsuits against defendants. *Lipin* has a nasty boomerang effect for defendants when read closely because it states that when requesting sanctions for past misconduct - do it in the trial tribunal in front of that judge; *not post facto to an impressionable new judge. Id.*

*

California caselaw for civil conspiracy where this conspiracy at bar occurred states the following:

To support a conspiracy claim, a plaintiff must allege the following elements: '(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.' " (*AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022 [157 Cal.Rptr.3d 368].)

"By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510–511 [28 Cal.Rptr.2d 475, 869 P.2d 454], internal citations omitted.)

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

"As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damage on all of them, regardless of whether they actually commit the tort themselves. 'The effect of charging … conspiratorial conduct is to implicate all … who agree to the plan to commit the wrong as well as those who actually carry it out.' " (*Wyatt v.Union Mortgage* Co. (1979) 24 Cal.3d 773, 784 [157 Cal.Rptr. 392, 598 P.2d 45], internal citations omitted.)

"In California it remains that a civil conspiracy requires an express or tacit agreement only to commit a civil wrong or tort, which then renders all participants 'responsible … for all damages ensuing from the wrong … .' " (*Navarrete v. Meyer* (2015) 237 Cal.App.4th 1276, 1293 [188 Cal.Rptr.3d 623], footnote omitted).

Here, defendants agreed or conspired among themselves, to misfile and abuse the legal process by securing a default judgment or dismissing the action voluntarily in a foreign state that permitted late dismissals under *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009); if the defendants had attempted to dismiss their complaint in the this district they would have been subject to a different application  and interpretation of *Fantasy, Inc. v. Fogerty*, 510 U.S. 914 ( 1994) [20]. Thus defendants forum shopped, as a primary motive to insulate the financial gain for their copyright infringement.

"We agree … that the general rule is that a party who is not personally bound by the duty violated may not be held liable for civil conspiracy even though it may have participated in the agreement underlying the injury. However, an exception to this rule exists when the participant acts in furtherance of its own financial gain." (*Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550], internal citations omitted.)

" 'The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act.' The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." (*Kidron v. Movie Acquisition Corp*. (1995) 40 Cal.App.4th 1571, 1582 [47 Cal.Rptr.2d 752], internal citations omitted.)

---

[20] The *Fantasy* case, actually reversed the Ninth Circuit's treatment of plaintiffs and defendants differently for purposes of awarding fees under Section 505 of the Copyright Act. And yet the trend persists under *Cadkin*.

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

"Furthermore, the requisite concurrence and knowledge 'may be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances.' Tacit consent as well as express approval will suffice to hold a person liable as a coconspirator." (*Wyatt*, supra, 24 Cal.3d at p. 785, internal citations omitted.)

'The sine qua non of a conspiratorial agreement is the knowledge on the part of the alleged conspirators of its unlawful objective and their intent to aid in achieving that objective.' 'This rule derives from the principle that a person is generally under no duty to take affirmative action to aid or protect others.' " (*Kidron*, supra, 40 Cal.App.4th at p. 1582, internal citations omitted.)

"While knowledge and intent 'may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances,' '[c]onspiracies cannot be established by suspicions. There must be some evidence. Mere association does not make a conspiracy. There must be evidence of some participation or interest in the commission of the offense.' An inference must flow logically from other facts established in the action." (*Kidron*, supra, 40 Cal.App.4th at p. 1583, internal citations omitted.)

This procedural fencing of claims is impermissible under the Declaratory Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Even though plaintiff was not deemed as the prevailing party. Thus, defendants set in motion a plan, regardless of judicial immunity - to abuse the legal process solely for the purpose of depriving Attorney Sibanda of the time needed to effectuate his copyright infringement claim by running his statute of limitations in the wrong forum an defending a claim. *Id*. They (defendants) sought to secure a *res judicata* in the wrong forum, impermissible under *Brillhart v. Excess Ins. Co*., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).  This injured plaintiff (time and resources).

Defendants' actions are categorically impermissible under the declaratory act itself and can be punishable as a civil tort. It is not innocuous or something plaintiff must accept as normal because there is injury present ( time and money to defend defendant's frivolous action).

Here, the civil conspiracy alleged against defendants, including defendant Lin, has a legal basis in the above recited law. Both the evidence and procedural legitimacy fall within the realm of plausibility because defendants set into play a plot to put the lawsuit in California for the simple reason of getting a default judgment in the wrong forum and abusing the legal process. Defendants knew from the get go, that Attorney Sibanda had nothing to do with their chosen forum, California Central District, because they served Attorney Sibanda all the way in New Jersey. This conspiracy involved non-judicial statements made, out side of the court and not subject to attorney client privilege; an elaborate plot by the "so-called writers" and producers to bury attorney Sibanda's copyright claim by default judgment, while ridiculing the marked similarities between the two creative works - the book and the film.

None of the writers of "Gemini Man", asserted as writers were plaintiffs in *Skydance I*, and yet they claim and are credited as having written "Gemini Man[21]"? This is an anomaly, even if the copyright for "Gemini Man," is owned by Gemini Pictures LLC. Exhibit: 7. Gemini Pictures LLC, is not a biological person and did not write the movie using artificial intelligence. *Id*. Gemini Pictures LLC has standing to sue for copyright infringement for Gemini Man, but they cannot claim they wrote it, such an assertion would be factually frivolous. The question before this court is justified: where did "Gemini Man," come from, and who wrote it? Was it taken from "The Return To Gibraltar, as plaintiff alleges?"

---

[21] Even if Gemini Man writers transferred their copyright to Gemini Pictures LLC, this did not foreclose the fact that they wrote it and claim originality for its content, as stated on IMDB, the Internet Database. Any valid declaratory judgment, stating originality of Gemini Man, would require the writers' testimony and claim of originality. However, the writers were not even joined to the first *Skydance* action, and that lawsuit should have failed under Federal Rule of Civil Procedure Rule 19 and 20 - failure to join material parties. This is another sign that the first *Skydance* lawsuit was not about <u>adjudication of originality</u> but rather - oppression and time wasting. Plaintiff was unable to find a declaratory judgment case in which the writers who wrote or claim to have created a work are omitted from the actual lawsuit?

Plaintiff should be allowed to amend their complaint, changing the criminal cause of action to the civil conspiracy because they is a parallel and substantive factual and legal basis under Rule 8.a., as discussed in the civil conspiracy and unjust enrichment sections.

## IX. PLAINTIFF'S REQUEST TO AMEND AND ADD "UNJUST ENRICHMENT"

According to the America Law Institute, "a person who is unjustly enriched at the expense of another is subject to liability in restitution." Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. B (2011).

"One person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution is made". (*Melchior v. New Line Productions, Inc*. (2003) 106 Cal.App.4th 779,793.)

In order to state a claim for unjust enrichment under New York law, a party must allege that: "(1) the other party was enriched; (2) at that party's expense; and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.'" *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (quoting Citibank, *N.A. v. Walke*r, 787 N.Y.S.2d 48, 48 (2d Dep't 2004)). "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." G*eorgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012).

Here, defendants' movie, Gemini Man, screen in New York, stole from plaintiff's creative work "The Return to Gibraltar." (Benefit). Defendants have earned considerable income form the

resulting movie, which would not be marketable without stealing from plaintiff's original story, plot, characterisation and creative devices. This financial loss to plaintiff is an injury.

Defendants have been enriched by plaintiff, without plaintiff being compensation. The Book has been deprived of its licensing rights, adaptations and film rights, without compensation (injury). Equity demands that defendants not be allowed to benefit for their wrong doing. The elements for unjust enrichment are met and a jury determination is plausibly stated as a claim.

Under *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, Inc.*, No. 21-1370 (2d Cir. 2023), the Second circuit held that: "… damages for unjust enrichment are meant to apply to instances such as "where the value of the secret is damaged, or worse yet – destroyed." *Id.* Here, the original plot and appeal of "The Return to Gibraltar," "the secret," [ essence ] [originality]has been stolen from the work depriving it of its original appeal and future market value bearing its historical significance[22]. Put plainly, defendants took the material from "The Return To Gibraltar," with no monetary compensation to the copyright owner.

Defendants have failed to argue or rebut that there are serious concerns about the substantial similarity between "The Return to Gibraltar," and "Gemini Man," in fact, not even once do they argue that their film has no similarity with "The Return to Gibraltar," based on the similarities alleged in plaintiff's amended complaint, Dkt No. 40, but only argue based on notice of claim grounds, that plaintiff does not have a valid copyright claim pursuant to Section 411's registration requirement. Never that their film is an original work from noted writers or that defendants where not exposed to the work: the merits of the case; always procedurally. In fact,

_____

[22]  As one of the first science fiction novels from an African, post-Apartheid. A black South African.

defendants do not even state that David Lemke, Billy Ray and David Benioff were the original

writers of "Gemini Man" and omitted the "writers," as plaintiffs in their first action - *Skydance I.*

Bearing that a Rule 12.b (6) motion adjudicates whether a claim has been plausibly plead

and plaintiff does not need to prove their entire case in the complaint but only satisfy Rule 8.a.,

showing that it is plausible not conclusory. *Twiqbal.* Defendants failed to foreclose why an

amendment under Rule 15, in the interest of justice should be denied with the facts given in the

First Amended Complaint, before this court. But rather argue that denial of amendment is an

appropriate sanction for "misconduct" (sic); a form of sanction towards attorney Sibanda and

cite incomplete facts regarding the need for plaintiff to register his Copyright before

commencing the lawsuit as a South African national - the wrong legal premise. Put plainly, their

legal argument is premised on wrong facts.

The issue of absolute immunity for defendants' failed *Skydance I* lawsuit is also rebutted

above because plaintiff is not only relying on "judicial statements," as evidence, but is relying on

all facts: direct and circumstantial ( see civil conspiracy section); to show plot, motive and injury.

If defendants wish to argue in *limine* motions, this is premature because discovery has not

occurred. The total evidence in plaintiff's corner for civil conspiracy is not merely "judicial

statements." Defendants have put the cart before the horse regarding their judicial immunity.

**X. PLAINTIFF'S SUMMARY OF REBUTTAL ARGUMENT AND REQUEST TO DENY DEFENDANTS' MOTIONS TO DISMISS.**

Defendants motions to dismiss should be denied because they fails to show how the

protections of the Berne convention and the exception to the Copyright's Act's Section 411,

apply to plaintiff's "The Return to Gibraltar." Defendants, in both their moving motions do not

even cite the convention once and ignore South African citizenship all together.

In addition, defendant Lin was properly joined under Federal Rule of Civil Procedure Rule <u>19</u> ( protect interest of existing parties) and Rule <u>20</u> ( as an party with an interest).

This instant action has valid claims ( subject to amendments) and appropriate for an amendment Under Federal Rule of Cvil Procedure Rule <u>15</u>, under the interest of justice clause; because in contrast to what defendants have argued in their sanctions motions, and motions to dismiss,  plaintiff has never sued defendants or sought redress for their copyright infringement in any formal setting. This is the first merit based proceeding. Defendants have failed to show that this lawsuit is premised on good faith: to address their copyright infringement of "The Return To Gibraltar." Instead, defendants have submitted contentious and personal diatribes designed to paint attorney Sibanda in a negative light to the tribunal; with subliminal undertones of racism[23].

In addition, defendants' biggest point - lack of copyright registration - is a misrepresentation to this court. Plaintiff 's work is eligible as a foreign work because of his South African citizenship. In the same manner that Sidney Poitier was both a valid Bahamian and American citizen; serving as ambassador to Japan for the Bahamas - plaintiff is similarly situated. And has protections because of his South African citizenship which render the requirement to first register a copyright before commencing a copyright lawsuit void.  A requirement for American nationals. Defendants ignored this crucial and relevant area of law at their peril.

---

[23] E.g. "Habitual frivolousness," and  "Harassing defendant Lin."  Plaintiff has never met defendant Lin in person and the only zoom exchange between parties ended on good terms. *See* Exhibit: <u>1</u>: Sibanda Deposition, at 88-89.

**Conclusion**:

Plaintiff Sibanda respectfully requests that defendants' motions to dismiss plaintiff's first amended complaint be Denied. Plaintiff also requests  permission for a second amendment to effectuate meritorious changes to his first amended complaint. And any such remedies the court sees fit.

Dated:    October 16, 2023

Livingston, New Jersey

Dr. Kissinger N. Sibanda Esq.

*Plaintiff's attorney*

## CERTIFICATE OF SERVICE

I, Kissinger N. Sibanda, hereby declare under penalty of perjury as follows:

I am head of litigation with the Law Offices of Kissinger N. Sibanda. I caused the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 16th, 2023

Livingston, New Jersey

Dr. Kissinger N. Sibanda Esq

*Plaintiff's attorney*

MEMORANDUM OF LAW AND AUTHORITIES:

PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS