**KISSINGER N. SIBANDA Esq, Attorney at Law,** *Pro Se*
The Law Offices of Kissinger N. Sibanda Esq
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KISSINGER N. SIBANDA<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID ELISON, DAVID BENIOFF, BILLY RAY, DARREN LEMKE, SKYDANCE PRODUCTIONS, LLC, a California Limited Company; and GEMINI PICTURES, LLC, a California Limited Liability Company.<br><br>*Defendants.* | **Case No: 1:23-CV-05752-JMF**<br><br>PLAINTIFF'S REQUEST<br><br>TO FILE SUR-REPLY OPPOSSING:<br><br>DEFENDANTS' REPLY:<br>DKT.No. 116. |

- 1 -

Plaintiff's Request To Submit Sur-reply

Hon. Judge Jessie M. Furman,

<u>Plaintiff's Request to File Sur-reply.</u>

Plaintiff respectfully requests leave to file a sur-reply which addresses the misinterpretation and legal conclusions by defendants in their reply, Dkt.No. 126; that *Chadkin v. Larkins* (Ninth Circuit) has a similar result with *Scrilla Hill Ent. Inc. v. Dupree*, 2016 WL 5817064, at *3 (S.D.N.Y. Oct. 5, 2016). This goes beyond permissible argument:

The two cases are diametrically dissimilar, and any comparison is gratuitous – *Chadkin*, deals with who is a "prevailing party," under Section 505 of the Copyright Act, while *Scrilla* deals with the question of whether sanctions were to be levied against an attorney (the court denied sanctions) and the question of "bad lawyering." The two cases did not squarely address similar statutory interpretations, or facts, as is alleged and implied by defendants in their Def. Reply. MOL at 6, fn 8, and the holding in *Scrilla*, at best, was a mere dictum in passing by Judge Furman, who wrote the decision. Furthermore, *Scrilla* is not a Circuit decision; with comparable weight and citation as *Chadkin* – as is claimed by defendant Lin. Def. Reply. Mol at 6, fn 8. In constrast, the holding in *Scrilla* was that:

"In short, the record here falls short of the high bar needed to impose sanctions. To say that, however, is not to countenance Burns's conduct in this case. Far from it. Burns's conduct fell short of meeting professional standards of courtesy and candor. But while Burns may well have been out of his depth in a federal courtroom, "ignorance of legal requirements do[es] not amount to the intentional abuse of judicial process that is the target of protective awards of attorneys' fees." *Gianna Enters. v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1360 (S.D.N.Y. 1982). And while Burns's dealings with opposing counsel *outside* the courtroom may have fallen particularly short of professional standards, awarding attorneys' fees requires more than that. It requires *clear* bad faith, which generally means *persistent* misconduct that rises above mere incompetence or petulance or even an unfortunate mix of the two. As a result, sanctions are not warranted based on Burns' present failings, however unfortunate they may be." At 11.

Defendants also makes the farfetched claim that *Fourth Estate* and *Malibu* have both determined that preregistration is a requirement 'regardless of individualized facts of a case.' In *Malibu*, the pre-registration requirement was applied squarely because the court considered some of the <u>deceptive actions of the plaintiff</u> – the particularized facts, stating that:

> One final word is warranted. It is, to put it mildly, troubling that after the Court ordered Plaintiff to show cause why its original Complaint complied with Fourth Estate's requirement that a copyright registration be approved, and not merely applied for, Plaintiff responded by filing an amended complaint that listed application dates as "Registration Dates," and took the position that the Amended Complaint "does allege registration . . . prior to the filing of this action." Docket No. 22, at 1; see Am. Compl. Ex. B. That is, it is hard to avoid the conclusion that Plaintiff's amended complaint and letter of March 12, 2019, were deliberately misleading in their use of the term "Registration Date." At a minimum, to the extent that Plaintiff believed that it had a defensible basis — notwithstanding Fourth Estate — to describe its application dates as "Registration Dates," Plaintiff should have made that argument more forthrightly than it did, rather than permit the misunderstanding that the dates listed were the "Registration Dates" to which Fourth Estate refers. "The Court expects more from counsel, who owe a duty of candor to the Court." *Omega SA v. 375 Canal, LLC,* 324 F.R.D. 47, 55 (S.D.N.Y. 2018).  At 11.

*This was deception by the Malibu plaintiff pure and simple*, requiring the court to take notice of it and impacted that court's final decision.

Both *Malibu* and *Fourth Estate* are case specific and not generic in nature; the court has to still examine underlying facts of any case and controversy.

Plaintiff here has not engaged in any of the sought of behavior that the plaintiff in the *Malibu* case engaged in, s*upra*; but has been frank with the court - stating pointedly that copyright registration has been validly completed by the register post-filing ( and attaching the final registration as an exhibit) and noting the Berne convention as a valid defence allowing exemption of plaintiff from prefiling U.S. requirements; as a South African citizen.

It is the plaintiff suing and his rights here under both domestic and international law which are relevant; not merely the classification of the book because of when or where it was published. The book is not suing on its own behalf, as a legal personality, because of its classification as a "U.S. work.," (sic). It is the plaintiff suing because he holds a valid copyright, with standing both under domestic and international law.

Plaintiff respectfully requests leave to submit a limited sur-reply to address these legal and interpretive errors by defendants and to have the court determine this matter based on the actual holdings of the cases cited *Scrilla* and *Malibu*, and not as misstated by defendant Lin in her Reply, MOL. Dkt. No. 126. At fn 8. A sur-reply is in the interest of justice because the two aforementioned cases are misstated.

Should this court deem it necessary, it can construe this letter as the actual sur-reply regarding the actual normative interpretation of *Scrilla* and *Malibu*; as corrected by plaintiff within a limited rebuttal scope.

Respectfully submitted,

Dated: 10/24/2023                                                                                     LIVINGSTON, NJ

Signature

DR. KISSINGER N. SIBANDA ESQ

The Law Offices of Kissinger N. Sibanda
LL. B (Hons); LL.M (State / Trial); LL.M (Federal/ Trial), SJD.
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 07039

Plaintiff's Request To Submit Sur-reply