```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
KISSINGER N. SIBANDA,                                            :
                                                                 :
                          Plaintiff,                             :
                                                                 :       23-CV-5752 (JMF)
                -v-                                              :
                                                                 :       MEMORANDUM OPINION
DAVID ELISON et al.,                                             :             AND ORDER
                                                                 :
                          Defendants.                            :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Kissinger N. Sibanda, a lawyer proceeding *pro se*, alleges that the 2019 movie "Gemini Man" infringes his copyright in a book titled "The Return to Gibraltar." Defendants have moved to dismiss his claims and for sanctions. See ECF Nos. 73, 80, 94, 97. Sibanda now moves for a preliminary injunction — specifically, an order restraining Defendants' assets and requiring them to cease distribution of "Gemini Man." See ECF No. 121 ("Pl.'s Mem.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Hanson Tr. PLC v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985) (describing a preliminary injunction as "one of the most drastic tools in the arsenal of judicial remedies"). A party seeking a preliminary injunction "must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (quoting *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011)) (internal quotation marks omitted). Significantly, "[a]

showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)) (internal quotation marks omitted).  Thus, if a party fails to show irreparable harm, a court need not even address the remaining elements.  *See, e.g.*, *Monowise Ltd. Corp. v. Ozy Media, Inc.*, 17-CV-8028 (JMF), 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018).

Defendants' motions to dismiss cast doubt on whether Sibanda can show a likelihood of success or raise serious questions going to the merits.  But the Court need not and does not reach that question (and intimates no view on Defendants' motions) because Sibanda fails to establish the "single most important prerequisite" for preliminary injunctive relief, namely irreparable harm.  As Sibanda himself acknowledges, Pl.'s Mem. 13, the Second Circuit has held that "courts must not simply presume irreparable harm. . . .  Rather, plaintiffs must show that, *on the facts of their case*, the failure to issue an injunction would actually cause irreparable harm." *Salinger v. Colting,* 607 F.3d 68, 82 (2d Cir. 2010) (emphasis added).  Sibanda fails to do so.  Indeed, he has not shown — or even claimed — that sales of his book have suffered as a result of Defendants' alleged infringement.  In other words, he has not shown any "market confusion" between his book and Defendants' movie.  *See* Pl.'s Mem. 13-14; *see, e.g.*, *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102-03 (S.D.N.Y. 2010) (denying a motion for a preliminary injunction in a copyright case where the "concern [of market confusion] is minimal").  Sibanda does assert that Defendants' alleged infringement "jeopardizes the existence of Plaintiff's creative licenses and derivative rights based on 'The Return to Gibraltar'" and harms his goodwill and reputation.  Pl.'s Mem. 14.  But such conclusory assertions are inadequate where, as here, the allegedly infringing movie was already released and

the lawsuit primarily seeks "to prevent defendants from profiting unfairly." *Clonus Assocs. v. DreamWorks, LLC*, 417 F. Supp. 2d 248, 254-55 (S.D.N.Y. 2005).  In these circumstances, Sibanda could be fully compensated by money damages in the event that he prevails on his copyright claims.  *See Int'l Swaps*, 712 F. Supp. 2d at 103 ("Even in a copyright action, 'irreparable harm means injury for which a monetary award cannot be adequate compensation' and must not be 'remote or speculative but . . . actual and imminent.'"); *Clark v. Childs*, 416 F. Supp. 3d 221, 224 (E.D.N.Y. 2017) (denying a preliminary injunction and temporary restraining order where the plaintiffs failed to show that their "purported harms could not be remedied through money damages, which is the preferred remedy in copyright cases").

Because Sibanda fails to show a risk of irreparable harm, his motion for a preliminary injunction must be and is DENIED.  The Clerk of Court is directed to terminate ECF No. 120.

SO ORDERED.

Dated: October 30, 2023
       New York, New York

                                                    _____
                                                    JESSE M. FURMAN
                                                    United States District Judge

3