**KISSINGER N. SIBANDA Esq, Attorney at Law**
The Law Offices of Kissinger N. Sibanda Esq
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID ELLISON, DAVID BENIOFF, BILLY RAY, DARREN LEMKE, SKYDANCE PRODUCTIONS, LLC, a California Limited Company; and GEMINI PICTURES, LLC, a California Limited Liability Company, ASHLEE LIN, FOSUN PICTURES INC.<br><br>*Defendants.* | **Case No: 1:23-CV-05752-JMF**<br><br>LETTER:<br><br>Request for reconsideration: Preliminary Injunction |

**LETTER:**

**Request for reconsideration: Preliminary Injunction**

- 1 -

Plaintiff's Letter:

:

Hon. Judge Furman,

This letter addresses the Order denying plaintiff a Preliminary Injunction because he fails to show irreparable harm and should be taken as a request for reconsideration or a request at the minimum for the court to follow its own rules and hold a telephone conference per Rule 5.2.a. Plaintiff does not fail to show irreparable harm as discussed here:

Parties were supposed to call in and address this motion for preliminary injunction and plaintiff would have offered pointed answers to this concern, which plaintiff does acknowledge is a valid concern by the court - this is how a preliminary injunction works, quick argument and resolution of an equitable solution by hearing both sides. *See in general, New York Times Co. v. United States*, 403 U.S. 713 (1971)., on how the judge handled those requests for a temporary order and the hearings in this District.

As the request for Preliminary Injunction shows, Dkt. N. 120, there is a possibility that defendants could transfer their assets to defeat the ends of justice and plaintiff prevailing on the merits – this is irreparable harm to plaintiff in the foreseeable future and is fact based given defendants past financial condition[1], regardless that there is "a motion to dismiss pending." This is the stated irreparable harm; and the memorandum of law addressing the request is clear on this. Dkt. No. 121. Preliminary Injunction MOL at 13-14.

---

[1] Before partnering with Chinese Fosun Pictures Inc.

- 2 -

Plaintiff's Letter:

Plaintiff is disappointed that the court did not afford plaintiff the courtesy to be heard via telephone conference per its Rule 5.2.a and asks to be heard telephonically on this issue – failure to show irreparable harm. It is noted that the bench has reminded plaintiff on several times that there are pending "sanctions and motions to dismiss against him"; this is defendant's advocacy on the matter on the docket – plaintiff as well should be allowed to advocate in their matter and a preliminary injunction is in line with plaintiff's advocacy, the facts and merits of this case, as he sees them.  The preliminary Injunction should be taken as seriously as the sanctions and motions to dismiss, which were not dismissed summarily but were fully briefed and submitted. This preliminary injunction should be fully heard.

Furthermore, Defendants would lose nothing to set up a constructive trust between now and the conclusion of their pending motions as an equitable remedy to guide against the concerns cited in plaintiff's Preliminary Injunction MOL at 13-14.  Each pleading before the court should be decided on its own merits, it need not cite to pending sanctions or motions to dismiss as the reason; because that is the very reason why sanctions motions are filed, to chill advocacy.

It is fair that Your Honor, would like to consider the pending motions before giving the preliminary injunction its due focus, but the suggestion that loss of monetary fund's from "Gemini man," in the event of bankruptcy or illegal liquidation, is not irreparable harm to plaintiff is not an accurate application of *Salinger* and argument should be heard on this contention. *Id*.

- 3 -

Plaintiff's Letter:

The court is respectfully asked to hold a telephone conference pursuant to Your Honor's Rule 5.2.a to address further argument regarding <u>irreparable harm</u> before making a final decision on the matter, with both parties present via telephone. Perhaps Your Honor will understand better plaintiff's request.

Respectfully submitted,

Dated: 10/31/2023                                                              LIVINGSTON, NJ

By: /s/Kissinger N. Sibanda

DR. KISSINGER N. SIBANDA ESQ
The Law Offices of Kissinger N. Sibanda
LL. B (Hons); LL.M (State / Trial); LL.M (Federal/ Trial), SJD.
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 07039

*Plaintiff's Attorney*
*Pro Se*

Plaintiff's Letter: