UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KISSINGER N. SIBANDA, :
:
Plaintiff, :
: 23-CV-5752 (JMF)
-v- :
: OPINION AND ORDER
DAVID ELISON et al., :
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Kissinger N. Sibanda is a lawyer who, in 2011, published a novel titled *The Return to Gibraltar*. In this suit, in which he proceeds without counsel, he brings a claim against various companies and people involved in the 2019 movie *Gemini Man* on the ground that they infringed his copyright in *The Return to Gibraltar*. In addition, he brings a claim against those parties *and* their lawyer under 18 U.S.C. § 241, alleging that they schemed to deprive him of a legal remedy for the copyright infringement by filing a declaratory judgment action in a different District. Now pending are motions filed by those Defendants who have appeared both to dismiss Sibanda's claims and to impose sanctions on him. *See* ECF Nos. 73, 80, 94, 97. For the reasons that follow, the Court GRANTS all of their motions.

## BACKGROUND

    The following facts — taken (unless otherwise noted) from the First Amended Complaint, ECF No. 40 ("FAC"), and documents attached thereto or incorporated therein — are assumed to be true for purposes of this motion and construed in the light most favorable to Sibanda. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013).

Sibanda, a South African national who lives in New Jersey, published a book titled *The Return to Gibraltar* in 2011. FAC ¶ 14. The book features "an African-American man who is cloned and used in a time-travelling program without his permission." *Id.* In marketing the book, Sibanda noted that the actor Will Smith would be "a good fit" to play the lead character if the book were adapted as a movie. *Id.*; *see also* FAC Ex. C. In 2019, Defendants Skydance Productions, Gemini Pictures, David Ellison, Darren Lemke, David Benioff, and Billy Ray (collectively, the "Skydance Defendants") released the movie *Gemini Man*, which starred Will Smith. FAC ¶ 15. The movie features "a former hitman who is targeted by a younger clone of himself while on the run from the government." *Id.* The screenplay for the movie was first written in 1997, sold to Walt Disney the same year, and then to the Skydance Defendants in 2016. *Id.* ¶ 17. The Skydance Defendants initially cast Clint Eastwood, who is white, for the lead role, but ultimately opted for Smith, who is African American. *Id.* ¶¶ 15-17. Citing "the transformation of the Causcasian lead into a black lead based on 'The Return to Gibraltar's' narrative, characters, cultural ethos and context," as well as other similarities between the protagonists and narratives of the two works, Sibanda alleges that *Gemini Man* "lifted" elements of his book. *Id.* ¶¶ 16-19.

In August and September 2020, Sibanda sent emails to the Skydance Defendants' counsel asserting copyright infringement. *Id.* ¶ 20. In response, Skydance Productions, Gemini Pictures, and Skydance Development LLC — through their lawyer, who is also a named Defendant here, Ashlee Lin — filed a complaint in the United States District Court for the Central District of California seeking a declaratory judgment of non-infringement, citing the fact that the screenplay for *Gemini Man* predated Sibanda's book by fourteen years. *See id.* ¶ 21; *Skydance Dev., LLC v. Sibanda*, No. 20-CV-8145 (C.D. Cal.) ("C.D. Cal. Docket"), ECF No. 1, ¶ 11. Sibanda, who is

domiciled in New Jersey, moved to dismiss the case for lack of personal jurisdiction. *See* FAC ¶ 21; C.D. Cal. Docket, ECF Nos. 31-32. "When it became clear that [Sibanda] was about to win his motion . . . ," the plaintiffs in the Central District of California case voluntarily dismissed their complaint. FAC ¶ 32;[1] *see* C.D. Cal. Docket, ECF No. 90.[2]

Thereafter, Sibanda filed this case. In the operative First Amended Complaint, he brings two claims against the Skydance Defendants, Lin (who also represents the Skydance Defendants in this case), and a Defendant that has not yet been served or appeared (Fosun Pictures, Inc.): a claim of copyright infringement against all Defendants other than Lin, *see* FAC ¶¶ 28-32, and a claim under 18 U.S.C. § 241 against all Defendants, *see id.* ¶¶ 10, 33-35. With respect to the second claim, Sibanda alleges that Defendants "jointly conspired/embarked on a scheme to file a declaratory judgment in the wrong forum, California Central District, for purposes of depriving plaintiff of his protected legal remedy . . . to advocate for copyright infringement in the correct forum. . . . [D]efendants conspired and continued to exert a concerted effort to file in the wrong forum for purposes of exhausting plaintiff's statute of limitations and forum shopping." *Id.* ¶ 34. He alleges that Benioff, Ray, and Lemke are liable even though they were not plaintiffs in the Central District of California action because "Skydance LLC acted in their agency." *Id.* ¶ 35.

## DISCUSSION

As noted, Defendants move both to dismiss and for sanctions. Before turning to their motions, however, a brief word regarding Sibanda's *pro se* status is warranted. Usually, *pro se* parties are entitled to special solicitude. *See, e.g.*, *Peralta v. City of New York*, No. 21-CV-6395

---

[1]   The Complaint contains duplicate paragraph numbers 32 through 34. *See* FAC at 14-17. For avoidance of doubt, this citation refers to the *second* paragraph 32.

[2]   Sibanda then moved for attorney's fees and costs, a motion that was denied by the District Court and affirmed by the Ninth Circuit. *See* C.D. Cal. Docket, ECF Nos. 122, 124, 134.

(JMF), 2022 WL 2805463, at *2 (S.D.N.Y. July 18, 2022). The Second Circuit has made clear, however, that a lawyer representing himself is "ordinarily" entitled to "no such solicitude at all" from the federal courts. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases); *see also, e.g.*, *Fenner v. City of New York*, No. 8-CV-2355 (BMC) (LB), 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009) ("It is well settled in the Second Circuit that since the reason for affording *pro se* litigants special deference is not present when the litigant is an attorney, no special consideration is required."). Indeed, courts within this Circuit have observed that it would be "fundamentally unfair" to extend the special solicitude typically afforded *pro se* parties to submissions drafted by lawyers. *CIT Grp./Commercial Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 407 (S.D.N.Y. 2009); *accord Sullivan v. City of New York*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *4 (S.D.N.Y. Aug. 25, 2015). Sibanda is an attorney admitted to the bar of the District of Columbia in good standing; indeed, he affirmatively touts his qualifications as a lawyer. FAC ¶¶ 1, 3; ECF No. 73-2 ("Labate Decl."), ¶¶ 12-13; Labate Decl. Ex. I; Labate Decl. Ex. A.[3] Accordingly, he is entitled to no special solicitude in the Court's evaluation of Defendants' motions.

### A. The Motions to Dismiss

The Court begins with Defendants' motions to dismiss pursuant to Rule 12(b)(6). ECF Nos. 94, 97. In reviewing a Rule 12(b)(6) motion, a court must accept the factual allegations set

---

[3] Moreover, he has appeared as counsel on behalf of other parties in at least eight civil cases before this Court. *See Diarra v. City of New York*, No. 16-CV-7075 (VSB) (S.D.N.Y.); *Rekuro et al. v. Fed. Republic of Germany*, No. 17-CV-62 (LTS) (S.D.N.Y.); *Andrews v. Barnes & Noble Inc.*, No. 19-CV-1710 (DAB) (S.D.N.Y.); *Bates et al. v. Offit Kurman Att'ys at Law LLP et al.*, No. 19-CV-2814 (KPF) (S.D.N.Y.); *Marquez-Ortiz v. United States*, No. 20-CV-5793 (JPO) (S.D.N.Y.); *Veras v. N.Y.C. Dep't of Educ. et al.*, No. 22-CV-56 (JLR) (S.D.N.Y.); *Stapleton v. N.Y.C. Dep't of Educ. et al.*, No. 22-CV-9351 (DEH) (S.D.N.Y.); *Bright v. Annucci et al.*, No. 18-CV-11111 (NSR) (S.D.N.Y.); *see also* ECF No. 80 ("Skydance Defs.' Sanctions Mem."), at 11 (listing cases).

forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Giunta v. Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018). A court will not dismiss any claims unless the plaintiff has failed to plead sufficient facts to state a claim to relief that is facially plausible, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More specifically, the plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

Here, both of Sibanda's claims fail as a matter of law and must be dismissed. First, Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *accord Biswas v. Rouen*, 808 F. App'x 53, 54 (2d Cir. 2020) (summary order). As the Supreme Court has held, "registration is akin to an administrative exhaustion requirement that the owner *must* satisfy *before* suing to enforce ownership rights." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com LLC*, 586 U.S. 296, 301 (2019) (emphasis added). And "it is a plaintiff's burden to allege, and later to prove, that Section 411(a)'s pre-suit requirements are satisfied." *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019).[4] "What is

---

[4] The Skydance Defendants assert that the copyright registration requirement is jurisdictional, *see* ECF No. 98 ("Skydance Defs.' MTD Mem."), at 6, but that is incorrect, *see Malibu Media*, 2019 WL 1454317, at *2.

more, the failure to register a copyright in advance of filing a lawsuit cannot be cured through amendment and thus requires dismissal." *Zonis v. Grubman*, No. 20-CV-7181 (JMF), 2022 WL 597447, at *1 (S.D.N.Y. Feb. 28, 2022) (citing cases); *accord Mayers v. Racino*, No. 23-CV-5183 (MKV), 2024 WL 3729020, at *4 (S.D.N.Y. Aug. 7, 2024) (citing cases); *Malibu Media*, 2019 WL 1454317, at *2-3.

That is fatal to Sibanda's copyright infringement claim. Although the Complaint alleges that Sibanda "has a valid, legal, and legitimate copyright in 'The Return to Gibraltar,' . . . register[ed] in 2011 and made public in August of 2011," FAC ¶ 29; *see also id.* ¶ 27, it does not allege registration under the Copyright Act. It cites only a Library of Congress record for the book — which nowhere indicates that Sibanda has a registered copyright, FAC Ex. E — and the copyright page of the book itself, which does not indicate registration pursuant to the Act, FAC Ex. F. *See* FAC ¶ 29. More to the point, Sibanda does not dispute that he failed to register the copyright prior to bringing this action. Instead, he argues only that the Berne Convention exempts the book from Section 411(a) because it is a foreign work (due to the fact that he is a South African national), ECF No. 112 ("Sibanda MTD Opp'n"), at 6-11, 20-23, and that he has *since* obtained "a valid registered Copyright with the U.S. Copyright office," *id.* at 22 — apparently on September 25, 2023, ECF No. 113-6, more than one month after this action was commenced.[5] The former argument is without merit because *The Return to Gibraltar* is plainly a "United States work" within the meaning of the Copyright Act, as the copyright page that Sibanda attaches to his pleadings confirms that it was "[p]ublished in United States by Proteus Books," with an address in North Carolina, FAC Ex. F, and his own (untimely) copyright

---

[5] The Court may take judicial notice of Sibanda's copyright registration as published in the Copyright Office's registry. *See Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

registration indicates that the "Nation of 1st Publication" was the United States, ECF No. 113-6; *see* 17 U.S.C. § 101 (providing that, "[f]or purposes of section 411, a work is a 'United States work'" if it is "first published . . . in the United States"). And the latter is immaterial because, as noted above, a failure to register a copyright in advance of filing suit cannot be cured through amendment. *See, e.g.*, *Malibu Media*, 2019 WL 1454317, at *2-3. To hold otherwise "would fly in the face of Section 411(a)'s text, which provides that registration must be complete before a civil action is 'instituted,' and would defeat Congress's purpose to 'maintain[ ] registration as prerequisite to *suit*,' not just to liability." *Id.* at *3 (first quoting 17 U.S.C. § 411(a); and then quoting *Fourth Est.*, 586 U.S. at 307).

Sibanda's claim under 18 U.S.C. § 241, alleging that all Defendants — including Lin — "jointly conspired/embarked on a scheme to file a declaratory judgment in the wrong forum . . . for purposes of depriving plaintiff of his protected legal remedy under [the Copyright Act] to advocate for copyright infringement in the correct forum," FAC ¶ 34, is even more easily dismissed. That is because Section 241 is a criminal statute and, as Sibanda implicitly concedes, it authorizes no private right of action. *See Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019) (summary order) ("[N]othing in the language of § 241 suggests that Congress intended to create a private right of action under that provision." (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)); *accord Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006) (summary order); *Tsabbar v. Booth*, 293 F. Supp. 2d 328, 335 (S.D.N.Y. 2003); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Moreover, even if it did, the claim would fail because it rests on a false premise. Put simply, the Central District of California action did not preclude Sibanda from filing his copyright infringement

7

claim — either in another district or as a counterclaim in the Central District of California action. Accordingly, Sibanda's second claim must be and is dismissed as frivolous.[6]

The Court declines to grant leave to amend either of the dismissed claims because amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).[7] In his opposition to Defendants' motions, Sibanda requests leave to amend (for a second time) to (1) replace his Section 241 claim with a claim for civil conspiracy based on the same factual allegations, *see* Sibanda MTD Opp'n 23-29; and (2) add a claim for unjust enrichment based on the same factual allegations as his copyright infringement claim, *see id.* at 29-31. But such amendment would also be futile. A civil conspiracy claim (if one could even be brought) would also fail because the Central District of California case did not prevent Sibanda from filing his copyright infringement claim. And Sibanda's proposed unjust enrichment claim would be preempted by the Copyright Act because "the gravamen of [his] unjust enrichment claim is that [D]efendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 113 (E.D.N.Y. 2022) (quoting *Stanacard, LLC v. Rubard, LLC*, No. 12-CV-5176 (CM), 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016)). Accordingly, Sibanda's request for leave to amend again is denied.

## B. The Motions for Sanctions

That leaves Defendants' motions for sanctions against Sibanda under Rule 11 of the Federal Rules of Civil Procedure. ECF Nos. 73, 80. As relevant here, Rule 11(b) provides that,

---

[6] In light of the foregoing, the Court need not and does not reach Defendants' argument that Sibanda's second claim fails due to the litigation privilege. *See* ECF No. 95 ("Lin MTD Mem."), at 5-7; Skydance Defs.' MTD Mem. 7-8.

[7] That said, dismissal of the copyright infringement claim is without prejudice to the filing of a new action. *See Malibu Media*, 2019 WL 1454317, at *4. But "any newly filed action will not relate back to the filing of the original Complaint in this action." *Id.*

8

"[b]y presenting to the court a pleading, written motion, or other paper, . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). If a court determines that Rule 11(b) has been violated, Rule 11(c) authorizes the court to "impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). A sanction, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).[8]

Rule 11 thus imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998). The standard for imposing Rule 11 sanctions, however, is intentionally high, so as not to stifle legal creativity and zealous advocacy. *See City of Perry, Iowa v. Proctor & Gamble Co.*, No. 15-CV-8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017); *see also, e.g., Park v. Seoul Broad. Sys. Co.*, No. 5-CV-8956 (BSJ) (DFE), 2008 WL 619034, at *1

---

[8] A Rule 11 motion "must be made separately from any other motion" and "must be served" on the non-moving party at least twenty-one days before it is filed to give the non-moving party an opportunity to withdraw or correct "the challenged paper, claim, defense, contention, or denial." Fed. R. Civ. P. 11(c)(2). Here, there is no dispute that those requirements have been satisfied. *See, e.g.,* ECF No. 73-1 ("Lin Sanctions Mem."), at 11; Skydance Defs.' Sanctions Mem. 8.

9

(S.D.N.Y. Mar. 6, 2008) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances."). Among other things, a court must "resolve all doubts in favor of the signer" of the pleading, *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993), and may impose sanctions only where an attorney's (or unrepresented party's) conduct was "objective[ly] unreasonable[]," *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003). Indeed, sanctions are appropriate only where "it should have been patently obvious to any attorney who had familiarized himself with the law" that the action was frivolous. *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988); *see also, e.g.*, *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (noting it must be "patently clear that a claim ha[d] absolutely no chance of success").

Measured against these standards, Defendants' motions for sanctions are well founded. Indeed, the record reveals *both* that Sibanda's second claim was "not supported by existing law, lack[ed] evidentiary support, [and was] otherwise frivolous" and that it was "used for an 'improper purpose.'" *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). As to the former ground, the discussion above makes plain that Sibanda's Section 241 claim was not supported by existing law, lacked evidentiary support, and was frivolous as a matter of both law and fact. The law does not provide a private right of action (a point that Sibanda conspicuously did not even dispute in his opposition to Defendants' motions) and, even if did, it was based on the false premise that the Central District of California action precluded Sibanda from pursuing his copyright infringement claim. Moreover, Sibanda filed the claim not only against those who were involved in the Central District of California action, but also against Benioff, Ray, and Lemke on the flimsy (if not incoherent) basis that "Skydance LLC acted in their agency." FAC ¶ 35. Put simply, it would "have been patently obvious to any attorney,"

including an unrepresented attorney, "who had familiarized himself with the law" both that the action was frivolous, *Four Keys Leasing & Maint. Corp.*, 849 F.2d at 773, and "that [the] claim ha[d] absolutely no chance of success," *Healey*, 947 F.2d at 626.

      As to the latter ground, the record makes plain that Sibanda brought the claim for an "improper purpose," namely to harass Lin and to seek her disqualification as counsel for the Skydance Defendants. Sibanda has, for years, baselessly insulted Lin and attacked her training, expertise, and competence. *See, e.g.*, Labate Decl. Ex. A (emails from Sibanda to Lin stating, among other things: "[T]he cases you cited were irrelevant to this court, but as a new lawyer perhaps you do not understand the meaning to relevancy . . . . I hold two Masters in Trial, not a mere JD like your self [sic]!"); Labate Decl. Ex. B (email from Sibanda to Lin stating: "I am inclined to doubt my offer was forwarded to your client because of the many mistakes you have made during litigation amounting in many instances to legal malpractice."). In the Central District of California action, he sought frivolously to disqualify Lin as counsel for his *adversaries*, claiming that she was not "effective legal counsel" and that the Skydance Defendants "require[d] a fresh opinion by a different set of attorneys and law firm, who are not emotionally invested as [her]," Labate Decl. Ex. C, and later threatened her also with a referral to the bar, *see* Labate Decl. Ex. D (email from Sibanda to Lin stating: "[F]ile a formal notice of appearance so that I can file my motion to disqualify. . . . [I]t's not rocket science . . . I am giving you March 30th, 2022, then I am contacting the bar."). In this case, Sibanda added Lin as a Defendant with respect to his Section 241 claim and, just a month later, sought to prevent Lin from representing her clients in this action on that basis. *See* ECF No. 67; *see also* ECF No. 76, at 2-4; ECF No. 77. Taken together, these facts support only one conclusion: that Sibanda brought his Section 241 claim against Lin for an "improper purpose," namely to harass her and

11

to interfere with the Skydance Defendants' representation in this action by counsel of their choice.

In short, Sibanda's conduct crossed firmly "into the realm of Rule 11 sanctions." *Galin v. Hamada*, 283 F. Supp. 3d 189, 203 (S.D.N.Y. 2017). That leaves only the question of what sanctions to impose. As noted, the Rule provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Although the purpose of sanctions is deterrence, and not reimbursement, *see, e.g.*, *LeFlore v. Marvel Enter. Grp.*, 493 U.S. 120, 126-27 (1989), sanctions may include an order "award[ing] to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion [for sanctions]," Fed. R. Civ. P. 11(c)(2). In accordance with that provision, the Court finds that the purposes of Rule 11 would be served by requiring Sibanda "to pay the attorney's fees and costs incurred by the Defendant[s] in bringing and defending its motion for sanctions." *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 221 (E.D.N.Y. 2011).[9] All Defendants shall jointly submit an accounting of such fees and costs within thirty days of this Opinion and Order, and Sibanda shall file any opposition within two weeks thereof.

## CONCLUSION

For the foregoing reasons, all of Defendants' motions are GRANTED.[10] More specifically, Sibanda's First Amended Complaint is dismissed in its entirety (Count One without

---

[9] Although Lin might have been on firm ground seeking reimbursement for her fees and costs in connection with the action as a whole, she seeks fees and costs only in connection with her motion for sanctions. *See* Lin Sanctions Mem. 18.

[10] Sibanda sought leave to file sur-replies with respect to Defendants' motions. ECF Nos. 108, 118. Upon consideration of the filings and review of Sibanda's letters, the Court finds that permitting sur-replies would be futile and thus denies his requests.

prejudice to filing a new action and Count Two with prejudice),[11] and Sibanda is ordered to reimburse Defendants for their reasonable expenses, including attorney's fees, associated with their motions for Rule 11 Sanctions, ECF Nos. 73, 80.  Defendants shall jointly submit a fee application, supported by contemporaneous billing records, no later than **thirty days** from this Opinion and Order; Sibanda shall file any opposition within **two weeks** of any such application. Absent leave of Court, Defendants may not file any reply.

The Clerk of Court is directed to terminate ECF Nos. 73, 80, 94, and 97, to enter judgment in favor of Defendants, and to close the case.

SO ORDERED.

Dated: August 14, 2024
New York, New York

JESSE M. FURMAN
United States District Judge

---

[11] Although, as noted above, Defendant Fosun Pictures, Inc. has neither been served nor appeared to date, Sibanda's claims nonetheless against it fail for the reasons discussed above. Accordingly, they too are dismissed.