UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KISSINGER N. SIBANDA,                                    :
:
                             Plaintiff,      :          23-CV-5752 (JMF)
:
      -v-                                                   :          MEMORANDUM OPINION
:                 AND ORDER
:
DAVID ELISON et al.,                                     :
:
                           Defendants.      :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On August 14, 2024, the Court issued an Opinion and Order granting Defendants' motions to dismiss and for sanctions. ECF No. 130 ("Op."). Later the same day, Plaintiff submitted a motion for reconsideration of that Order. ECF No. 132 ("Motion"). Plaintiff's motion, while speedy, presents no valid grounds for reconsideration. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)). Accordingly, the motion is DENIED as meritless.

      Only two arguments raised in Plaintiff's motion warrant any discussion (and only brief discussion at that), if for no other reason than that they fundamentally misconstrue the Court's Order. First, he contends that "[i]t is improper[] to reargue the issue of plaintiff's previous conduct as sanctionable when plaintiff was never sanctioned in the Central District matter after

defendants presented the same evidence." Motion 4. But the Court did not sanction Plaintiff for his conduct in the Central District of California action. Instead, it imposed sanctions solely for his conduct in *this* action; his prior conduct was referenced in the Court's Order only to provide background and context, as it is plainly relevant to an understanding of Plaintiff's purpose in bringing his frivolous claim against Lin in this case. *See* Op. 11-12. Second, Plaintiff avers that sanctions are unwarranted because his claims were "dismissed on technical and procedural grounds" rather than on the merits. Motion 6-7. But the claim the Court found to be "not supported by existing law, lack[ing] evidentiary support, and [] frivolous as a matter of both law and fact" was Plaintiff's claim under 18 U.S.C. § 241, Op. 10, which was dismissed as frivolous both because "Section 241 is a criminal statute and . . . authorizes no private right of action" and because the claim rested on a "false premise" because "the Central District of California action did not preclude Sibanda from filing his copyright infringement claim," *id.* at 7-8. In other words, that claim was very much dismissed on the merits or lack thereof.

    The Clerk of Court is directed to terminate ECF No. 132.

SO ORDERED.

Dated: August 15, 2024  
      New York, New York

                                               JESSE M. FURMAN  
                                           United States District Judge