UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID ELLISON, et al.,<br><br>*Defendants.* | Case No. 1:23-cv-05752-JMF<br>Rel. 1:24-cv-06310-JMF<br><br>**DEFENDANTS' JOINT<br>APPLICATION FOR FEES** |

Pursuant to this Court's decision and order, ECF No. 130, granting Defendants David Ellison, Darren Lemke, David Benioff, Billy Ray, Skydance Productions, LLC, and Gemini Pictures LLC's (collectively the "Skydance Defendants") and Defendant Ashlee Lin's respective motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rule 11 Motions"), ECF Nos. 73 and 80, the Skydance Defendants and Ms. Lin jointly submit this fee application for the reasonable expenses, including attorney's fees, associated with bringing the aforementioned Rule 11 Motions. Defendants request reimbursement of $23,120 in attorneys' fees and costs associated with the Rule 11 Motions.[1] *See* Declaration of Ashlee Lin ("Lin Decl."), Exhibit A.

On August 14, 2024, this Court awarded Defendants "reasonable expenses, including attorney's fees, associated with their motions for Rule 11 Sanctions." ECF No. 130. The Court also requested that the application be supported by contemporaneous billing records. *Id.*

---

[1] Defendants also note that Plaintiff has noticed an appeal of the sanctions order and fee award. Defendants therefore reserve, to the extent available by law and allowed by this Court or the United States Court of Appeals for the Second Circuit, the right to pursue additional fees directly traceable to the Rule 11 violation that are incurred from defending this Court's fee award on appeal. *See e.g.*, *Gurary v. Winehouse*, 270 F. Supp. 2d 425, 426 (S.D.N.Y. 2003) (assessing Rule 11(b), in the context of a PSLRA case, and holding that "appellate expenses" were recoverable).

Defendants attach to this application the contemporaneous billing records associated with bringing the Rule 11 Motions.² *See* Lin Decl., Exhibit A.

Rule 11 provides that monetary sanctions may include "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The standard in the Second Circuit for determining whether the requested attorneys' fees are reasonable is the "lodestar" method. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The "lodestar" is the "product of a reasonable hourly rate and the reasonable number of hours required by the case" and "creates a presumptively reasonable fee." *Id.* (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).

Here, Exhibit A demonstrates that all of the fees included within this application "directly result from the violation" of Rule 11. *See* Fed. R. Civ. P. 11(c)(4). The contemporaneous billing entries all relate directly to the preparation of the Rule 11 warning notices and correspondence with Plaintiff regarding the same; the preparation and drafting of each of the actual Rule 11 Motion papers; and replying to Plaintiff's opposition to each of the Rule 11 Motions. Defendants have not included any time entries relating to work that was not directly related to the preparation and prosecution of the Rule 11 Motions. Each of these tasks were also necessary and essential to bringing each of the Rule 11 Motions as Rule 11 both requires notice to be provided to trigger the safe harbor, as well as a separate motion sequence for the Rule 11 Motions.

Further, Defendants' counsel's hourly rates are more than reasonable in light of their experience, the markets in which they practice, and the subject matter involved in this case—

---

² Defendants have redacted these billing records to the extent that the time entries are unrelated to the Rule 11 Motions. Defendants have not included any fees associated with the redacted entries in the total fees appended to Exhibit A.

particularly because they are billing at certain discounted rates in connection with the Rule 11 Motion brought on behalf of the Skydance Defendants.[3] Specifically:

- Counsel Ashlee Lin—who invoiced for work on behalf of the Skydance Defendants—is a partner at Eisner, LLP ("Eisner") and has been practicing for nearly fourteen years. Prior to working at Eisner, Ms. Lin also worked for the law firm Milbank, Tweed, Hadley, & McCloy LLP. While a California-licensed attorney, for this case Ms. Lin was admitted *pro hac vice* to practice before the Southern District of New York. Although her standard rate is $895 per hour, she billed at a rate of $500 per hour for her work included in this application.[4]

- Counsel Elaine Li performed work included in this application on behalf of the Skydance Defendants. She has been a licensed attorney in California for four years and in law school served as an extern for the Honorable Richard B. Ulmer of the Superior Court of San Franscisco. Although her standard rate was $450 per hour, she billed at a discounted rate of $350 per hour for her work included in this application.

- Counsel Angelo G. Labate performed work included in this application on behalf of both the Skydance Defendants and Ms. Lin. He has been a licensed attorney in New York State for five years and has worked in private practice for six years. Prior to working at Eisner Mr. Labate was a litigation associate in the New York

---

[3] Further, Defendants joint request is even more reasonable in light of the fact that they have not requested fees associated with time entries where both the Rule 11 Motion and other motion practice or work was conducted. Defendants have not redacted the portions of these entries reflecting the Rule 11-related work but have redacted the hours and fees associated with them and these comingled hours and fees were excluded from the total fees requested. Similarly, Defendants have not requested the fees associated paralegal Veronica Velasco's work on the matter as these amounts were discounted completely.

[4] Ms. Lin also expended a limited number of hours (1.25) with respect to the Rule 11 Motion that was required to be filed on her behalf. The billing records for these hours reflect her standard rate.

office of Weil, Gotshal & Manges LLP and in law school served as an extern for Magistrate Judge Michael G. Gotsch, Sr. of the United States District Court for the Northern District of Indiana. For the work performed on behalf of Ashlee Lin and her Rule 11 Motion, Mr. Labate billed at his standard rate of $575 per hour. For the work performed on behalf of the Skydance Defendants, he billed at a discounted rate of $350 per hour.

These rates, especially the discounted rates, are reasonable. Indeed, a Legal.io report of the hourly rates of lawyers specializing in intellectual property cases within the New York market found a range of rates: $337 (low), $682 (average), and $1027 (high). *See* Lin Decl., Exhibit C. In addition to the Legal.io averages and Defendants' counsel's experience, Defendants request that this Court, relying upon its knowledge of the hourly rates charged by attorneys within the district, as evidenced by other similar contemporaneous billing records submitted to the Court, take judicial notice that the hourly rates reported in Exhibit A are reasonable rates for copyright attorneys practicing in the district.

Accordingly, as the contemporaneous billing records reflect reasonable hourly rates for tasks that were necessary and required to bring and prosecute the Rule 11 Motions, the Court should order that Plaintiff reimburse Defendants in the amount of $23,120 – a total that represents the "lodestar" amount for the tasks required in bringing the Rule 11 Motions.

Further, to the extent the Court finds that the fees incurred in preparing this application also are recoverable as directly related to the Rule 11 Sanctions, Defendants have also submitted separate contemporaneous billing records in the amount of $2,855. *See* Lin Decl., Exhibit B. If the Court finds that preparation of this application is also a recoverable expense, the Court

should also order Plaintiff to reimburse Defendants in the amount of $2,855 – a secondary total that represents the "lodestar" amount for the fee application only. *Id.*

Dated: September 13, 2024                                  Respectfully submitted,

*/s/ Angelo G. Labate*

Angelo G. Labate
Evangelos Michailidis
**EISNER, LLP**
152 W 57th St., 48th Flr.
New York, New York 10019
Telephone: (212) 600-5281
alabate@eisnerlaw.com

*Attorneys for Defendant Ashlee Lin*

*/s/ Ashlee Lin*

Ashlee Lin (*pro hac vice*)
**EISNER, LLP**
433 N. Camden Dr., 4th Fl.
Beverly Hills, CA 90210
Telephone: (310) 855-3200
alin@eisnerlaw.com

*Attorney for Defendants David Ellison, Darren Lemke, David Benioff, Billy Ray, Skydance Productions, LLC and Gemini Pictures LLC*