UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KISSINGER N. SIBANDA,                                                   :
:
                       Plaintiff,                          :
:        23-CV-5752 (JMF)
      -v-                                                               :
:        <u>ORDER</u>
DAVID ELISON et al.,                                                    :
:
                       Defendants.                         :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On August 14, 2024, the Court dismissed this action and granted Defendants' motions for sanctions, ordering Plaintiff Kissinger N. Sibanda "to reimburse Defendants for their reasonable expenses, including attorney's fees, associated with their motions for Rule 11 sanctions." *See* ECF No. 130, at 8-13. Defendants were directed to "jointly submit a fee application, supported by contemporary billing records," within thirty days of that Opinion and Order, *see id.* at 13, and Sibanda was granted two weeks thereafter to file any opposition, *see id.* Defendants filed their fee application and supporting documentation on September 13, 2024. *See* ECF Nos. 140 & 141.

        The next day, Sibanda filed a letter "request[ing] limited discovery to rebut defendants' application for fees," specifically seeking "[p]roduction of unredacted fee logs," "[c]opies of written affidavits of clients showing consent to be represented by Ms. Lin consistent with Cal. Bar. Rule 1.7," "[i]nterrogatories, regarding the qualifications of Ashlee Lin and Angelo Labate," and "[p]roof of banking deposits of stated amounts." *See* ECF No. 142; *see also* ECF No. 143 (attaching an order pertaining to Lin from an entirely unrelated matter).

        Sibanda's request is DENIED as frivolous. Defendant Lin's authority to represent the

Skydance Defendants and the qualifications of Defendants' counsel — the subject of the second and third requests on Sibanda's list and the subject of much of his letter, *see* ECF No. 142 — are not issues before the Court. Indeed, Sibanda's unfounded attempt to "harass Lin and to seek her disqualification as counsel for the Skydance Defendants" formed part of the basis upon which the Court imposed sanctions. *See* ECF No. 130, at 11-12. And Sibanda has not offered anything nearing adequate justification for his remaining demands. The billing records submitted in support of Defendants' fee application are attached to the sworn declaration of Lin, *see* ECF No. 141 & exhibits, and Defendants represent that they "have redacted these billing records to the extent that the time entries are unrelated to the Rule 11 Motions" and "have not included any fees associated with the redacted entries," ECF No. 140, at 2 n.2.

Sibanda shall file any opposition to Defendants' fee application **no later than September 27, 2024**. To be clear, to the extent that he disputes the reasonableness of Defendants' application in his letter seeking discovery, Sibanda must restate any such disputes in his opposition — having considered and rejected Sibanda's request, the Court will disregard Sibanda's filings at ECF Nos. 142 & 143 in ruling on Defendants' fee application.

SO ORDERED.

Dated: September 16, 2024
       New York, New York

                                        JESSE M. FURMAN
                                    United States District Judge