**KISSINGER N. SIBANDA Esq, Attorney at Law, *Pro Se***

The Law Office of Kissinger N. Sibanda, PLLC
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KISSINGER N. SIBANDA | **Case No: 1:23-cv-05752 (JMF)** |
| *Plaintiff,* | Letter: Limited Response to Order: ECF: 144 |
| v. | |
| DAVID ELLISON, et al | |
| *Defendants.* | |

- 1 -

This is a limited response to the decision to deny limited discovery on the exhibits submitted in plaintiff's motion practice. Plaintiff notes that this decision is exemplary of Your Honor's bias against him:

Specifically, there is nothing frivolous about seeking the court's assistance to have the redacted parts sent to plaintiff unredacted.

Second, in regards, to the bench's continued misrepresentation that "plaintiff has harassed Lin," this is an advocacy position, not fact based and is being appealed with the Second Cirucit. The facts do not support such a position, in fact the Bench has now inserted itself as a party on this issue -

If the Bench is not able to decide this matter fairly, then the Bench should recuse itself. Otherwise, its Orders that plaintiff's well written arguments are in its words, "frivolous," lacks judicial authority ( cases etc.) and is personal, at this point.

I am under the impression that the Bench wants to make Orders that push the advocacy position of defendants, regarding plaintiff's requests or concerns. The primary concern of the Bench is effectuating "sanctions," based on a theory of "harassing Lin," a complete exaggeration of the facts of this dispute and the facts herein. This has been appealed.

In regards, to Your refusal to direct defendant Lin to show *proof of her right to represent defendants, consistent with Ca. Bar Rule* <u>1.7</u>, when having a conflict of interest.  It is plaintiff's right to so request and is not frivolous in any shape or form. Unless the bench can cite specifically to authority allowing defendant Lin to do what she has done in this case, the concern is genuine.

- 2 -

That decision squarely falls with the grievance board to review your decision – but that's an abuse of discretion designed to paint plaintiff negatively. Consistent with the Bench's attitude towards plaintiff and its reading of the case.

*Seeking to have redacted records sent to plaintiff unredacted was and is not frivolous.*

If the Bench cannot rule impartial, then the bench should recuse itself. But Your lack of fairness, or equal play, suggests the Bench has already decided and is merely effectuating the actions of its decisions. To suggest that "redacted records," be unredacted and a lawyer should show evidence they represent defendants, they intend collecting fees for – *is frivolous*. Is a remarkable statement from the bench. This is a frivolous argument from the bench (that information should not be revealed, allowing a party to make a complete argument in their motion)! The whole basis of or legal system is fact discovery.

At this point plaintiff will amend his appeal to include this Order, ECF: 144, sating its "frivolous" holding was obviously aware this would be plaintiff's only position. Plaintiff will not be cornered or pressured to briefing a motion with evidence that handicaps his legal argument, this is a violation of his constitutional right, specifically the First Amendment. And the bench cannot refuse discovery to essentially relevant facts, without an opposition submission.

In conclusion, if the Bench does not want to be assigned to this case; to pay close attention to the history of this matter and the facts; that issue is with the chief judge who reassigned this matter, not me. Plaintiff was okay with Judge Koetli's reassignment.

Instances where the bench responds before defendants are unacceptable; requests and motions are normally briefed by parties; not between a party and a sitting judge. This is a trend, for the bench to respond before defendants do.

- 3 -

Judge Furman is not a party to these proceedings!

Assignment of this matter cannot be circumvented by onerous and unfair decisions intended to force a party to seek recusal against the sitting judge. If the Bench is under the impression, that plaintiff is unaware of the law, that issue is a personal issue with him; given that no caselaw has shown this not to be so. Plaintiff has in fact, refiled his action.

In addition, whether plaintiff responds the same day or not to the bench's Orders is immaterial to the substance of this matter. The bench cannot insist that plaintiff responds when they would like a response outside of the allotted time set on the record, and references to "same day," are irrelevant to the issues and somewhat of a personal nature.

Plaintiff remains disappointed at the inability of this Bench to adjudicate this matter; not because the Bench refused to allow limited discovery, but the reasons, and tone of its Order. Discovery is a crucial part of our litigation system, the bench did not address how is it fair that defendants were given limited discovery, when they requested it, and now plaintiff's request is deemed "frivolous."

At this point the parties to these proceedings are clearly; *Sibanda v. Furman*. Which is unfortunate.

I am Jewish and have utmost respect for judges. I believe we are all judged by the Creator, even Judge Furman. If my Jewish faith poses a problem for you, as a Jewish judge, with the same faith. Then You Honor should recuse Himself; but Jewish judges have to be fair to even Jewish litigants. The biggest grievance board against a judge is Hashem, not the second circuit.

- 4 -

Requests to un-redact records is not a frivolous argument, nor is the request for Ms. Lin to show that she is authorized to represent her co-defendants, a requirement of California Bar Rule 1.7.

Dated: 09/17/2024                                                    Washington, DC

                                                                              By:

_____
/        Signature

DR. KISSINGER N. SIBANDA ESQ
The Law Office of Kissinger N. Sibanda, PLLC
LL. B (Hons); LL.M (State / Trial); LL.M ( Federal/ Trial)
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 07039

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**<u>CERTIFICATE OF SERVICE</u>**

18

19

Plaintiff, Dr. Kissinger N. Sibanda SERVED ALL PARTIES via ECF.

20

Date: September 17, 2024

21
22
23
24

Signature

25

DR. KISSINGER N. SIBANDA
*Pro Se Plaintiff*

26
27
28

- 6 -

REPSONSE: ORDER ECF: <u>144</u>.