**KISSINGER N. SIBANDA Esq, Attorney at Law,** *Pro Se*
The Law Office of Kissinger N. Sibanda, PLLC
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISSINGER N. SIBANDA<br>    *Plaintiff,*<br>            v.<br><br>DAVID ELLISON, WILL SMITH, ANG LEE, SKYDANCE PRODUCTIONS, LLC; a California Limited Company, GEMINI PICTURES, LLC, a California Limited Liability Company, SKYDANCE DEVELOPMENT, LLC, a California Limited Liability Company, ASHLEE LIN, PARAMOUNT PICTURES, FOSUN PICTURES INC.<br>    *Defendants.* | **Case No: 1:23-cv-05752 (JMF)**<br><br>MOTION<br><br>TO STAY PROCEEDINGS PENDING OUTCOME OF APPEAL |

Plaintiff respectfully requests this court stay further adjudication of defendants' application for fees until the Second Circuit resolves plaintiff's appeal and amended appeal.

The general rule is that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982).

In general, filing of notice of appeal is event of jurisdictional significance, as it confers jurisdiction on Court of Appeals and divests district court of its control **over those aspects of case involved in appeal**[1], and district court does not regain jurisdiction until issuance of mandate by clerk of Court of Appeals. *United States v. Rodgers*, 101 F.3d 247 (2d Cir. 1996). (Emphasis added).

Plaintiff has timely filed an amended appeal to address the sanctions part of the order, ECF: 130., with the second circuit. And now an amended appeal addressing the denial of limited discovery necessary for plaintiff's opposition against motion fees. ECF: 143.

Plaintiff has documented the reasons why he is requesting limited discovery. ECF: 143. And a response to the refusal. ECF: 145.

This court is divested of its power to adjudicate the application of fees because a timely appeal regarding an issue (limited discovery) necessary for plaintiff's opposition is now before the Second Circuit. Two courts cannot resolve the same issues (sanctions were justified) and resolution of whether or not plaintiff has a legitimate right to take limited discovery.

The issue of whether plaintiff's request for limited discovery, was abuse of discretion, must be resolved before this district court finalizes its adjudication as it impacts the nature of

---

[1] Plaintiff's appeal primarily addresses the sanctions portion of Order: ECF: 130.

plaintiff's opposition motion, his legal theories and advocacy. *See*, ECF: 143 (proof that defendant Lin represents co-defendants, unredacted fee logs and legal expertise of counsel).

The general rule is, [], that the filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals and divests the district court of authority to proceed further with such matters, except in aid of the appeal. 9 J. Moore, Federal Practice P203.11, at 734 (2d ed. 1973). *Lowenschuss v. Kane*, 392 F. Supp. 59, 59–60 (S.D.N.Y. 1974).

Plaintiff filed an appeal on this matter on September 2nd, 2024, this divested the District court of its jurisdiction. On September 17th, 2024, he filed an amended notice of appeal. Accordingly, this District no longer has jurisdiction to continue adjudicating the sanctions directive and the amount – until the legitimacy of ECF: 130 and ECF: 143 is affirmed by the Second Circuit.

To proceed with adjudication while the appeal is pending is a waste of judicial resources, in the event that the Second Circuit reverses with ECF: 130 and ECF: 143.

In addition, until the appeal is resolved plaintiff is unable to brief his opposition motion because the facts requested have been denied. The limitation must be approved by the Second Circuit, otherwise plaintiff cannot brief his motion as he intended.

Plaintiff requests a stay on this docket, regarding further adjudication of defendants' application of fees pursuant to *Griggs*. Once the issues [ whether sanctions were justified and right to take limited discovery] is resolved by the Second Circuit, plaintiff will submit his response, taking into consideration the Second Circuit's decision on the issue and the briefing schedule set by the Second Circuit.

Plaintiff requests an oral hearing or a telephone conference.

Respectfully submitted:

Dated: 09/18/2024                                                                                           Washington, DC

By:

/

DR. KISSINGER N. SIBANDA ESQ
The Law Office of Kissinger N. Sibanda, PLLC
LL. B (Hons); LL.M (State / Trial); LL.M ( Federal/ Trial)
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 07039

*Pro Se Plaintiff*