**KISSINGER N. SIBANDA Esq, Attorney at Law,** *Pro Se*
The Law Office of Kissinger N. Sibanda, PLLC
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KISSINGER N. SIBANDA<br>*Plaintiff,*<br>v.<br><br>DAVID ELLISON, WILL SMITH, ANG LEE, SKYDANCE PRODUCTIONS, LLC; a California Limited Company, GEMINI PICTURES, LLC, a California Limited Liability Company, SKYDANCE DEVELOPMENT, LLC, a California Limited Liability Company, ASHLEE LIN, PARAMOUNT PICTURES, FOSUN PICTURES INC.<br>*Defendants.* | **Case No: 1:23-cv-05752 (JMF)**<br><br>MOTION<br><br>TO STAY PROCEEDINGS PENDING OUTCOME OF APPEAL |

Plaintiff respectfully requests this court stay further adjudication of defendants' application for fees until the Second Circuit resolves plaintiff's appeal and amended appeal.

The general rule is that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982).

In general, filing of notice of appeal is event of jurisdictional significance, as it confers jurisdiction on Court of Appeals and divests district court of its control **over those aspects of case involved in appeal**[1], and district court does not regain jurisdiction until issuance of mandate by clerk of Court of Appeals. *United States v. Rodgers*, 101 F.3d 247 (2d Cir. 1996). (Emphasis added).

Plaintiff has timely filed an amended appeal to address the sanctions part of the order, ECF: 130., with the second circuit. And now an amended appeal addressing the denial of limited discovery necessary for plaintiff's opposition against motion fees. ECF: 143.

Plaintiff has documented the reasons why he is requesting limited discovery. ECF: 143. And a response to the refusal. ECF: 145.

This court is divested of its power to adjudicate the application of fees because a timely appeal regarding an issue (limited discovery) necessary for plaintiff's opposition is now before the Second Circuit. Two courts cannot resolve the same issues (sanctions were justified) and resolution of whether or not plaintiff has a legitimate right to take limited discovery.

The issue of whether plaintiff's request for limited discovery, was abuse of discretion, must be resolved before this district court finalizes its adjudication as it impacts the nature of

---

[1] Plaintiff's appeal primarily addresses the sanctions portion of Order: ECF: 130.

plaintiff's opposition motion, his legal theories and advocacy. *See*, ECF: 143 (proof that defendant Lin represents co-defendants, unredacted fee logs and legal expertise of counsel).

The general rule is, [], that the filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals and divests the district court of authority to proceed further with such matters, except in aid of the appeal. 9 J. Moore, Federal Practice P203.11, at 734 (2d ed. 1973). *Lowenschuss v. Kane*, 392 F. Supp. 59, 59–60 (S.D.N.Y. 1974).

Plaintiff filed an appeal on this matter on September 2nd, 2024, this divested the District court of its jurisdiction. On September 17th, 2024, he filed an amended notice of appeal. Accordingly, this District no longer has jurisdiction to continue adjudicating the sanctions directive and the amount – until the legitimacy of ECF: 130 and ECF: 143 is affirmed by the Second Circuit.

To proceed with adjudication while the appeal is pending is a waste of judicial resources, in the event that the Second Circuit reverses with ECF: 130 and ECF: 143.

In addition, until the appeal is resolved plaintiff is unable to brief his opposition motion because the facts requested have been denied. The limitation must be approved by the Second Circuit, otherwise plaintiff cannot brief his motion as he intended.

Plaintiff requests a stay on this docket, regarding further adjudication of defendants' application of fees pursuant to *Griggs*. Once the issues [ whether sanctions were justified and right to take limited discovery] is resolved by the Second Circuit, plaintiff will submit his response, taking into consideration the Second Circuit's decision on the issue and the briefing schedule set by the Second Circuit.

Plaintiff requests an oral hearing or a telephone conference.

Respectfully submitted:

Dated: 09/18/2024                                                                                           Washington, DC

By:

/ [Signature]

DR. KISSINGER N. SIBANDA ESQ
The Law Office of Kissinger N. Sibanda, PLLC
LL. B (Hons); LL.M (State / Trial); LL.M ( Federal/ Trial)
Admitted: United States Supreme Court
Second Circuit
Mail to: PO Box. 714. Livingston. NJ 07039

*Pro Se Plaintiff*

Although the filing of a notice of appeal has some "jurisdictional implications, . . . notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." *Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20-CV-1391 (ER), 2024 WL 2078390, at *1 n.1 (S.D.N.Y. May 9, 2024) (quoting *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)).  Moreover, Plaintiff 's appeal of the Court's sanctions Order (and the Court's Order denying Plaintiff's request for limited discovery in aid of his opposition to Defendants' fee application) is premature because the Court has not yet determined the amount of the sanctions award.  *See, e.g.*, *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997) ("We have held that orders awarding attorney's fees *as a sanction* are not appealable until the amount of the sanction has been determined."); *Weinraub v. Glen Rauch Securities, Inc.*, 180 F. App'x 233, 235 (2d Cir. 2006) (summary order) ("[P]laintiff filed his Amended Notice of Appeal . . . before the amount of the Rule 11 sanction was finalized.  [Thus,] we lack jurisdiction to review the District Court's order . . . because the amount of the penalty was not final.").  For this reason too, "the Court's jurisdiction has not been divested," *Gortat v. Capala Bros., Inc.*, No. 7-CV-3629 (ILG), 2009 WL 10706565, at *1 (E.D.N.Y. June 23, 2009), and there is no reason to stay the case and delay the Court's determination of the amount of sanctions Plaintiff owes Defendants.  Plaintiff may raise any and all issues he has with the Court's sanctions award in an appeal after the judgment becomes final.  For these reasons, Plaintiff's motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 148.

SO ORDERED. [Signature]

September 18, 2024

- 4 -

LETTER MOTION TO STAY