**KISSINGER N. SIBANDA Esq, Attorney at Law, *Pro Se***

The Law Office of Kissinger N. Sibanda, PLLC
PO Box 714. Livingston. NJ 07039
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 862-250-9684
*Attorney for Plaintiff.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KISSINGER N. SIBANDA | **Case No: 1:24-cv-05752 (JMF)** |
| *Plaintiff,* | MOTION FEES: |
| v. | PLAINTIFF'S OPPOSITION |
| DAVID ELISON, et al | |
| *Defendants.* | |

- 1 -

OPPOSITION: MOTION FOR FEES

03424- 357419.3

INTRODUCTION:

("A pleading, motion or other paper **violates** Rule 11 ... where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well **grounded in fact** and is warranted by existing law or **good faith argument for the extension**, **modification or reversal of existing law**.") (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal citations and quotations omitted)).

Emphasis added.

DEEP ISSUE:

Should Rule 11 monetary determination ignore the movant's own omissions, misrepresentations, inequitable conduct towards non-movant and current posture of the on-going dispute?

PRELIMINARY STATEMENT:

As an initial matter, the sanctions here were for the second claim in the first amended complaint, 18 U.S.C. 241; not withstanding that the whole complaint **was not dismissed with prejudice**, the sanctions were awarded generously to defendants, taking into consideration that the claim and the whole lawsuit comprise one filing. Plaintiff is being punished because he is seeking to **extend or modify the existing law**, his good faith reason for the criminal statute, was rendered "frivolous," by this bench. In comparison with other lawyers, who routinely over plead and have their complaints dismissed without sanctions, even when they deliberately misrepresent

- 2 -

facts – sanctions are seldom given, only stern warnings. E.g. *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019). A warning renders the issue closed. *Id.* This is the deep issue underlying this opposition

Comparatively, this District (SDNY) has not given sanctions, in instances even when complaints were dismissed with prejudice, ending the lawsuit. Sanctions for improper vehicle pleading, are not only rare but seldom given, as it chills the arguments in the ongoing dispute. See *Zuma Press, Inc. v. Getty Images (US), Inc.*, 2019 WL 13411214, at *1 (S.D.N.Y. Aug. 23, 2019) ("With respect to Defendant's motion for attorneys' fees, although I dismissed Plaintiffs' claims, I **cannot** say that the claims and arguments advanced by Plaintiffs were objectively unreasonable, frivolous, motivated by improper purposes, or otherwise appropriate for an award of attorney fees."), aff'd, 845 F. App'x 54 (2d Cir. 2021).

Here, this dispute is ongoing, pre-discovery, thus, the jurisprudence is similar to *Zuma Press Inc*. Restraint as to facts is required. Statements suggesting that the bench 'knows,' the full milieu of undiscovered facts are inappropriate and premature.; especially statements regarding motive of parties involved in this litigation.

Here the underlying, and main Copyright Infringement claim, with its proper jurisdictional arguments, survived dismissal with prejudice and was brought for proper purposes – to address the injury, a was the case with the second claim. The second claim, criminal conspiracy, was merely supplemental in nature and would not have subject matter jurisdiction in this Court, if the court did not exercise its federal law jurisdiction under 28 U.S.C. § 1331. The suggestion that the second claim was roped in, to tie defendant Lin to the case, is an advocacy

- 3 -

OPPOSITION: MOTION FOR FEES

position of the defendant like an *opening argument* – nothing could be further from the truth. As evidence shows, from plaintiff's position, defendant Lin's conduct in the first action she prosecuted justifies the civil conspiracy and abuse of process claims, as is restated in the second action, 1:24-cv-06310 (JMF). If defendant Lin had not sued plaintiff in the Central District matter, she would not be a party to the litigation because the claims deal with her conduct during the prosecution of that lawsuit. This is meritorious pleading, and not a personal vendetta against her. The same way, mis-prosecution is a valid claim against a criminal prosecutor who goes too far.

Intricately, the bench stated, and has repeated this, that the defense against the Rule 11.b motion, waiting to see what the outcome in the Central District matter would be is based on false 'premise.' ECF: 130. No so. The Second Circuit agrees with plaintiff, it has stated that filing a claim when one is pending in another District Court is duplicative and grounds for a quick dismissal, simple put, it is bad litigation strategy:

A motion to dismiss a complaint as duplicative invokes the Court's inherent power to control its docket. *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138–39 (2d Cir.2000).

As the Second Circuit observed in *Curtis:* **\*2** As part of its general power to administer its docket, a district court may stay or dismiss a **suit that is duplicative of another federal court suit**. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, **the general principle is to avoid duplicative litigation**."); *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir.1991); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (*in banc* ). The

- 4 -

OPPOSITION: MOTION FOR FEES

complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion. *See Colorado River,* 424 U.S. at 817; *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (affirming stays of declaratory judgment action on patents' validity in Delaware while patent infringement suit in Illinois proceeded); *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir.1989). We review the exercise of this power for abuse of discretion. *See Adam,* 950 F.2d at 92. DiGennaro v. Whitehair, No. 09-CV-6551-CJS-MWP, 2010 WL 4116741, at *1–2 (W.D.N.Y. Oct. 19, 2010), aff'd, 467 F. App'x 42 (2d Cir. 2012).

The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata.* As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "The true test of the sufficiency of a plea of 'other suit pending' in another forum is the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124. The two doctrines serve some of the same policies.

The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg.,* 342 U.S. at 183. The doctrine is also meant to protect parties from **"the vexation of concurrent litigation over the same subject matter."** *Adam,* 950 F.2d at 93. DiGennaro v. Whitehair[1], No. 09-CV-6551-CJS-MWP, 2010 WL 4116741, at *2 (W.D.N.Y. Oct. 19, 2010), aff'd,467 F. App'x 42 (2d Cir. 2012)

- 5 -

After reviewing the complaint filed in this case and comparing it to the complaint filed in the 2007 case, the Court determines that claim preclusion would apply, and that the second lawsuit is, indeed, duplicative of the first. Plaintiff concedes that the first and second actions arise from the same fact pattern: DiGennaro v. Whitehair, No. 09-CV-6551-CJS-MWP, 2010 WL 4116741, at *3 (W.D.N.Y. Oct. 19, 2010), aff'd,467 F. App'x 42 (2d Cir. 2012).

The core issue in the Central District would have been similar to any federal lawsuit filed by plaintiff in another District, that is – *whether or not "Gemini Man" infringes "The Return to Gibraltar's copyright?"* Accordingly, a second lawsuit would have been duplicative. *Id.* It is duplicative. Any statement to contrary to this [duplicative point] is frivolous for the cases cited above.

Plaintiff has painstakingly stated that the reason for the criminal statute vehicle claim was not improper but motivated by novel pleading: **to bring defendants level of culpability, omissions and misdeed to the court's attention and secondly, in an open court – allowing defendants to defend themselfs**[2]. Several federal criminal statutes have civil remedies, including sex trafficking under 18 U.S.C. § 1591, et seq. – the fact that in this instance, the federal law had no civil remedy does not mean plaintiff was entirely off and his good faith

---

[2] Plaintiff does not believe in *ex parte* communication with the bench.

- 6 -

OPPOSITION: MOTION FOR FEES

motive[3] has no basis in the current legal system[4]. An error, which will be asserted to the second circuit, because all controversies of credibility are resolved in the favor of the signor.

A court must review the facts "objectively," see *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 387 (2d Cir. 2003), and, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable, ... **resolve all doubts in favor of the signer" of the pleading**. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted) (emphasis in the original).

The day when litigants can seek civil enforcement of criminal statutes is the direction of civil pleading, it is not a frivolous idea with no comparative basis for its novelty. In South Africa for example civil prosecution of a crime is possible.

---

[3] Plaintiff asserts that the resolution of whether it was good faith or bad faith to bring the criminal statute, to the attention of the court, in the manner it was done – was resolved against plaintiff, and not pursuant to Rule 11.b, is symptomatic of the kind of bias the bench has against plaintiff. It has very low regard for plaintiff. The bench has never even held one single telephone conference, or an oral hearing on any motion on this docket, let along the sanctions motion – but was comfortable sanctioning plaintiff? Even on the issue of whether defendant Lin, has authority to represent her co-defendants, clearly violating Ca. Bar Rule 1.7, the bench remains lukewarm on the issue, trusting defendant Lin's "word," without seeing any affidavits. While the word of defendants, even when they make mistakes, is golden – while the plaintiff's word is cement.

This is not adjudication but favoritism. Other judges would have long held a conference to address this issue [ standing to represent co-defendants] and take evidence from both sides because it affects whether its own decisions can be overturned "due to fraud," in the future. But because this issue is in plaintiff's favor – the court deems it frivolous.

It is an issue, so far as a litigant in this matter is concerned, and will remain so, until Ca. Bar Rule 1.7., is satisfied or the Second Circuit affirms the District court's decision. Courts exist for public hearings and testing the facts, they do not exist for the purpose of Judges and their chambers to write orders against one litigant. Not a single telephone conference on a matter, is a highly irregular statistic.

[4] Plaintiff concedes that if criminal statutes could never present a civil remedy, plaintiff's second claim would have been frivolous. Period. But in the context of the civil remedies available for some federal criminal statutes, the novel pleading was within an "objective reasonable," circle. The difference between frivolous and good faith is the difference between the following predictions: if you jump up while standing on earth you will land on the moon (frivolous). And plaintiff's analogous argument 'if you jump you could hurt yourself.' '

OPPOSITION: MOTION FOR FEES

The bench should reflect on this before making a final appealable sanctions decision. Parties, have a second action pending, in which facts and advocacy, will be tested for a second time; accordingly, sanctions were premature against plaintiff and restrained against defendants – two separate adjudicative standards. The court has inherent power to reissue a new Order, revising its sanctions decision.

However, Plaintiff concedes that the sanctions motion award, to a certain degree is not entirely based on the bench's misreading of the caselaw and facts of the matter. The way defendants write about plaintiff inn general, paints a very negative picture of plaintiff and his underlying claims– plaintiff has suggested that this is informed by racism not the actual merits of this matter. This is defendants' intended litigation strategy: attack the litigant while ignoring the copyright infringement.

## ARGUMENT

Defendants' argument for what is reasonable was incorrectly stated:

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), cited by movant, Def. Motion at 2, is irrelevant here, because it deals with *reasonableness* for Section 1988 attorney fees in a civil rights matter. This was defendants' only cited case for their "reasonableness," argument.

Defendants did not state the standard or applicable law for *reasonableness* for sanctions awards in this circumstance: Rule 11. Thus, while defendants are correct that the lodestar

- 8 -

applies, they are mistaken for how it applies to sanctions to adjudicate reasonableness, *Perdue* is not the case[5].

In fact, *Perdue* warns:

[t]hat [sanctions] does not provide "a form of economic relief to improve the financial lot of attorneys[]

    <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 542, 130 S. Ct. 1662, 1667, 176 L. Ed. 2d 494 (2010).

\*

    Addressing whether the amount requested by defendants in their motion for fees is *reasonable* or not, the main issue, Plaintiff will take a two-tier approach, (a) whether defendants' attorneys have shown evidence of their right to represent the defendants on whose standing they seek fees (b) and, the *reasonable* nature of fees sought.

---

[5] " This Court has established six important rules that lead to today's decision. First, a "reasonable" fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case, see *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439, but that does not provide "a form of economic relief to improve the financial lot of attorneys," *ibid.\*543* Second, there is a "strong" presumption that the lodestar method yields a sufficient fee. See, *e.g., id.,* at 564, 106 S.Ct. 3088. Third, the Court has never sustained an enhancement of a lodestar amount for performance, but has repeatedly said that an enhancement may be awarded in "rare" and "exceptional" circumstances. *E.g., id.,* at 565, 106 S.Ct. 3088. Fourth, "the lodestar includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Id.,* at 566, 106 S.Ct. 3088. An enhancement may not be based on a factor that is subsumed in the lodestar calculation, such as the case's novelty and complexity, see, *e.g., Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891, or the quality of an attorney's performance, *Delaware Valley, supra,* at 566, 106 S.Ct. 3088. Fifth, the burden of proving that an enhancement is necessary must be borne by the fee applicant. *E.g., Blum,* 465 U.S., at 901, 104 S.Ct. 1541. Sixth, an applicant seeking an enhancement must produce "specific evidence" supporting the award, *id.,* at 899, 901, 104 S.Ct. 1541, to assure that the calculation is objective and capable of being reviewed on appeal. Pp. 1672 – 1674.
<u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 542–43, 130 S. Ct. 1662, 1667, 176 L. Ed. 2d 494 (2010)

OPPOSITION: MOTION FOR FEES

03424- 357419.3

It is plaintiff's right to frame the argument in the most effective manner under the First Amendment for this opposition. The standing of a lawyer, pre-dates any argument a lawyer can make on behalf of their "client." A notice of appearance is an elementary filing in any adversarial proceeding. Defendant Lin never filed a notice of appearance in 1:23-cv-05752 (JMF), that plaintiff is aware of.

**( A )    DEFENDANTS' ATTORNEY LIN DOES NOT HAVE A RIGHT TO COLLECT FEES ON BEHALF OF HER PURPORTED CLIENTS:**

To the degree that the bench disagrees with plaintiff – this is the basis of the appeal with the Second Circuit pending (proof of standing). Plaintiff restates the argument that Ca. Bar. Rule 1.7, stating that a lawyer must have written affidavits to support representation in which defendants have a conflict of interest was not addressed by this court in any evidential hearing, telephone conference or through in person testimony.

Even though defendants' attorneys Lin and Labate are aware of the issue regarding whether or not they have standing, they have merely stood by the side and let the issue be litigated between plaintiff and the bench, as passive observers divorced from any interest in the outcome. They (defendants) through their attorneys, could have voluntarily submitted the evidence in camera or privately to plaintiff but their comfort level of having Judge Furman argue on their behalf is remarkable, if not suspicious.

Plaintiff repeats, what he has stated before, the inquiry into the evidence is being requested by plaintiff, to justify the underlying claim of fees against him. Their right to collect the money.

- 10 -

OPPOSITION: MOTION FOR FEES

03424- 357419.3

**( B ) THE FEES REQUESTED BY DEFENDANT ATORNEYS ARE UREASONABLE**

The next inquiry is whether the fees requested by defendants are reasonable? The answer is No.

Under the lodestar approach, hours multiplied by amount gives the correct amount; here, both the hours, <u>time</u> spent (over 60 hours), and the hourly rates are <u>unreasonable</u>. The amount of over $25,000 is unreasonable, not only for work required to produce the legal pleadings in comparative practice, but the lack of complexity of the issue: a criminal claim misplead.

**i.     Time:**

Accordingly, what defendants have submitted to support over 60 hours of legal work, by a team of four – working on simple legal argument in a Rule 11 motion is *unreasonable.* It is intended to punish plaintiff for bringing a lawsuit against them and is not justified by the quality or complexity of the legal work.

Insert – Def. Declaration, from Exhibit: <u>A</u>.

For def. Lin:

**<u>Skydance Defendants' Rule 11 Motion</u>**:

| Timekeeper | Rate | Hours | Dollars |
|---|---|---|---|
| Ashlee Lin | $500 | 19 | 9500 |
| Elaine Li | $350 | 9.3 | 3255 |

- 11 -

OPPOSITION: MOTION FOR FEES

03424- 357419.3

| Angelo Labate | $350 | 3.2 | 1120 |
| Veronica Velasco | $0 | 8.5 | 0 |

**Ashlee Lin's Rule 11 Motion**:

| Timekeeper | Rate | Hours | Dollars |
|---|---|---|---|
| Ashlee Lin | $895 | 1.25 | 993.75 |
| Angelo Labate | $575 | 14.35 | 8251.25 |

**Total Fees for Rule 11 Motions**:

| Hours | Dollars |
|---|---|
| 55.6 | 23,120 |

From Exhibit: <u>B</u>.

**Fee Application:**

| Timekeeper | Rate | Hours | Dollars |
|---|---|---|---|
| Ashlee Lin | $500 | 2.3 | $1,150 |
| Angelo Labate | $350 | 3.8 | $1,330 |

- 12 -

OPPOSITION: MOTION FOR FEES

| Madeleine Smith | $150 | 2.5 | $375 |
|---|---|---|---|

**Total Fees for Fee Application**:

| Hours | Dollars |
|---|---|
| 8.6 | $2,855 |

Defendants are seeking $25,975 from plaintiff. This request must be denied and seen for what it is, abuse of Rule 11 sanctions to punish plaintiff for bringing a copyright Lawsuit against them, over 60 hours for a pleading largely like their motion to dismiss is not an honest accounting of amount of work required for the specific Rule 11 work.

Defendants have not shown other instances in which pleadings of this nature resulted in such high sanctions when the suit remains on the docket and survived dismissal with prejudice in its entirety. Defendants were not prevailing parties entitled to fees under Copyright Law. Indeed, defendants offer no case comparators, only their "word," asking for the $25,000. This is in a case where defendants have offered plaintiff only a zero-dollar-walk away so far, the irony is noticeable: they [ defendants] are worthy for compensation for their legal work but plaintiff despite the Copyright Infringement, should never be the recipient of a fair settlement.

- 13 -

OPPOSITION: MOTION FOR FEES

Defendants Rule 11 motions overstate their time. Their legal arguments do not require 19 hours for Lin and 14 hours for Labate to write, despite what their argument is for such a time allotment. This is based on the complexity of the legal argument, the cases they cited and general knowledge of how legal practice works. ECF: 73, and ECF: 80, and their replies do not show that they are the product of over 60 hours; such time is normally reserved for appellate briefs over 55 pages long, that cite to a case record, compare District cases and make an argument for an appeal. Not trial motions.

Moreso, when adjusted for their duplicity, the Rule 11 motions, – defendants filed two somewhat identical sanctions motions instead of an omnibus for their sanctions; this was their lack of efficiency which they cannot transfer to plaintiff. The purpose of the two sanctions motions (Labate and Lin), was to by-pass page limits while also hammering their advocacy position through repetitive advocacy – plaintiff is not responsible for this wasteful approach, when ECF: 73 and 80, are substantively similar or could have been better integrated as one solid omnibus document. The two pleadings are essentially identical, ECF: 73, was written by defendant Lin, while ECF: 80 was written by Labate.  There are identical with slight variations.

As a comparator, plaintiff takes on such motions, with an hour research and an hour of editing, taking into consideration that the motion for sanctions had underlying common research with defendants' motion to dismiss.

*Secondly*, the two motions and their replies were duplicative when compared to the defendants motion to dismiss the second claim – namely, that 18 U.S.C 241, gives no civil remedy. Even if a Rule 11 motion had not been filed, defendants were contracted by their clients

- 14 -

03424- 357419.3

to submit a motion to dismiss. The fees of which they have no right to collect from plaintiff under the American Rule unless they were a prevailing party. Defendants were not a prevailing party.

## ii.    DEFENDANTS REQUESTED AMOUNT IS UNREASONABLE

Defendants did not show any comparator or verifiable proof that the two pleadings, ECF: <u>73</u> and ECF: 80, and their replies, cost over $25,000, with the contemporaneous pleading included, but provided dubious "receipts," and "pre-bills."

The sanctions motion did not require any knowledge of any copyright law and expertise in copyright law is a red herring. Exhibit: <u>C</u>. A lawyers' knowledge of Rule 11 predates[6] the pleading and would not be researched, only the case law, thus the suggestion that defendants' attorneys spent over 60 hours on their sanctions motion, for one claim, for a matter they previously prosecuted and are familiar with the underlying facts, is unbelievable. Moreso, given that they were working on a motion to dismiss. At most, defendants' firm spent four hours; billed at $250 and with an office expense of $250, thus, $1250. And then exaggerated the time spent on the Rule 11 motion due to their clients' deep pockets.

Overbilling the client, is not plaintiff's fault; the reasonable Rule 11 billing for the incidental issue (criminal claim misplead), incidental to their motion to dismiss is not $25,000, and no comparative case supports defendants high billing total of over $25,000 for a Rule 11 motion

---

[6]  Both Labate and Lin have law degrees in which Rule 11 was covered in their Civil Procedure class. Accordingly, motion practice would limit their inquiry to facts justifying Rule 11 and case law. Here, defendant Lin was aware of the facts, as she prosecuted the first dispute between parties. The only issue was bad faith, which was a legal advocacy position using her version of the facts.

- 15 -

practice submitted the same time with their motion to dismiss. Defendants deliberately duplicated their Rule 11 work, as opposed to submitting an omnibus, even though they are clearly one firm, Eisner LLP, – this mistake cannot be transferred to plaintiff because Rule 11 sanctions are for deterrence not punishment or bonuses.

Since Lin and Labate are not Rule 11 expects, they cannot bill at their nominal Copyright Law rate in which they have experience and expert status, this is an ethical precept for legal billing. In addition, both attorneys (Lin and Labate) did not seek to have their legal history form part of their expert knowledge and hence justification for the high hourly amounts: Lin - $500, and Labate - $350, as litigation experts is equally precarious.  They cite no post JD experience in litigation justifying such a rate. The fact that one is a partner in a law firm, with only a JD and ten years legal experience, does not justify a $500/hour rate just because they made partner status, on a simple, run of the meal Rule 11 motion – duplicative for that matter.

The suggestion that defendants spent $2,850, for their instant motion for papers is equally questionable. Even though Lin and Labate tout themselves as copyright attorney, their four-page instant application, has only two cases cited and falls far short of what the court expected from them: to sate the law, reasonable standard and provide authentic receipts.

The cases cited by defendants in their motion for fees have but a conclusory insertion into defendants' motions and arguments. Lacking any serious discussion of the holdings. For example, the *Perdue* case, previously discussed *supra*, deals with Section 1933, attorney fees. Interesting enough, this District has held that failure to cite controlling law in a motion could subject a lawyer to Rule 11 sanctions, *sua ponte*.

- 16 -

OPPOSITION: MOTION FOR FEES

### iii.    DEFENDANTS' FEE EXHIBITS (A-B) LACK AUTHENTICITY

The evidence adduced by defendants in aid of their fees falls far short of being credible, as already stated. For one it is heavily redacted. To the extent that it was defendants' responsibility to either give plaintiff an un-redacted copy privately, that inadequacy cannot be shifted to plaintiff to fill the gaps or the bench to save them. Stated differently, if defendants wish to collect the amount requested in their motion papers, then un-redacted information was necessary because eit became an issue they were aware of in the pleadings leading up to their request. Not once during the request by plaintiff  for limited discovery did defendants speak for themselves on the issue.

However, if the court is inclined to view the redacted records as fine, plaintiff asserts that those same exhibits lack authenticity for their intended purposes under Federal Rule of Evidence Rule <u>803 (6) E</u>, as follows:

*

Exhibit: <u>B</u>, on the top right corner states that:

Eisner LLP                                                              Pre Bill # 66284
Draft Work-In-Progress
Through 09/12/24
Matter ID  2915-03001

Def. Motion for fees: Exhibit: <u>B</u>

Accordingly, it is not even a bill to be reimbursed for services and has not been paid by defendants, it is a pre-bill. Defendants are essentially seeking to double dip as the bill is a draft not a final bill served on clients.

- 17 -

03424- 357419.3

*Secondly*, both Exhibits: <u>A</u> and <u>B</u>, state on the top that this is a receipt for "Gemini Pictures, LLC" and do not mention any of the other defendants in this matter, only stating that Skydance Media LLC is the client. But Skydance Media LL Cis not a party to these proceedings. Gemini Pictures LLC is a separate entity to Skydance Media LLC.

In addition, David Ellison was sued in an individual capacity; are defendant Lin and Labate arguing that Ellison comes under the Skydance Media LLC client billing? Individuals sued on a personal basis cannot pay their legal bills by assigning a company entity, to pay for their legal fees; stated differently, Skydance Media LLC is not a party to this matter and billing them for defending their CEO is improper.

*Arguendo*, is defendant arguing that Ellison is synonymous with client "Skydance Media LLC?" This is a false premise because Skydance Media LLC is not Ellison's dba. More fatal to defendants' motion for fees, Skydance Media LLC, was not even a party to the first action they filed. In that case plaintiffs were "Skydance Production LLC, Skydance Development LLC and Gemini Pictures, LLC." The owners of the Gemini Man film copyright. It is not plaintiff's fault that defendants have failed to keep proper accounting records showing accurate client names, matter and degree of authenticity expected form a "reputable" law firm.

The names of the defendants on the case must correspond with the names on the receipt to be adduced as evidence. This is rudimentary, even in shop purchases: food purchases or for household goods – the service entry must be accurate for purposes of refunds, accounting and auditing. For example, an invoice or receipt for a <u>bag of tomatoes</u> instead of one [ receipt] for a

- 18 -

bag of apples, even when directed to the same person, a Mr. John, is not the correct evidence to show that Mr. John paid for his bag of apples[7]. The argument that Mr. John is the same individual or client, does not authenticate the purchase for the apples. This authentication concern regarding Exhibits: A and B, suggest the invoices were manufactured after the fact or recycled from previous Eisner LLP files.

See insert:

Sibanda,Kissinger v. Gemini Pictures,<br>
LLC dba Gemini Pictures Georgia. LLC -

*See also, top left*, Exhibit: A and B

The receipts neither cite to the same docket number, party names or court matter.  These discrepancies, suggest the receipt is inauthentic or manufactured for these fee application proceedings: the party names are different from the dockets name, only stating *Sibanda, Kissinger v. Gemini Pictures LLC*.

Defendants could have listed the billing entry as "et al", but they never did that, only listing one party, in these proceedings; accordingly, the case on the receipt is - *Sibanda Kissinger v. Gemini Pictures, LLC*, and is not the same as *Kissinger Sibanda v. David Elison, et al*. 1:23-05752 (JMF), the case at bar.

*Thirdly*, defendant Lin did not submit an invoice for the services Labate rendered to her. Accordingly, to Exhibit: A and B, show Gemini Pictures LLC was billed for the work done on

---

[7] Plaintiff references this as the 'Dear John Predicament' the receipt shows that John paid, but not for the apples. Exhibit A and B, shows Eisner LLP were paid, but for what matter, certainly not this one, and from which client?

- 19 -

defendant Lin's motion for sanctions. There is no invoice billing "Ashlee Lin." The primary

beneficiary of dismissal of the second claim; unless defendant Lin is suggesting Eisner LLP paid

for her defense?

Essentially, what the defendants are asking the bench to do, is take the sanctions award

and punish plaintiff financially, regardless of the veracity of their receipts, times and rates. Not to

look closely at the receipts submitted, but to "take their word." This is unacceptable in a court of

law – both sides approach the bench with evidence, when seeking exceptions to the normal rules,

here the American Rule, stating that no opposition pays for another's litigation costs. When

sanctions are given then the bench, treats the request for fees, also under Rule 11 guidelines, the

motion papers for fees must be honest and adduce honest receipts – not doctored receipts from

other matters or with other clients.

Exhibits: <u>A</u> and <u>B</u> do not pass muster under Federal Rule of Evidence <u>803 (6) (E)</u>,

because: the opponent [plaintiff] has shown that the source of information or the method or

circumstances of preparation indicate <u>a lack of trustworthiness</u>[8]. *Id.* This is black letter law, the

lack of evidential trustworthiness of the receipts cannot be used for its intended purpose – to

collect sanctions money from plaintiff[9]. The issue of how and when defendants were billed was

squarely the burden of defendants and their attorneys.

---

[8] Once the movant's evidence is excluded, the movant can no longer use that evidence in their argument. Irrelevant evidence, that is not trustworthy is not admissible under Federal Rule of Evidence rule <u>402</u>. Defendants Exhibits: A-C, are classic examples of evidence that is not trustworthy.

[9] Or in the words of Judge Furman, "what plaintiff owes defendants?"

- 20 -

OPPOSITION: MOTION FOR FEES

If the sanctions judgment amount were to be finalized, then it should be based on honest evidence by defendants. This was defendants' burden of proof, not plaintiff's burden. Equally concerning, it was defendants' burden to brief the case law for the bench regarding *reasonableness for sanctions*. This lack of briefing on controlling law, has been held to be sanctionable in of itself.

### ( C ) PLAINTIFF'S REQUEST FOR $0 AWARD AS SANCTIONS AMOUNT

Having stated the lack of standing and the unreasonable time amount - unsupported by the evidence of hours spent; and contemporaneous billing to defendants, or comparator cases, plaintiff requests the court to award the $0 amount. The reasons for such an award are as follows, noting the mitigating factors that argue against defendants benefitting in a pending matter before the courts:

1. Defendants have engaged in fact misrepresentations before this court which was sanctionable. ECF: 143. Leniency shown towards defendants was to the prejudice of plaintiff and his case. If there is general leniency given, it should apply to both parties.

2. Rule 11 sanctions are primarily intended to *deter future action* – plaintiff does not need to be punished financially to be deterred, briefing of this sanction liability shows that plaintiff takes seriously the issue and is deterred regarding seeking to assert criminal claims in civil cases. The moment is teachable.

3. The matter is still ongoing, to the extent that the new action might reverse the bench's initial views on plaintiff's intent after looking at the facts adduced in the new action, 1:24-cv06310 (JMF). The bench should take a cautionary approach regarding sanction

- 21 -

OPPOSITION: MOTION FOR FEES

amounts, which might latter be negated by discovery of what defendants have done, as alleged in the new action.

4. Rule 11 sanctions are seldom given *for ongoing disputes*, still pending before this court. Plaintiff could not find one case of a Rule 11 sanction, in which the matter was either refiled with essentially the same facts needing further adjudication by the bench. Rule 11 sanctions are normally placed on a finalized case. Rule 11 has very strict guidelines:

"The standard for imposing Rule 11 sanctions, however, **is purposefully high, so as not to stifle legal creativity and zealous advocacy**." *City of Perry, Iowa v. Procter & Gamble Co.*, No. 15 Civ. 8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017). Rule 11 sanctions should be granted with caution, applied only when "a particular allegation is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (S.D.N.Y. 1996)); *Kiobel v. Milson*, 592 F.3d 78, 81 (2d Cir. 2010); (*see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) ("When reviewing Rule 11 sanctions ... we ... need to ensure that any [sanctions] decision **is made with restraint**.") (internal quotation marks omitted)).

Emphasis added.

5. The sanctions were awarded without a hearing: however, **it was proper for court to conduct Rule 11 hearing to determine** whether to impose sanctions after court found that there was no legal basis for the complaint, notwithstanding claim that sanctions were mandatory under the version of Rule 11 in effect at the time, as grant of summary judgment did not mandate imposition of sanctions and hearing was necessary to

- 22 -

determine whether there was a violation of Rule 11, and, if so, to determine an appropriate sanction. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.(1988 Ed.). *Silva v. Witschen*, 19 F.3d 725 (1st Cir. 1994). (Emphasis added).

6.  In determining to impose Rule 11 sanctions, it was proper for court to address the issue of **whether the suit was brought for improper purpose** even though it had already determined that attorney had failed to make a reasonable inquiry. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.(1988 Ed.). *Silva v. Witschen*, 19 F.3d 725 (1st Cir. 1994). (Emphasis added).

### Conclusion

Plaintiff requests the court to deny the fees because the amount (hourly rate) and hours are *unreasonable*; made more unreasonable by the lack of authenticity of the "bills" submitted in their support.

Furthermore, sanctions award would chill[10] the ongoing adversarial nature of this dispute because facts have not been fully discovered, essentially – it is premature to make fact-based conclusions from the bench regrading motives and counter-motives for either party because

---

[10] It also sends the wrong message to defendants regarding their own Rule 11 legal obligations. More supportive of this theory, is that defendants made misrepresentations to the bench after they had won their sanctions motion. *See* defendants motion to compel, response and Order, ECF: <u>134-136</u>. To suggest that awarding over $25,000 to defendants will not embolden their disrespectful conduct towards plaintiff (in settlement negotiations for example), misrepresentations to the court and half-truths regarding the underlying Copyright Infringement, would be to miss the writing on the wall and to ignore the history of this case. The Bench should also take into consideration that in the Central District mater, plaintiff spent a consideration amount of time to force defendants to voluntarily dismiss their case against him. He received not a cent for his legal work, the Ninth Circuit deemed him not to be the prevailing party.

OPPOSITION: MOTION FOR FEES

03424- 357419.3

testimony and evidence has not been adduced (discovery has not been conducted) in this matter, the claims are not *res judicata*. *See, generally* (<u>Wigmore on Evidence</u>[11]).

       Dated: 09/23/2024                              Washington, DC

                                            By:

/    **Signature**

                          DR. KISSINGER N. SIBANDA ESQ

                       The Law Office of Kissinger N. Sibanda, PLLC

                LL. B (Hons); LL.M (State / Trial); LL.M ( Federal/ Trial)

                        Admitted: United States Supreme Court

                                   Second Circuit

                     Mail to: PO Box. 714. Livingston. NJ 07039

---

[11] Stating that cross-examination is how you arrive at truth.

- 24 -

OPPOSITION: MOTION FOR FEES

03424- 357419.3

1
2
3
4
5
6
7
8
9
10
11

**CERTIFICATE OF SERVICE**

12

13    Plaintiff, Dr. Kissinger N. Sibanda SERVED all parties, through their representatives via ecf.

14    Date: September 23, 2024

15
16
17
18    Signature
19    DR. KISSINGER N. SIBANDA
       *Pro Se Plaintiff*
20
21
22
23
24
25
26
27                                        - 25 -
28

OPPOSITION: MOTION FOR FEES