```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
KISSINGER N. SIBANDA,                                                :
                                                                     :
                                    Plaintiff,                       :
                                                                     :           23-CV-5752 (JMF)
                -v-                                                  :
                                                                     :        MEMORANDUM OPINION
DAVID ELISON et al.,                                                 :              AND ORDER
                                                                     :
                                    Defendants.                      :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By Opinion and Order dated August 14, 2024, the Court granted Defendants' motions to dismiss and motions for sanctions against Plaintiff Kissinger N. Sibanda. *See Sibanda v. Elison*, No. 23-CV-5752 (JMF), 2024 WL 3835220 (S.D.N.Y. Aug. 14, 2024) (ECF No. 130). With respect to sanctions, the Court held that sanctions under Rule 11 of the Federal Rules of Civil Procedure were warranted because Sibanda's second claim — under 18 U.S.C. § 241 — "was not supported by existing law, lacked evidentiary support, and was otherwise frivolous and that it was used for an improper purpose," namely "to harass" Defendant Ashlee Lin "and to seek her disqualification as counsel" for some of the other Defendants. *Id.* at *5 (cleaned up). The Court found "that the purposes of Rule 11 would be served by requiring Sibanda to pay the attorney's fees and costs incurred by the Defendants in bringing and defending its motion for sanctions," and ordered Defendants to "jointly submit an accounting of such fees and costs." *Id.* at *6 (cleaned up). On September 13, 2024, Defendants filed a joint fee application, accompanied by billing records. *See* ECF Nos. 140 ("Defs.' Mem."), 141 ("Lin Decl."). Sibanda filed an opposition on September 23, 2024. *See* ECF Nos. 150 ("Sibanda Opp'n"), 151.

Defendants seek $23,120, which they contend "represents the 'lodestar' amount for the tasks required in bringing the Rule 11 Motions," and $2,855 in additional fees "[i]f the Court finds that preparation of [their fee] application is also a recoverable expense." Defs.' Mem. 4-5. With respect to the Skydance Defendants' Rule 11 Motion, ECF No. 80, Defendants' billing records reflect 19 hours of work by Lin at an hourly rate of $500; 9.3 hours of work by Elaine Li at an hourly rate of $350; and 3.2 hours of work by Angelo Labate at an hourly rate of $350. *See* Lin Decl. ¶ 2; Ex. A. With respect to Lin's Rule 11 Motion, ECF No. 73, Defendants' billing records reflect 1.25 hours of work by Lin at an hourly rate of $895 and 14.35 hours of work by Labate at an hourly rate of $575. *See id.* Lin and Labate each represent that these latter, higher rates reflect their standard rates, while they billed at discounted rates in connection with the Skydance Defendants' Motion. *See* Defs.' Mem. 3-4.

Sibanda makes various arguments in his opposition brief, ultimately contending that Defendants should be awarded nothing in sanctions. *See* Sibanda Opp'n 21-23. At bottom, several of his arguments amount to requests for reconsideration, *see, e.g.*, *id.* at 2-7, 10, 17-21, which the Court rejects as procedurally improper and meritless. But Sibanda also raises a handful of procedurally proper arguments regarding the reasonableness of Defendants' fee application, *see, e.g.*, *id.* at 11-16, namely: that the number of hours billed is unreasonably high given that the two sanctions motions had substantial overlap both with one another and with Defendants' motions to dismiss, *see id.* at 14 (arguing that the two sanctions motions "are substantively similar or could have been better integrated as one solid omnibus document"); *id.* ("[T]he two motions and their replies were duplicative when compared to the defendants['] motion to dismiss the second claim [in Sibanda's Complaint]."); that Lin and Labate's hourly rates are unreasonably high, *see id.* at 16; and that the sum sought is punitive, *see id.* at 21-22.

Some of these more targeted objections have merit. First, the Court agrees that, for the work in this case, Lin's and Labate's standard hourly rates are unreasonably high. "Courts awarding attorneys' fees in copyright cases have regularly found rates in the range of $400 to $750 for partners [and other attorneys with comparable experience] to be reasonable," and, "[w]ith respect to associates' rates, courts in the Southern District have generally found hourly rates of $200 to $450 to be reasonable in copyright cases." *Cawthon v. Lishuang*, No. 22-CV-7381 (JGLC) (SLC), 2024 WL 3813879, at *12-13 (S.D.N.Y. July 19, 2024), *report and recommendation adopted*, 2024 WL 4200389 (S.D.N.Y. Sept. 16, 2024); *see also Vigliotti v. Little Mumbai Market Inc.*, No. 24-CV-1602 (PMH), 2024 WL 3952730, at *3 (S.D.N.Y. Aug. 27, 2024). The discounted rates billed by Lin and Labate (and Li, for that matter) fall within these parameters, but their standard rates — billed in connection with Lin's motion — do not. That the higher rates are unreasonable in the circumstances of this case is further confirmed by the fact that the Skyline Defendants were granted discounted rates. Accordingly, the Court will apply Defendants' counsel's discounted rates across the board.

In addition, the Court agrees that the total sought is somewhat excessive when considering the nature of the motions and the purposes of Rule 11. In awarding attorney's fees as a sanction, the Court "must be mindful that the purpose of a Rule 11 award is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses," and it "should exercise its discretion to award only that portion of a party's attorney's fee thought to be reasonable to serve the sanctioning purpose of the Rule." *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 35-36 (E.D.N.Y. 2018) (cleaned up); *see also Bonded Life Fund, LLC v. AXA Equitable Life Ins. Co.*, No. 13-CV-5451 (MBF), 2014 WL 1329234, at *3 (S.D.N.Y. Apr. 1, 2014) ("[T]he Court finds some merit to plaintiff's argument that awarding defendant's full

amount of fees incurred would be more than is necessary to sufficiently deter similar such conduct in the future."). Taking into account these considerations, the substantial overlap between the two sanctions motions (and, to a certain extent, the motions to dismiss), and "the fact that a concededly frivolous claim should not reasonably require an enormous expenditure of time and effort to refute," *Levine v. Cnty. of Westchester*, 164 F.R.D. 372, 375 (S.D.N.Y. 1996), the Court will apply a thirty percent discount to the fees sought, *see, e.g.*, *Bonded Life Fund, LLC*, 2014 WL 1329234, at *3 (concluding that "a sanction in excess of $30,000 is unnecessary to achieve deterrence in this case" and imposing "a sanction of $20,000, slightly less than two-thirds the amount in fees defendant incurred in defending this action"). Moreover, because the Court's sanctions award was limited, by its terms, to the "fees and costs incurred . . . in bringing and defending [the] *motion for sanctions*," *Sibanda*, 2024 WL 3835220, at *6 (emphasis added), the Court declines to award additional fees incurred in preparing the fee application itself.

With respect to the Skydance Defendants' motion, applying the thirty percent discount yields a total of $9,712.50, and with respect to Lin's motions, applying counsel's discounted rates and, then, applying the thirty percent discount, yields a total of $3,953.25, equaling a total of $13,665.75. Accordingly, and for the foregoing reasons, Sibanda is hereby ORDERED to pay $13,665.75 in sanctions to Defendants **within thirty days of the date of this Memorandum Opinion and Order**. The Clerk of Court is directed to terminate ECF No. 140.

SO ORDERED.

Dated: October 31, 2024
      New York, New York

                                           JESSE M. FURMAN
                                        United States District Judge