## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,　　　　　　　　　　　　　　　PO Box 714  Livingston, NJ 07039
DC 20009　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: 862-250-9684
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: ksibanda@temple.edu



*Nemo me impune lacessit*

December 9, 2024

**Plaintiff's Opposition To Compel Payment Of Sanctions While Appeal Is Pending**

Hon. Judge Jesse M. Furman,

As a preliminary matter, the court was clear that no more pleadings were to be placed on 1:23-cv-05752 (JMF), and yet defendant's attorney Labate has done just that, violating a standing Order:

MEMO ENDORSEMENT on re: (58 in 1:24-cv-06310-JMF, 152 in 1:23-cv-05752-JMF) Letter, filed by Kissinger N Sibanda. ENDORSEMENT: The Court certainly encourages open lines of communication between the parties, including about settlement. But to the extend that this letter and Plaintiff's prior letter, see ECF No. 55, can be construed to request an order mandating that Defendants respond to Plaintiff's settlement demand, the request is DENIED. Additionally, whereas litigation in 23-CV-5752 is complete (with the exception of the Court's pending ruling on Defendants' fees application), **all future filings regarding this dispute should be made in 23-CV-6310 only**. SO ORDERED. (Signed by Judge Jesse M. Furman on 9/26/2024) Filed In Associated Cases: 1:23-cv-05752-JMF, 1:24-cv-06310-JMF (tg) (Entered: 09/27/2024).

(Emphasis added)

ECF No. 153 ( 1:23-cv-05752 (JMF))

Judge Furman's Order was clear, stating, "all future filings regarding this dispute should be made in 23-cv-6310 **only**." Labate and Lin are in violation of that dictate; they neither spread their request or filed it solely on 1:24-cv-06310 (JMF), as directed by Judge Furman. Thus, defendants' request for judgment enforcement, is in itself sanctionable, as it violated a standing order, and as a lawyer who should know better (Labate's own words).

*

Regarding defendants' request for immediate judgment enforcement while appeal is

1

## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

| | |
|---|---|
| 1802 Vernon St NW PMB 558, DC 20009 | PO Box 714   Livingston, NJ 07039<br>Tel: 862-250-9684<br>Email: ksibanda@temple.edu |



pending, plaintiff respectfully asks the court to stay any obligation of payment while plaintiff's appeal is pending, *under its inherent power to manage its docket, and the caselaw*; because defendants will suffer no prejudice. The stay will allow the merits to determine the parties' positions[1].

Defendants do not address how, *U.S. v. New York City Bd. of Educ.*, 640 F. Supp. 2d 413, 416(E.D.N.Y. 2009), would be in their favor. However, if this court applies those factors, a stay is favorable for plaintiff:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected"). *Id.*

For *factor one*, if a stay is not placed, it will lead to plaintiff suffering irreparable damage because he will held in contempt[2]; for *factor two*, defendants will not suffer any injury if a stay is placed to their person or finances; for *factor three*, there is a likelihood that the sanctions may be reversed based on the prevailing law ( discussed extensively in past filings); and for *factor four*, it is not in the public interest to insist on execution of judgments in pending matters, when both trial and appeal issues are pending between parties. Accordingly, all factors would favor a stay in plaintiff's favor.

Thus, while Labate states the law in this area, he neither applied it or paid close attention to the facts before the court. A stay is not only judicious because a related matter, 1: 24-cv-06310

---

[1] The court has stated that it prefers resolution based on the merits when it lifted the default judgment against defendants. This is now a part of the law-of-the-case or horizontal stare decisis, affecting the court's decision making in this dispute.

[2] This is ultimately the invidious intention of defendants.

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,  
DC 20009

PO Box 714   Livingston, NJ 07039  
Tel: 862-250-9684  
Email: ksibanda@temple.edu



(JMF) is also pending; but ultimately the appeal undercuts any fairness in cornering plaintiff to pay sanctions which are under appeal, and which he clearly has no means by which to pay. Defendants are seeking to win their case, not by merits but by obfuscation and gamesmanship.

> ORDER Application GRANTED. Defendants' motions are timely given Rule 6. And even if they were not timely, the Court would grant an extension nunc pro tunc given that **"[s]trong public policy favors resolving disputes on the merits." State St. Bank & Tr. Co. v. Inversiones Errazuriz,Limitada, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002)** (internal quotation marks omitted) (citingcases). Accordingly, the Clerk of Court is directed to vacate and strike the certificate of defaultat ECF No. 75 and terminate ECF Nos. 86 and 87. SO ORDERED. (Signed by Judge Jesse M. Furman on 11/6/2024) (jjc) (Entered: 11/07/2024).

Emphasis added. ECF No. 157 (1:23-cv095752 (JMF)

And for this matter / these proceedings to deteriorate to sanctions payment proceedings; this is after defendants sought payment in excess of $25,000 based on false, questionable and unreasonable receipts (in itself sanctionable)[3].

Plaintiff respectfully requests that any obligation on plaintiff to pay be stayed until the appeal is decided; with no bond, as plaintiff has no means of paying such an amount. Furthermore, a stay is proper given the lack of candor addressed by the court when awarding defendants their sanctions amount.

Defendants should direct their energies in having the sanctions judgment upheld by the Second Circuit; not in ignoring plaintiff's pending appeal. Plaintiff will file his opposition to defendants' motion to dismiss, shortly – which notes defendants' sanctionable conclusions of law.

In conclusion, plaintiff requests leave to file a motion to stay judgment enforcement, if the

---

[3] The court had to reduce that amount.

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,  
DC 20009

PO Box 714  Livingston, NJ 07039  
Tel: 862-250-9684  
Email: ksibanda@temple.edu



court is inclined to see a motion under Federal Rule of Civil Procedure 62; however, plaintiff believes the issues are clear when applying *U.S. v. New York City Bd. of Educ.*, 640 F. Supp. 2d 413, 416(E.D.N.Y. 2009), to these facts. *Supra. Defendants have no legal right to start collecting their judgment given the pending appeal and the equities to be weighed. Id.*

Date: December 9th, 2024

Kissinger N. Sibanda Esq (SJD)

4