UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
KISSINGER N. SIBANDA,                                                  :
                                                                       :
                              Plaintiff,                               :
                                                                       :      23-CV-5752 (JMF)
                -v-                                                    :
                                                                       :      MEMORANDUM OPINION
DAVID ELISON et al.,                                                   :      AND ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is presumed, the Court entered an Opinion and Order on August 14, 2024, dismissing Plaintiff Kissinger N. Sibanda's First Amended Complaint and ordering him "to reimburse Defendants for their reasonable expenses, including attorney's fees, associated with their motions for Rule 11 Sanctions" against him. *See Sibanda v. Elison*, No. 23-CV-5752 (JMF), 2024 WL 3835220, at *6 (S.D.N.Y. Aug. 14, 2024) (ECF No. 130). Sibanda appealed that Order, *see* ECF No. 139, and moved to stay further proceedings in this Court pending his appeal, *see* ECF No. 148. The Court denied that request, *see* ECF No. 149, and, on October 31, 2024, ordered Sibanda "to pay $13,665.75 in sanctions to Defendants within thirty days," *Sibanda v. Elison*, No. 23-CV-5752 (JMF), 2024 WL 4635478, at *2 (S.D.N.Y. Oct. 31, 2024) (ECF No. 154). Before the Court now is Defendants' December 9, 2024 motion to compel Sibanda to remit payment as required by the Court's October 31, 2024 Order. *See* ECF No. 161. Sibanda opposes that motion and seeks a stay of the Court's October 31, 2024 Order pending his appeal. *See* ECF No. 162.[1] He has also moved for a stay in the Court of Appeals for the Second

---

[1] In his opposition, Sibanda contends that Defendants' filing of their motion on this docket is "sanctionable" in view of the Court's endorsement of September 27, 2024, that "all future

Circuit.  *See* ECF No. 164.[2]

In deciding whether to issue a stay pending appeal, a court must consider four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 4228754, at *1 (S.D.N.Y. July 22, 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  "The first two factors . . . are the most critical."  *Id.* (internal quotation marks omitted).  Ultimately, the issue "lies in the Court's discretion."  *De la Fuente v. DCI Telecomms., Inc.*, 269 F. Supp. 2d 237, 245 (S.D.N.Y. 2003).[3]

Applying these factors here, the Court declines to grant a stay.  Sibanda's conclusory statements that "there is a likelihood that the sanctions may be reversed based on the prevailing law (discussed extensively in past filings)" and, "if a stay is not placed, it will lead to plaintiff suffering irreparable damage because he will [be] held in contempt" do not satisfy his burden.  ECF No. 162, at 2.  Sibanda is unlikely to succeed on the merits of his appeal because his

---

filings regarding this dispute should be made in 23-CV-6310 only."  ECF No. 162, at 1 (quoting ECF No. 153).  The Court, however, specifically excepted Defendants' fees application, *see* ECF No. 153, to which Defendants' current motion pertains.  Accordingly, Sibanda's contention is without merit.

[2]     In light of Sibanda's motion for a stay filed with the Second Circuit, and his repeated requests for a stay in his opposition here, *see* ECF No. 162, at 2 ("plaintiff respectfully asks the court to stay any obligation of payment"); *id.* at 3 ("Plaintiff respectfully requests that any obligation on plaintiff to pay be stayed"), the Court construes that opposition to be an actual request for a stay pending appeal and not merely a "request[] [for] leave to file a motion to stay," *id.*; *see* Fed. R. App. P. 8(a)(1)(A) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]").

[3]     As the Court noted in its August 14, 2024 Opinion and Order, Sibanda is proceeding without counsel but is a lawyer himself.  *See Sibanda*, 2024 WL 3835220, at *2.  Accordingly, he is not entitled to the special solicitude normally afforded to *pro se* litigants.  *See id.*

2

underlying claim "was not supported by existing law, lacked evidentiary support, and was frivolous as a matter of both law and fact." *Sibanda*, 2024 WL 3835220, at *5. Sibanda can also avoid being held in contempt by complying with the Court's Order, and the resulting "[m]onetary loss . . . will . . . not amount to irreparable harm." *Chaney v. Vt. Bread Co.*, No. 21-CV-120 (WKS), 2024 WL 3648205, at *1 (D. Vt. Aug. 5, 2024) (quoting *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991)). The fourth factor also weighs against Sibanda, as there is a "strong public interest in . . . deterring detrimental conduct" by requiring compliance with the imposed sanctions. *Thompson v. Booth*, No. 16-CV-03477 (PMH), 2022 WL 1501041, at *4 (S.D.N.Y. May 12, 2022).

As three of the four relevant factors weigh against granting a stay, the Court DENIES Sibanda's request for a stay and GRANTS Defendants' motion to compel Sibanda's compliance with the Court's October 31, 2024 Order. Sibanda is thus ORDERED to pay Defendants $13,665.75 **within thirty days of the date of this Order** (unless, of course, the Second Circuit grants his pending motion for a stay before then). Sibanda should take note that, given his failure to make payment by the deadline originally imposed in the Court's earlier Order, failure to pay in this instance will likely result in his being held in civil contempt. *See Adams v. N.Y. State Educ. Dep't*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. 2013) (finding that civil contempt was warranted "in light of . . . repeated and intransigent failures to make any payment on the Sanction and in the interests of protecting the integrity of the Court's orders").

The Clerk of Court is directed to terminate ECF No. 161.

SO ORDERED.

Dated: December 11, 2024
      New York, New York

                                                 JESSE M. FURMAN
                                          United States District Judge