UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
KISSINGER N. SIBANDA,                                                   :
:
:
Plaintiff,                                :
:                   23-CV-5752 (JMF)
-v-                                      :
:                   MEMORANDUM OPINION
DAVID ELISON et al.,                                                    :                      AND ORDER
:
Defendants.                               :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In a Memorandum Opinion and Order entered two days ago, the Court granted Defendants' motion to compel Plaintiff Kissinger N. Sibanda to pay the sanctions that the Court had imposed — and ordered to be paid within thirty days — back in August.  *See* ECF No. 165.  In what has become an all-too-familiar pattern, Sibanda — a lawyer representing himself — immediately responded with another filing, this one seeking reconsideration "based on economic hardship and inability to pay."  ECF No. 167.  Whether Sibanda's motion is construed as a motion for reconsideration pursuant to Local Civil Rule 6.3, Rule 59 of the Federal Rules of Civil Procedure, or (as he indicates) Rule 60 of the Federal Rules of Civil Procedure, it is without merit and denied.

      To prevail on a motion for reconsideration, a movant must point to an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Nguyen v. MaxPoint Interactive, Inc.*, No. 15-CV-6880 (LTS), 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017) (quoting *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a second bite at the apple." *Cohen v. New York City Dep't of Educ.*, No. 19-CV-3863 (LTS) (SDA), 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021) (quoting *Analytical Surv., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). To the contrary, reconsideration is not warranted "[u]nless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995)).

Measured against these standards, Sibanda's motion falls short because it is both too little and too late. It is too little because Sibanda fails to identify any controlling decisions or data that the Court overlooked in its prior Orders. Moreover, even now, Sibanda fails to provide evidence to back up his conclusory assertion that he is unable to afford the sanctions imposed. *See, e.g.*, *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (stating that a party's "inability, due to poverty . . . to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt," but that "[t]he alleged contemnor bears the burden of producing evidence of his inability to comply" and "[c]onclusory statements are inadequate to carry this burden"). And Sibanda's motion is too late because he had ample opportunity before the Court imposed the sanction to raise his ability to pay as an issue and he failed to do so. Most notably, the Court gave Sibanda an opportunity to oppose Defendants' fee request. *See* ECF Nos. 130, 144. Sibanda filed a twenty-five-page submission opposing Defendants' request, yet nowhere in that submission did he raise his inability to pay as an issue. *See* ECF No. 150. That is all the more noteworthy because Defendants sought $23,120 in sanctions, almost twice as much as the Court ultimately awarded. *See* ECF No. 149, at 2, 4.[1]

---

[1] If anything, the Court has already been overly indulgent of Sibanda in this case. Per the Court's October 31, 2024 Opinion and Order, Sibanda was required to pay the sanctions no later

Accordingly, Sibanda's latest motion is DENIED as meritless.  That said, the Court encourages the parties to confer and agree upon a reasonable payment schedule.  If the parties are able to agree upon a reasonable payment schedule, they can and should file a letter motion seeking a modification of the Court's deadline to pay.

The Clerk of Court is directed to terminate ECF No. 167.

SO ORDERED.

Dated: December 13, 2024
       New York, New York

                                       JESSE M. FURMAN
                                   United States District Judge

---

than November 30, 2024.  He failed to do so.  Defendants could have sought to hold — and the Court could have held — Sibanda in contempt for failing to meet that deadline.  Instead, Defendants moved for an order to compel Sibanda to pay the sanction.  In granting that motion, the Court effectively granted Sibanda a one-and-a-half-month extension on his deadline to pay the sanction, a deadline that he himself never sought to extend.