## THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

| | |
|---|---|
| 1802 Vernon St NW PMB 558, DC 20009 | PO Box 714   Livingston, NJ 07039<br>Tel: 862-250-9684<br>Email: ksibanda@temple.edu |



*Nemo me impune lacessit*

December 13th, 2024

## Motion For Hearing:
## IFP Motion Directive FRom Second Circuit
Sibanda v. Elison et al 23-CV-5752 (JMF)

Hon. Judge Jesse M. Furman,

Given the recent directive from the second Circuit to determine plaintiff's IFP status plaintiff respectfully request a hearing as soon as can be calendared.

Equally concerning, the bench makes sweeping statements about the issues on appeal, ECF No. 165, without considering plaintiff's Form C and D. Attached here.

The issues on appeal, are based on ECF. No. 130, ECF. No 154, ECF. No. 157 and ECF No. 167, the underlying finding of bad faith in the rule 11, the bench's demonstrable bias, and the mistakes the court made regarding the Berne Treaty. Thus, the bench, is not in a position to start stating plaintiff's appeal lacks any merit, when it does not know the full extent of the appeal.

The bench has stated errors of fact that require some back and forth with parties. Plaintiff takes the position that the errors of fact on record, were largely the product of defendants' style of trial advocacy and *ad hominin* arguments, driven namely by defendant Ashlee Lin, who has been consistent with her motive to dismiss the Copyright Infringement claims, by *collateral attack*; prosecution of sanctions while this dispute is pending are consistent with the personal nature of her style of advocacy, as this harms plaintiff personally, not the case *per se*.

*Firstly*, the bench is wrong that the Appeal is unlikely to succeed, because the criminal conspiracy claim was "frivolous and without merit." ECF. No 165. Plaintiff is not appealing the

**THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC**
https://www.thelawofficesofkissingersibanda.com

| | |
|---|---|
| 1802 Vernon St NW PMB 558, DC 20009 | PO Box 714   Livingston, NJ 07039<br>Tel: 862-250-9684<br>Email: ksibanda@temple.edu |



dismissal of the criminal conspiracy claim, that would be a ridiculous undertaking or appeal. But plaintiff is <u>appealing the basis for the bad faith finding under Rule 11</u> and has submitted substantial caselaw from the second circuit in his support that filing <u>a second lawsuit in California, would have been duplicative</u>. Period. This is what plaintiff was talking about that "he has submitted substantial evidence," not what the bench interpreted it to mean. Contrast with, ECF. No <u>165</u>. No serious lawyer would appeal, the dismissal of a criminal statute in a civil matter! Let along, have a basis for such an appeal.

*Secondly*, regarding, *Liebowitz v. Bandshell Artist Mgmt.,* 6 F.4th 267 (2d Cir. 2021), it was based on inherent sanctions, but the instant matter was undertaken undertook under Federal Rule of Civil Procedure Rule <u>11</u>. Thus, *Liebowitz* is not operative as jurisprudence in this matter, merely informative. As a side note, plaintiff does not agree with what Liebowitz was trying to do and in that case, this bench was correct with some of its findings regarding his behaviour – but that solid conclusion required hearings.

*Finally*, plaintiff urges the bench to leave plaintiff's right to appeal, its basis alone and not interfere with plaintiff's right to address the bench's previous rulings, as this is a constitutional right he has. This matter has degenerated, to a nasty back and forth between the bench and plaintiff, on why the bench believe sits Orders should stick.

Restated, in case it is misquoted, Plaintiff is appealing the basis on which the sanctions were awarded against him, <u>the legal reasoning – not the dismissal of the criminal statute</u>, as an outcome. A different judge would have dismissed the criminal claim and moved on, without sanctions – is plaintiff's point.

THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

1802 Vernon St NW PMB 558,                                            PO Box 714   Livingston, NJ 07039
DC 20009                                                                              Tel: 862-250-9684
                                                                              Email: ksibanda@temple.edu



*Accordingly*, plaintiff requests a hearing. Failure to set a hearing, may result in a second recusal motion and other measures consistent with unfair adjudication and judges who have discriminated against a litigant before them, and who refused to afford a litigant equal treatment[1]. To date this bench has not set a single conference with parties, despite its many orders, bitterly attacking plaintiff's advocacy and intention. Plaintiff paid for his complaint to be docketed; for both cases – 1:23-05752 (JMF) and 1:06310 (JMF) and has a right to be heard in person to address these very serious allegations against him, in what ever context they arise, especially when factual mistakes permeate the Court's orders.

The bench is advised to take plaintiff's equal treatment concerns more seriously, than the dismissiveness it has shown, in the life of the dispute between parties. A conference, if anything, helps the court to engage parties. As the bench is aware, everything has both an oral and written aspect to it[2]. This matter cannot be adjudicated like a transactional legal matter, as it involves the need for real live testimony, in front of a judge who will observe body language relevant to motive.

---

[1] Equal treatment, in the sense that other litigants get conferences and that in general, the average judge given the very serious sanctions proceedings this court has undertaken would have required an evidentiary hearing to be satisfied that its sanctions are well deserved. Even the case cited by the bench, the *Liebowitz case*, required evidential hearings.
[2] In the context of plaintiff's Orthodox Judaism, the Torah is written, and the Mishna or Tanya was initially, Oral. But oral Jewish tradition, regarding the making of Tefillin (not the directive to make Tefillin) are not to be found in the Torah, itself. Plaintiff is very proud of his faith, as an Orthodox Jew, from a very long line of Orthodox African Jews, and does not treat evidential truth as subjective. Both parties have to be fair to each other, and the objective in any case is not to win by any means, but win, as if in the presence of G-D, from a Jewish perspective. Plaintiff will not accept abuses from any bench, including this one, inconsistent with his constitutional and human right to equal treatment.

# THE LAW OFFICE OF KISSINGER N. SIBANDA ESQ, PLLC
https://www.thelawofficesofkissingersibanda.com

| | |
|---|---|
| 1802 Vernon St NW PMB 558, <br> DC 20009 | PO Box 714   Livingston, NJ 07039 <br> Tel: 862-250-9684 <br> Email: ksibanda@temple.edu |



Date: December 13th, 2024

_[Signature]_

Kissinger N. Sibanda Esq (SJD)

/KNS/

Email: ksibanda@temple.edu

Earlier today, the Court terminated this motion as withdrawn.  See ECF No. 176.  That said, it is worth noting that this case is over.  Unless the parties agree to a payment plan with respect to the sanctions award, see ECF No. 171, in which case Defendants should file a letter with the Court, there is nothing further to be litigated in this case unless and until the Court of Appeals says otherwise.  Plaintiff should therefore direct any further arguments he may have in this case to the Court of Appeals and stop making submissions on this docket.  Failure to heed that warning may result in additional sanctions, including but not limited to a litigation bar.

SO ORDERED.

_[Signature]_

December 16, 2024